# K&L GATES

May 9, 2023

Hon. P. Kevin Castel
United States District Court Judge
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY  10007

Brian D Koosed
Partner
brian.koosed@klgates.com

T +1 202 778 9204
F +1 202 778 9100

Re: **<u>Sphere 3D Corp. v. Gryphon Digital Mining, Inc.</u>, 1:23-cv-02954-PKC**

Dear Judge Castel:

We are counsel to Defendant Gryphon Digital Mining, Inc. ("Gryphon") in the referenced action filed by Sphere 3D Corp. ("Sphere").  The parties are scheduled to appear for an initial pre-trial conference on June 2, 2023.  Pursuant to Rule 3(A) of Your Honor's Individual Practices, Gryphon respectfully requests a pre-motion conference on its anticipated motion to dismiss Counts II and III of Sphere's complaint ("Complaint"), pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).  The bases for Gryphon's proposed motion are as follows:

**I.      Background**

Gryphon is an industry-leading, net-carbon-neutral bitcoin mining company.  In 2021, in contemplation of a potential merger of the companies, Gryphon entered into a Master Services Agreement with Sphere, another digital asset mining company, pursuant to which Sphere agreed that Gryphon would be the exclusive provider of management services for Sphere's blockchain and cryptocurrency-related operations (the "Original MSA").  The contemplated merger was not to be, but Gryphon and Sphere amended the Original MSA in December 2021, agreeing on the terms for a robust, long-term business relationship (the "MSA").

In late 2022 into 2023, however, Sphere began to engage in conduct that is counter to the MSA.  For example, Sphere:  (i) entered into, or tried to enter into, business relationships with third party cryptocurrency service providers, in violation of the MSA's provision designating Gryphon as Sphere's exclusive provider of such services; (ii) created its own independent digital wallet to receive proceeds from its cryptocurrency mining operations, also in violation of the MSA; (iii) regularly withheld or failed to provide information necessary for Gryphon to provide management services as required by the MSA; and (iv) failed to pay Gryphon certain management fees owed under the MSA.

These breaches were further compounded by Sphere's January and February 2023 failures to detect a hostile threat actor in its IT systems.  Indeed, even though Sphere's CEO was included on "spoofing" emails from the threat actor, this actor was able to trick Gryphon (and, apparently,

Sphere's CEO) into transmitting bitcoin owed to Sphere directly to the threat actor instead. (Gryphon has since paid Sphere the value intended to be transferred; Gryphon has thus bore the loss for now.)

Because of these incidents, Gryphon's counsel wrote to Sphere's counsel in late March 2023 in an effort to encourage Sphere to remedy its breaches of the MSA, and to discuss its negligence in not detecting the threat actor. These efforts were unsuccessful so, on April 6, 2023, Gryphon's counsel made one last attempt to avoid litigation, sending a draft complaint to Sphere's counsel outlining Gryphon's claims against Sphere and requesting a response on April 7, 2023.

Rather than respond to Gryphon in any kind of productive way, Sphere essentially copied Gryphon's draft complaint and re-styled it as a complaint of its own against Gryphon. Sphere thereby filed its Complaint on April 7, just before Gryphon could file its complaint. As set forth below, Counts II and III of Sphere's Complaint should be dismissed with prejudice.

## II. Sphere's Breach of the Implied Covenant Claim Fails Under Rule 12(b)(6)

Count II of Sphere's Complaint—alleging that Gryphon purportedly breached the implied covenant of good faith and fair dealing in connection with the MSA (Compl. ¶¶ 58-64)—should be dismissed under Rule 12(b)(6) for three main reasons.

*First*, Sphere's implied covenant claim is duplicative of its breach of contract claim. *See, e.g., Cortazar v. Tomasino*, 150 A.D.3d 668, 670 (2d Dep't 2017) (finding implied covenant claim "must be dismissed if it is merely duplicative of a breach of contract cause of action"); *see also MP Cool Investments Ltd. v. Forkosh*, 142 A.D.3d 286, 293 (1st Dep't 2016) (dismissing implied covenant claim). Specifically, Sphere's breach of contract claim alleges that Gryphon "has materially breached the MSA . . . by failing to provide management services for blockchain and cryptocurrency-related operations . . . ." (Compl. ¶ 46). But Sphere's implied covenant claim alleges, at best, the very same thing: that Gryphon "materially breached its implied obligations" that "require[] Gryphon to provide management services for all of Sphere's blockchain and cryptocurrency-relation operations." (*Id.* at ¶¶ 62-63) The implied covenant claim is therefore duplicative. *See, e.g., Lamoureux v. Trustco Bank*, 592 F. Supp. 3d 14, 37 (N.D.N.Y. 2022) (noting courts dismiss implied covenant claims "where the plaintiff does not allege facts independent of or separate from those supporting the breach-of-contract claim").

*Second*, Sphere's implied covenant claim fails because the MSA sets an explicit standard— that Gryphon shall "perform the Services in a professional and workmanlike manner in accordance with generally recognized crypto-mining industry standards for similar services" (Compl., Ex. 1, p. 1)—which Sphere cannot use the implied covenant to alter. *See, e.g., King Penguin Opportunity Fund III, LLC v. Spectrum Grp. Mgmt. LLC*, 187 A.D.3d 688, 690-81 (1st Dep't 2020) ("The implied covenant may not be used to create new contractual obligations . . . .").

