UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPHERE 3D CORP., <br><br> *Plaintiff,* <br><br> -against- <br><br> GRYPHON DIGITAL MINING, INC., <br><br> *Defendant.* | No. 1:23-CV-02954 |

**STIPULATED CONFIDENTIALITY AGREEMENT**

**AND [PROPOSED] PROTECTIVE ORDER**

Plaintiff Sphere 3D Corp. ("Sphere" or "Plaintiff") and Defendant Gryphon Digital Mining, Inc. ("Gryphon" or "Defendant" and, collectively with Sphere, the "Parties" and each, a "Party"), by and through their undersigned counsel, hereby stipulate and agree, as follows:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Any Party or non-party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by any other reasonable means agreed to by the Parties.

3. As used herein:

    (a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, private or personal information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

    (b) "Producing Party" shall mean the Parties to this action and any non-parties producing documents, communications, or other information in connection with depositions, document production, subpoenas or otherwise.

    (c) "Receiving Party" shall mean the Parties to this action and/or any non-party receiving documents, communications, or other information in connection with depositions, document production, subpoenas or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything herein to

the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

   (a) personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

   (b) counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   (c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

   (d) persons who appear on the face of Confidential Information as an author, addressee, recipient, copyee/cc, bcc, or persons that counsel for either Party believes in good faith to have received the Confidential Information in the ordinary course of business;

   (e) the Court and court personnel;

   (f) any designated mediator chosen by the Parties;

  (g) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

  (h) trial and deposition witnesses in accordance with the terms of this order; and

  (i) any other person agreed to by the Producing Party.

6. All documents and other materials produced or exchanged in this litigation shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purpose.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement to comply with and be bound by its terms.  The agreement should be in the form of Exhibit A. Counsel for the Receiving Party obtaining the agreement shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any agreement signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately.

9. Should the need arise for any Party or non-party to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation

of evidence, such Party or non-party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Confidential Information.

10. A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

11.

    (a) A Party or non-party who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information, or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information shall file the document, pleading, brief, or memorandum in accordance with Rule 5 of Judge Castel's Individual Practices in Civil Cases.

    (b) In the event that the Party's or non-party's filing includes Confidential Information produced by a Producing Party that is a non-party, the filing Party shall so notify

    that Producing Party within twenty four (24) hours after the redacted filing by providing the Producing Party with a copy of the redacted filing as well as a version of the filing with the relevant Producing Party's Confidential Information unredacted.

  (c) If the Producing Party makes a timely motion to seal, and the motion is granted, the filing Party or non-party shall ensure that all documents (or, if directed by the court, portions of documents) that are the subject of the order to seal are filed in accordance with Rule 5 of Judge Castel's Individual Practices in Civil Cases. If the Producing Party's timely motion to seal is denied, then the Party or non-party making the filing shall take steps to replace the redacted filing with its corresponding unredacted version.

  (d) All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a party as comprising or containing Confidential Information shall identify such documents by the production number ascribed to them at the time of production.

12. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

13. Failure to designate a document as Confidential when it is initially produced shall not constitute a waiver of the right to later designate it or the information therein contained as confidential, but the receiving Party's disclosure of the document or its contents during such intervening time period shall not constitute a violation of this Stipulation.

14. The Parties agree that an inadvertent production or disclosure of any material that either Party claims to be protected by the attorney-client privilege, attorney work product doctrine, or any other privilege does not waive that privilege, to the extent allowed by law. Upon request, the Receiving Party of such material shall promptly return all such material as well as any copies thereof. Return of such material shall not constitute a waiver of the right to challenge the Party's claims with respect to the attorney-client privilege, attorney work product doctrine, or any other asserted privilege, to the extent allowed by law.

15. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

    (a) This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    (b) Pursuant to Federal Rule of Evidence 502(d), if a Producing Party at any time notifies any Receiving Party that the Producing Party disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity from disclosure, the disclosure shall not be deemed a waiver in this action or in any other proceeding, including in federal or state proceedings, of the applicable privilege or protection.

