UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SPHERE 3D CORP.,

    *Plaintiff,*

-against-

GRYPHON DIGITAL MINING, INC.,

    *Defendant.*

No. 1:23-CV-02954

---

## ESI PLAN AND [PROPOSED] ORDER

Plaintiff Sphere 3D Corp. ("Sphere" or "Plaintiff") and Defendant Gryphon Digital Mining, Inc. ("Gryphon" or "Defendant" and, collectively with Sphere, the "Parties" and each, a "Party"), by and through their undersigned counsel, hereby stipulate and agree that the following ESI Plan and [Proposed] Order shall govern the preservation, collection and production of electronically stored information ("ESI") and documents in this action:

    1.    **Search Terms**. The parties will meet-and-confer in good faith regarding appropriate search terms and protocols. The parties shall meet-and-confer to resolve any disputes regarding the sufficiency of a producing party's search terms and protocols and, in the event such meet-and-confer is unable to resolve a dispute, reserve the right to seek relief from the Court.

    2.    **Format**.

        a.    The Parties agree that ESI will be produced to the requesting Party with searchable text, in an acceptable format. Acceptable formats are: native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or

1

extracted text files), and searchable PDF. Unless otherwise agreed to by the Parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, may be produced in native format. The Parties shall meet and confer to attempt to resolve any problems related to the imaging or formatting of produced documents.

b.  Each document image file shall be named with a unique Bates Number. Confidentiality designations, if needed or required, shall also be marked on each page of produced documents. Neither the Bates numbering nor the confidentiality designation shall cover, obliterate, or obscure any other information on the document. For native files, a placeholder TIFF image marked with the Bates number and confidentiality designation shall be produced. The native produced file shall be named to the corresponding Bates number. The confidentiality designation shall be included as a field in the DAT file.

c.  File names should not be more than twenty characters long or contain spaces.

d.  When a text-searchable image file is produced, the producing Party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

e.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

3.  **De-duplication**. The Parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian

2

information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

4. **Email Threading**. The Parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing Party will produce a less inclusive copy.

5. **Metadata Fields**. Parties shall produce the following non-privileged metadata fields: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value.

6. **Document Production**. Documents are to be produced on a portable hard drive or via a secure electronic file transfer system.

7. **Use of Documents**. When any document produced in accordance with this Stipulation is to be used in any hearing, deposition, or other proceeding, the production image of the document shall be the copy used, except for documents produced solely in native format.

8. The Parties may amend or modify any provision of this Stipulation by mutual written agreement.

9. The preceding constitutes the agreement reached between the Parties to certain matters concerning electronic discovery as of this date. Counsel certify that in connection with the preparation of this ESI Plan and [Proposed] Order they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

DONTZIN NAGY & FLEISSIG LLP

_____
Tibor L. Nagy, Jr.
Gregory N. Wolfe
Maxine Peskens
980 Madison Avenue
New York, NY 10075
Tel: 212-717-2900
tibor@dnfllp.com
greg@dnfllp.com
mpeskens@dnfllp.com
*Counsel for Sphere 3D Corp.*


K&L GATES LLP

_____
Brian D. Koosed
1601 K Street, NW
Washington, D.C. 20006
Tel: 202-778-9000
brian.koosed@klgates.com
*Counsel for Defendant Gryphon Digital Mining, Inc.*

**SO ORDERED:**

Dated: _____, 2023

By: _____
Hon. P. Kevin Castel, District Court Judge