**K&L GATES**

> *Gryphon shall file its motion within 7 days of this Order. Sphere may respond within 21 days of the filing of the motion and Gryphon may reply 10 days thereafter. SO ORDERED*
> */s/ Castel, USDJ*
> *8-9-23*

June 28, 2023

Hon. P. Kevin Castel
United States District Court Judge
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007

Brian D Koosed
Partner
brian.koosed@klgates.com

T +1 202 778 9204
F +1 202 778 9100

Re: **_Sphere 3D Corp. v. Gryphon Digital Mining, Inc._, 1:23-cv-02954-PKC**

Dear Judge Castel:

We are counsel to Defendant Gryphon Digital Mining, Inc. ("Gryphon") in the referenced action filed by Sphere 3D Corp. ("Sphere"). On June 15, 2023, Sphere filed its Amended Complaint (*see* ECF No. 20), pursuant to Your Honor's May 25, 2023 Order (ECF No. 16). No initial pre-trial conference is currently scheduled.

Because Sphere's Amended Complaint does not cure the deficiencies in Sphere's original Complaint, Gryphon again writes, pursuant to Rule 3(A) of Your Honor's Individual Practices, to respectfully request a pre-motion conference on, or leave to file, a motion to dismiss Counts II and III of Sphere's Amended Complaint. The bases for Gryphon's motion remain as follows:

## I. The Amended Complaint Does Not Cure the Deficiencies in Sphere's Claims

Gryphon will forgo repeating the background allegations set forth in its initial pre-motion letter (ECF No. 14), instead incorporating those allegations by reference herein. In that letter, Gryphon explained that Counts II and III of Sphere's original Complaint should be dismissed because Sphere failed to plead claims for breach of the implied covenant of good faith and fair dealing or breach of fiduciary duty under New York law. Sphere's Amended Complaint fares no better.

In particular, the Amended Complaint adds no well-pleaded allegations of fact in support of its attempted claims for breach of the implied covenant or breach of fiduciary duty. Rather, Sphere attempts to bolster its original Complaint by adding allegations that are either entirely conclusory, irrelevant to its claims against Gryphon,[1] or both. These allegations continue to fall short. As such, Gryphon's bases for dismissal of Counts II and III of Sphere's Amended Complaint

---

[1] For example, Sphere's allegations concerning Gryphon's anticipated merger with another firm and filings with the SEC in connection with the same (*see* Am. Compl. ¶¶ 12-14), as well as those concerning Gryphon's supposed "unwilling[ness]" to cure purported breaches of contract (*id.* at ¶¶ 75-77), have no bearing on Sphere's purported claims for breach of the implied covenant or breach of fiduciary duty.

K&L GATES LLP
1601 K STREET NW   WASHINGTON   DC 20006
T +1 202 778 9000   F +1 202 778 9100   klgates.com

remain largely the same as those set forth in Gryphon's May 9 letter. As it is clear that any attempted amendment is futile, those claims should now be dismissed with prejudice.

## II. Sphere's Breach of the Implied Covenant Claim Fails Under Rule 12(b)(6)

Count II of Sphere's Amended Complaint—alleging that Gryphon purportedly breached the implied covenant of good faith and fair dealing in connection with the parties' Master Services Agreement ("MSA") (Am. Compl. ¶¶ 84-90)—should still be dismissed under Rule 12(b)(6).

*First*, Sphere's implied covenant claim remains duplicative of its breach of contract claim. *See, e.g.*, *Cortazar v. Tomasino*, 150 A.D.3d 668, 670 (2d Dep't 2017) (finding implied covenant claim "must be dismissed if it is merely duplicative of a breach of contract" claim); *MP Cool Invs. Ltd. v. Forkosh*, 142 A.D.3d 286, 293 (1st Dep't 2016) (dismissing implied covenant claim). Specifically, Sphere's breach of contract claim alleges that Gryphon "has materially breached the MSA . . . by," *inter alia*, "refusing to honor Sphere's written instructions to sell digital assets." (Am. Compl. ¶ 82) Sphere's implied covenant claim alleges, at best, the very same thing: that Gryphon "materially breached its implied obligations" by "refusing to honor instructions to sell digital assets . . . ." (*Id.* at ¶ 89) Because the implied covenant claim is entirely duplicative of Sphere's claim for breach of contract, it should be dismissed. *See, e.g.*, *Brainbuilders LLC v. EmblemHealth, Inc.*, No. 21 Civ. 4627 (KPF), 2022 WL 3156179, at *8 (S.D.N.Y. Aug. 8, 2022) (dismissing claim for breach of the implied covenant as duplicative where it "re-alleged and incorporated by reference" the very same allegations predicating breach of contract claim).[2]

