# Exhibit B

# K&L GATES

March 21, 2023

Steven L. Caponi, Esq.
steven.caponi@klgates.com

T 302-416-7080

**VIA ELECTRONIC MAIL**

Greg Wolfe, Esq.
Dontzin Nagy & Fleissig LLP
980 Madison Avenue
New York, NY 10075
greg@dnfllp.com

**Re: Master Services Agreement, dated August 19, 2021**

Dear Greg,

As you know, we represent Gryphon Digital Mining Inc. ("Gryphon") in relation to the above-captioned matter. It has come to our attention that your client, Sphere3d Inc. ("Sphere"), has entered into or, at a minimum, is attempting to enter into, business relationships with various third party cryptocurrency mining-related service providers for cryptocurrency-related services without the knowledge, involvement, authorization, and/or consent of Gryphon. Specifically, among other things, we understand that Sphere has engaged or attempted to engage in business relationships regarding its cryptocurrency-related operations with USBTC, Foundry, Lancium, and Luxor, among others (collectively, the "Third Party Service Providers").

Any such conduct, if true, is in direct violation of the Master Services Agreement ("MSA") dated August 19, 2021 by and between Sphere and Gryphon. Indeed, pursuant to the MSA, Sphere granted and agreed that Gryphon has the exclusive right and power to manage Sphere's cryptocurrency-related operations, including: exclusive control over any and all relevant digital asset wallets for storing digital assets; to select the mining pool and custodians of such digital assets; and to sell digital assets on Sphere's behalf, among other things. Any act by Sphere to circumvent the MSA—and, by extension, circumvent the Parties' agreement that Gryphon will exclusively manage Sphere's cryptocurrency-related operations—is a breach of the MSA.

Specifically, by way of example, Sphere's attempts to create independent business relationships with the Third Party Service Providers to provide services related to Sphere's cryptocurrency-related operations are a breach of the Exclusivity Provision of the MSA. Sphere's attempts to create a relationship with Luxor and Foundry related to their mining pools violates the Commercial Terms of the MSA and constitutes a breach thereof. Sphere's creation of its own Digital Wallet and its receipt of cryptocurrency mining proceeds from Luxor into that Digital Wallet violates the Exclusivity and Commercial Terms of the MSA. Likewise, any other payments made to Sphere

related to its cryptocurrency-related operations that occurred outside of a Gryphon-controlled Digital Wallet violates the Commercial Terms of the MSA and constitutes a breach of the MSA.

Gryphon is highly concerned by the unilateral actions of Sphere which, absent context and proper communication, appear to constitute a flagrant disregard for the terms of the MSA. While we understand Sphere may have provided Gryphon some limited information regarding its business dealings with select Third Party Service Providers, Sphere has not been transparent or forthcoming, and has not provided Gryphon any actual agreements entered into between Sphere and such Third Party Service Providers, whether written or oral, formal or informal, or otherwise, or any reconciliations of payments made between Sphere and any Third Party Service Providers. This, of course, raises additional concern over the nature of these relationships.

By close of business on March 22, 2023, Gryphon hereby demands that Sphere provide any and all documentation related to its efforts to create business relationships with the Third Party Service Providers (and any other similar digital asset-related service provider), including evidence of disclosure of the MSA to those Third Party Service Providers, if any. Gryphon expects that the information will be provided in a fulsome and transparent manner so as to reassure Gryphon that Sphere has taken no action that would constitute a breach of the MSA. To the extent Sphere has breached the MSA, Gryphon will not hesitate to invoke any and all legal rights and remedies available to it, including seeking to specifically enforce Sphere's obligations under the MSA and seeking to recover any and all attorney's fees and other legal costs incurred as a result of Sphere's misconduct.

We understand that you have already made Sphere aware of this issue; given the urgency, we assume you will notify Sphere of these further articulated concerns as described herein and revert without delay.

Very truly yours,

*/s/ Steven L. Caponi*

Steven L. Caponi, Esq.

cc: tibor@dnfllp.com

2

March 21, 2023