*Third*, Sphere's Complaint fails to allege any ***facts*** to support an implied covenant claim against Gryphon. For example, Sphere alleges, in conclusory fashion, that Gryphon has engaged in various failures of its duties under the MSA. (Compl. ¶ 30). Setting aside that these are, at best,

2

a breach of contract, not a breach of the implied covenant, the Complaint pleads no facts supporting any of these purported "examples."  Nor does the Complaint allege any facts demonstrating how this conduct purportedly "deprived [Sphere] of the benefit of its bargain."  *Northeast Wine Dev., LLC v. Service-Universal Distrib., Inc.*, 23 A.D.3d 890, 893 (3d Dep't 2005).

### III.     Sphere's Breach of Fiduciary Duty Claim Fails Under Rule 12(b)(6)

Count III of Sphere's Complaint—alleging that Gryphon purportedly breached unspecified fiduciary duties owed to Sphere in connection with the MSA—should be dismissed under Rule 12(b)(6).  "Generally, no fiduciary duties arise where parties deal at arm's length in conventional business transactions."  *Northern Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 104 (S.D.N.Y. 2013).  Further, the parties agreed to a considerably lower standard of care in the MSA than a fiduciary one—Gryphon shall "perform the Services in a professional and workmanlike manner in accordance with generally recognized crypto-mining industry standards for similar services." (Compl., Ex. 1, p. 1)

Finally, Sphere's allegation that fiduciary duties arose from "the unusual amount of trust placed in Gryphon by Sphere" (Compl. ¶ 67) is insufficient to plead the existence of a fiduciary duty.  *See In re Mid-Island Hosp., Inc.*, 276 F.3d 123, 130 (2d Cir. 2002) (noting parties dealing at arm's length are not in a situation "of confidence or trust sufficient to find the existence of a fiduciary relationship" and thus no fiduciary duty "will arise absent extraordinary circumstances"); *see also B & M Linen, Corp. v. Kannegiesser, USA, Corp.*, 679 F. Supp. 2d 474, 479 (S.D.N.Y. 2010) (same).  Sphere's fiduciary duty claim therefore fails.

### III.     Sphere's Claims Sounding in Fraud Fail Under Rule 9(b)

Finally, to the extent Sphere's claims are based on the allegation that Gryphon has been "skimming off the top" or "stealing" digital assets from Sphere, they should be dismissed because they fail to satisfy the heightened pleading standards of Rule 9(b).  Specifically, Sphere purports to allege—on "information and belief"—that Gryphon has "taken actions to conceal the breakdown of revenues and costs associated with Sphere's business as opposed to for Gryphon's own benefit," and has "refused to provide Sphere with documentation to verify that it is not using or otherwise taking Sphere's assets for its own account," ostensibly in an effort to prevent Sphere from learning that Gryphon "has been skimming off the top" or "stealing" Sphere's assets. (Compl. ¶¶ 4, 32).

Such allegations (which, for the avoidance of doubt, are baseless and untrue) sound in fraud.  As such, they are subject to Rule 9(b) and must be stated with particularity.  *See, e.g., Fernandez v. UBS AG*, 222 F. Supp. 3d 358, 387 (S.D.N.Y. 2016).  But despite the quite serious nature of Sphere's allegations, the Complaint nowhere pleads any *facts*—let alone particularized allegations of who, what, where, when or why that would satisfy Rule 9(b)—detailing any supposed scheme to "steal" digital assets from Sphere.  As such, Sphere's bare allegations fail to satisfy Rule 9(b) (or even Rule 8) and should be dismissed.  *See, e.g., Spira v. Curtin*, No. 97 CIV 2637 (TPG), 2001 WL 611386, at *3-4 (S.D.N.Y. June 5, 2001) (dismissing claims predicated on generalized allegations of fraud and misappropriation of assets for failure to satisfy Rule 9(b)).

**IV.     Conclusion and Proposed Briefing Schedule**

While not intended to be an exhaustive list and Gryphon respectfully reserves the right to raise additional grounds for dismissal, Gryphon believes that ample grounds exist for dismissing Counts II and III of Sphere's Complaint, with prejudice. Accordingly, Gryphon respectfully requests a pre-motion conference with the Court at a date and time convenient for the Court and the parties.

Finally, pursuant to Rule 3(A)(ii) of Your Honor's Individual Practices, Gryphon proposes filing its anticipated motion to dismiss Counts II and III of Sphere's Complaint within two (2) business days of the Court granting Gryphon permission to do so.[1] Gryphon proposes that the parties' briefing schedule follow the default rules set forth in Local Civil Rule 6.1(b), though Gryphon will of course abide by whatever schedule the Court orders.

We are available at the Court's convenience to discuss these matters further.

Respectfully submitted,

/s/  *Brian D. Koosed*

Brian D. Koosed

cc:     All Parties (*via Pacer*)

---

[1] Gryphon intends to simultaneously file with its proposed motion Gryphon's Answer to Count I of Sphere's Complaint and Gryphon's Counterclaims against Sphere, which are substantially similar to those previously shared with Sphere before Sphere raced to the courthouse.