    (c) The Receiving Party shall, upon request, (i) refrain from disclosure of the inadvertently produced material and refrain from examining the materials, (ii) within three (3) business days, return to the Producing Party, sequester, or destroy

all copies and summaries of such documents, testimony, information, and/or things, and (iii) shall not use such items for any purpose except as set forth in subsections (d) and (e) herein, until further order of the Court. Within ten (10) business days of the Producing Party's request to return or destroy such documents, the Producing Party shall produce a privilege log with respect to the disclosed materials. The return or destruction of any documents claimed to be privileged shall not constitute an acknowledgement by the Receiving Party that the claimed documents or information are in fact privileged or entitled to protections of immunity.

(d) The return of any discovery material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information is not privileged; however, the Receiving Party cannot assert as a basis for the relief it seeks the fact or circumstance that the Producing Party produced such documents in this Action, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the produced material (or any portion thereof) that is the subject of such motion, except as an under seal filing. Allegedly privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status. If such a sealed filing is made or is being promptly prepared, the Receiving Party may also retain a copy of the document or information for this limited purpose until the Court has resolved such claim of privilege or immunity. The Producing Party must preserve the document or information until the claim is resolved.

(e) If any information, document, or thing has been offered at a deposition, or as a sealed exhibit to, or redacted part of, a dispositive motion or opposition to a

dispositive motion and the Producing Party claims that such information, document, or thing filed under seal or in redacted form was inadvertently produced and is protected by privilege or work-product immunity, all Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B), except that the Producing Party, within five (5) business days of the deposition or filing and service of the dispositive motion or opposition to dispositive motion, shall identify the inadvertently disclosed material and simultaneously produce to all Parties a privilege log specifically identifying the inadvertently disclosed material and a basis for the claim of privilege or work-product immunity. Promptly after the production of such a log, the Producing and Receiving Parties must conduct a meet-and-confer to try to resolve the issue. If, after the Parties meet and confer, they cannot reach agreement, the Receiving Party shall, within five (5) business days of the meet and confer, present the dispute to the Court by means of a motion for protective order pursuant to Rule 26(c) or otherwise. Any portion of the deposition transcript discussing or reflecting the inadvertently disclosed material shall be deemed Confidential Information until the claim of privilege or immunity is resolved.

(f) Nothing in this Stipulation shall alter or infringe on the right of counsel to instruct a deposition witness not to answer a question on the basis of privilege. Nothing in this Stipulation shall prevent the Producing Party from seeking immediate relief from the Court, including a protective order under Rule 26(c) where necessary to preserve the claimed privilege or work-product protection and prevent or limit further disclosure of the information, document, or thing pending resolution of the claim. If the inadvertently disclosed information, document, or thing has been

      submitted as part of a filed dispositive motion or opposition to a dispositive motion, any motion for a protective order under Rule 26(c) shall be fully briefed so that it may be heard by the Court before or simultaneously with the hearing on the relevant dispositive motion or opposition to dispositive motion.

    (g) Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    (h) For the avoidance of doubt, the provisions of Federal Rule of Evidence 502(b) do not apply.

16. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

17. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

18. This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

19. This Stipulation shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action.

20. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

21. This Stipulation is not intended to waive any objection or otherwise to preclude any Party or non-party from objecting to any discovery request believed to be improper, or from seeking an order sealing the record of this matter.

22. Nothing herein shall bar either Party or non-party from seeking heightened confidentiality protections regarding any material on the ground that the protections of this Stipulation are not sufficient to protect such material.

23. Nothing herein shall be construed to limit in any way a Party's use of its own material that has been designated confidential.

24. Within thirty (30) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within thirty (30) days of the final termination of this litigation that it has undertaken its best efforts to destroy such

physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain Confidential Information that exist on their servers and copies of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

25. If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

26. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

27. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

28. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential

   information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

**DONTZIN NAGY & FLEISSIG LLP**

*/s/ Gregory N. Wolfe*

Tibor L. Nagy, Jr.
Gregory N. Wolfe
Maxine Peskens
980 Madison Avenue
New York, NY 10075
Tel: 212-717-2900
tibor@dnfllp.com
greg@dnfllp.com
mpeskens@dnfllp.com
*Counsel for Sphere 3D Corp.*

**K&L GATES LLP**

Brian D. Koosed
1601 K Street, NW
Washington, D.C. 20006
Tel: 202-778-9000
brian.koosed@klgates.com

*Counsel for Defendant Gryphon Digital Mining, Inc.*

**SO ORDERED:**

Dated: _____, 2023

By: _____
Hon. P. Kevin Castel, District Court Judge

14