Sphere's superficial attempt to cure this deficiency by purporting to plead its implied covenant claim "in the alternative" does not militate a different result. *See Gravier Prods., Inv. v. Amazon Content Servs., LLC*, No. 19 Civ. 1169 (DLC), 2019 WL 345663 (S.D.N.Y. July 31, 2019) (rejecting argument that breach of implied covenant claim should survive as "alternative" pleading where it was "entirely redundant" of breach of contract claims). Neither the original Complaint nor the Amended Complaint plausibly alleges that the MSA is so "confusing and ambiguous" such that Sphere should be permitted to maintain a duplicative claim for breach of the implied covenant, as this Court permitted in *Claridge v. N. Am. Power & Gas, LLC* (cited by Sphere in its May 15 response letter (ECF No. 15)). 2015 WL 5155934, at *4-5 (S.D.N.Y. Sept. 2, 2015); *see also Vitamin Realty Assocs. LLC v. Time Record Storage, LLC*, 193 A.3d3d 491 (1st Dep't 2021) (also cited by Sphere and allowing the plaintiff to maintain "arguably duplicative" claims where multiple agreements concerning the same transaction, when read together, were ambiguous). Here, Sphere's claims for breach of contract and breach of the implied covenant are both based on a single agreement, *i.e.*, the MSA, which is not alleged to be confusing or ambiguous (and indeed, is a short, three-page document negotiated by the parties). Sphere's implied covenant claim is therefore duplicative and should be dismissed with prejudice.

---

[2] Further, both claims incorporate, and are based upon, the exact same allegations (*id.* at ¶¶ 78, 84), reflecting that the Amended Complaint is a shotgun pleading. *See Cissé v. Annucci*, 2022 WL 1183274, at *2 (N.D.N.Y. Apr. 21, 2022) ("[c]ourts in this Circuit and elsewhere have routinely dismissed shotgun pleadings" where each count incorporates each preceding paragraph, rendering the complaint confusing).

*Second*, Sphere's implied covenant claim fails because the MSA sets an explicit standard—that Gryphon shall "perform the Services in a professional and workmanlike manner in accordance with generally recognized crypto-mining industry standards for similar services" (Am. Compl., Ex. 1, p. 1)—which Sphere cannot avoid or circumvent via an implied covenant claim. *See King Penguin Opportunity Fund III, LLC v. Spectrum Grp. Mgmt. LLC*, 187 A.D.3d 688, 690-91 (1st Dep't 2020) ("The implied covenant may not be used to create new contractual obligations"). To the extent Sphere alleges Gryphon has not satisfied this standard, such allegations amount to (if anything) a claim for breach of the MSA—not a breach of any implied covenant.

*Third*, Sphere's Amended Complaint again fails to allege any independent *facts* to support an implied covenant claim against Gryphon. For example, Sphere alleges, in conclusory fashion, that Gryphon has failed in its duties under the MSA. (Am. Compl. ¶ 33-37) Setting aside that these allegations may be characterized, at best, as alleged breaches of contract, not a breach of the implied covenant, the Amended Complaint pleads no facts demonstrating how this conduct purportedly "deprived [Sphere] of the benefit of its bargain." *Northeast Wine Dev., LLC v. Service-Universal Distrib., Inc.*, 23 A.D.3d 890, 893 (3d Dep't 2005).

### III. Sphere's Breach of Fiduciary Duty Claim Fails Under Rule 12(b)(6)

Count III of Sphere's Amended Complaint—alleging Gryphon purportedly breached unspecified fiduciary duties owed to Sphere in connection with the MSA—should also still be dismissed under Rule 12(b)(6). "Generally, no fiduciary duties arise where parties deal at arm's length in conventional business transactions." *Northern Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F. Supp. 2d 94, 104 (S.D.N.Y. 2013).

Sphere and Gryphon, as sophisticated parties, entered into the MSA in anticipation of a merger that never came to fruition. Now, Sphere attempts to retroactively concoct a fiduciary relationship based upon vague and conclusory allegations in its Amended Complaint of "trust and confidence." (*See* Am. Compl. ¶¶ 41-46, 93) But these allegations all ignore the fact that, to the extent Sphere placed any "trust" or "confidence" in Gryphon, *it did so based on negotiated terms arrived at between represented parties in a conventional, arm's length transaction—the MSA*. Further, the parties explicitly agreed to a considerably lower standard of care in the MSA than a fiduciary one—that Gryphon shall "perform the Services in a professional and workmanlike manner in accordance with generally recognized crypto-mining industry standards for similar services." (Am. Compl., Ex. 1, p. 1) The Court should decline Sphere's invitation to re-write the terms of its negotiated, arms-length agreement with Gryphon.

Contrary to Sphere's contention in its May 15 letter (*see* ECF No. 15 at 3), whether the Amended Complaint plausibly alleges a fiduciary relationship can be decided on a motion to dismiss. *See, e.g., Atlantis Info. Tech., GmbH v. CA, Inc.*, 485 F. Supp. 2d 244, 231-32 (E.D.N.Y. 2007) (granting motion to dismiss). Indeed, the court in *In re Refco Inc. Sec. Litig.*, relied upon by Sphere, expressly acknowledged as much. 2010 WL 11475742, at **19-20 (S.D.N.Y. Mar. 2, 2010) (noting that "allegations of a fiduciary relationship that are belied by a contract or clearly without support in the alleged facts can be rejected as a matter of law").

3

Here, the Amended Complaint alleges Gryphon's fiduciary duties are "inherent in nature," but does not allege Gryphon and Sphere agreed to enter into a fiduciary relationship. (*See* Am. Compl. ¶¶ 42-46). Nor does the MSA indicate or even suggest that Gryphon and Sphere (respectively identified in the MSA with the generic commercial terms of "Provider" and "Customer") entered into anything other than an arm's-length commercial transaction between sophisticated parties. (*See* Am. Compl., Ex. 1).

Moreover, the decisions previously relied upon by Sphere are distinguishable because the MSA does not empower Gryphon with unfettered discretion over Sphere, or its assets or equipment. *Cf. In re Refco*, 2010 WL 11475742 at *22 (alleging defendant "exercised discretion over the movement of . . . assets"); *Boston Consulting Grp, Inc. v. NCR Corp.*, 2020 WL 5731963, at *3 (S.D.N.Y. Sept. 24, 2020) ("explicit terms of the contract grant[ed] [defendant] significant influence over [plaintiff's] decision-making processes"); *Winklevoss Cap. Fund, LLC v. Shrem*, 351 F. Supp. 3d 710, 720 (S.D.N.Y. 2019) (defendant, as plaintiff's agent, had "discretionary control over" plaintiff's funds to purchase cryptocurrency on its behalf in varying amounts and at different venues). To the contrary, the services the parties agreed Gryphon would provide are described in the MSA in obligatory terms. (*See, e.g.*, Am. Compl., Ex. 1, at "Commercial Terms" section (providing that Gryphon "shall" provide certain services to Sphere)).

Finally, the Amended Complaint also fails to allege any extraordinary circumstances that could give rise to a fiduciary duty. *See In re Mid-Island Hosp., Inc.*, 276 F.3d 123, 130 (2d Cir. 2002) (noting no fiduciary duty from an arms' length relationship "will arise absent extraordinary circumstance"); *see also B & M Linen, Corp. v. Kannegiesser, USA, Corp.*, 679 F. Supp. 2d 474, 479 (S.D.N.Y. 2010) (same). Sphere's fiduciary duty claim therefore fails.

### III. Sphere's Claims Sounding in Fraud Fail Under Rule 9(b)

Finally, to the extent Sphere's claims continue to be based on the allegation that Gryphon has been "skimming off the top" or "stealing" digital assets from Sphere, they fail to satisfy the heightened pleading standards of Rule 9(b) for the reasons set forth in Gryphon's May 9 letter.

In attempting to resist application of Rule 9(b), Sphere cited in its prior letter (ECF No. 15) *In re Grumman Olson Indus., Inc.*, 329 B.R. 411 (Bankr. S.D.N.Y. 2005), for the proposition that Sphere's allegations that Gryphon has been "skimming off the top" and "stealing" money do not rise to the level of fraud. (ECF No. 15 at 6) But Sphere's reliance on *Grumman* is misplaced because, in holding that Rule 9(b) did not apply, the Court there found that the plaintiff did not allege the defendants "did anything secretly, concealed any information, or failed to disclose a material fact." 329 B.R. at 420. Here, by contrast, Sphere alleges both that Gryphon has been "stealing" its digital assets *and* that Gryphon has further "conceal[ed]" its alleged theft "by repeatedly refusing to provide Sphere with documentation," and "conceal[e]d the breakdown of revenues and costs associated with Sphere's business . . . ." (Am. Compl. ¶¶ 4, 38) As Sphere's own case law acknowledges, these allegations sound in fraud and therefore must be pleaded with the particularity required by Rule 9(b).

4

## IV. Conclusion and Proposed Briefing Schedule

For these reasons, Counts II and III of Sphere's Amended Complaint should be dismissed, with prejudice, notwithstanding Sphere's futile efforts to cure the deficiencies in those claims. Accordingly, Gryphon respectfully requests either leave to file its anticipated motion, or a pre-motion conference with the Court at a date and time convenient for the Court and the parties.

Finally, pursuant to Rule 3(A)(ii) of Your Honor's Individual Practices, Gryphon proposes filing its anticipated motion to dismiss Counts II and III of Sphere's Amended Complaint within three (3) business days of the Court granting Gryphon permission to do so.[3] Gryphon proposes that the parties' briefing schedule follow the default rules set forth in Local Civil Rule 6.1(b), though Gryphon will of course abide by whatever schedule the Court orders.

We remain available at the Court's convenience to discuss these matters further.

Respectfully submitted,

/s/ *Brian D. Koosed*

Brian D. Koosed

cc: All Parties (*via Pacer*)

---

[3] As before, Gryphon intends to simultaneously file with its proposed motion Gryphon's Answer to Count I of Sphere's Amended Complaint and Gryphon's Counterclaims against Sphere.