**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ X

SPHERE 3D CORP.,                                        :
                                                        :
     *Plaintiff and Counter-Defendant*,      :       Case No. 1:23-cv-02954
                                                        :
        v.                       :       The Hon. Judge P. Kevin Castel
                                                        :
GRYPHON DIGITAL MINING, INC.,                           :       Magistrate Judge Valerie Figueredo
                                                        :
     *Defendant and Counter-Plaintiff*,      :
                                                        :
------------------------------------------------------  :
                                                        :
GRYPHON DIGITAL MINING, INC.,                           :
                                                        :
     *Third-Party Plaintiff*                 :
                                                        :
        v.                       :
                                                        :
PATRICIA TROMPETER,                                     :
                                                        :
     *Third-Party Defendant*.                X

------------------------------------------------------

# DEFENDANT AND COUNTERCLAIM-PLAINTIFF GRYPHON DIGITAL MINING, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF <u>ITS PARTIAL MOTION TO DISMISS</u>

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 2

I.     THE MSA IS NOT AMBIGUOUS; SPHERE'S IMPLIED COVENANT CLAIM
       SHOULD THEREFORE BE DISMISSED AS DUPLICATIVE OF ITS
       BREACH OF CONTRACT CLAIM ........................................................................... 2

II.    SPHERE'S BREACH OF FIDUCIARY CLAIM FAILS BECAUSE THE
       PARTIES NEGOTIATED AT ARM'S LENGTH, AND MERE ASSERTIONS
       OF "TRUST" DO NOT SUFFICE FOR A FIDUCIARY RELATIONSHIP .................. 5

III.   SPHERE'S ALLEGATIONS OF THEFT AND CONCEALMENT FAIL TO
       SATISFY RULE 9(B)................................................................................................ 9

CONCLUSION....................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abercrombie v. Andrew Coll.*,
    438 F. Supp. 2d 243 (S.D.N.Y. 2006)...........................................................................6

*Alpha Cap. Anstalt v. Real Goods Solar, Inc.*,
    311 F. Supp. 3d 623 (S.D.N.Y. 2018)..........................................................................3

*Bos. Consulting Grp. Inc. v. NCR Corp.*,
    No. 19 Civ. 10156 (LGS), 2020 WL 5731963 (S.D.N.Y. Sep. 24, 2020)....................7

*Citigroup Mortg. Loan Tr. 2007-AMC3 v. Citigroup Glob. Mkts. Realty Corp.*,
    No. 13 Civ. 2843(GBD), 2014 WL 1329165 (S.D.N.Y. Mar. 31, 2014) .................9

*Claridge v. North Am. Power & Gas, LLC*,
    No. 15-cv-1261 (PKC), 2015 WL 5155934 (S.D.N.Y. Sept. 2, 2015).................4, 5

*Cruz v. FXDirectDealer, LLC*,
    720 F.3d 115 (2d Cir. 2013).........................................................................................2

*Demirovic v. Ortega*,
    No. 15 CV 327 (CLP), 2016 WL 11472745 (S.D.N.Y. Sept. 15, 2016) .................9

*JGB (Cayman) Newton, Ltd. v. Sellas Life Scis. Grp. Inc.*,
    No. 18cv3095(DLC), 2018 WL 5266877 (S.D.N.Y. Oct. 23, 2018).........................4

*Jinjit Ltd. v. Jovani Fashion, Ltd.*,
    No. 14-CV-2585 (DAB), 2016 WL 11618504 (S.D.N.Y. Mar. 30, 2016) .............4

*JN Contemp. Art LLC v. Phillips Auctioneers LLC*,
    507 F. Supp. 3d 490 (S.D.N.Y. 2020).........................................................................5

*Knopf v. Meister, Seelig & Fein, LLP*,
    No. 15cv5090(DLC), 2017 WL 1449511 (S.D.N.Y. Apr. 21, 2017) .......................3

*Meimaris v. Royce*,
    No. 18 Civ. 4363 (GBD) (BCM), 2019 WL 4673572 (S.D.N.Y. Sept. 25,
    2019) ...........................................................................................................................9

*In re Musicland Holding Corp.*,
    386 B.R. 428 (S.D.N.Y. 2008)....................................................................................4

*Osan Ltd. v. Accenture LLP*,
    454 F. Supp. 2d 46 (E.D.N.Y. 2006) ..........................................................................6

*Portal Instruments, Inc. v. LEO Pharma A/S*,
    No. 22 Civ. 09156 (JHR), 2023 WL 4640163 (S.D.N.Y. July 20, 2023)................................5

*In re Refco Inc. Securities Litigation*,
    2010 WL 11475742 (S.D.N.Y. Mar. 2, 2010) ..........................................................................6

*Taylor Bldg. Mgmt., Inc. v. Glob. Payments Direct, Inc.*,
    No. 6022624/07, 19 Misc.3d 1133(A), (1st Dep't Mar. 20, 2008)...........................................8

*Vitamin Realty Assocs. LLC v. Time Record Storage, LLC*,
    193 A.D.3d 491, 148 N.Y.S.3d 8 (1st Dep't 2021) ..................................................................5

*Wiener v. Lazard Freres & Co.*,
    241 A.D.2d 114, 672 N.Y.S.2d 8 (1st Dep't 1998) ..................................................................8

*Winklevoss Cap. Fund, LLC v. Shrem*,
    351 F. Supp. 3d 710 (S.D.N.Y. 2019)..................................................................................7, 8

**Other Authorities**

Rule 9(b) .........................................................................................................................................9

Gryphon[1] respectfully submits this reply memorandum in further support of its partial Motion to Dismiss the Amended Complaint of Sphere.

## PRELIMINARY STATEMENT

In its Opening Brief, Gryphon showed that Sphere's Amended Complaint failed to state a claim for either breach of the implied covenant of good faith and fair dealing, or for breach of fiduciary duty.  *See generally* Op. Br.

In response, after initially pleading that Gryphon's allegedly wrongful refusal to honor Sphere's instructions to sell digital assets was merely an "example" of Gryphon's "breach of its good faith obligations under the MSA" (*see* Am. Compl., ¶¶ 88-89), Sphere now confirms that this allegation constitutes the sole predicate for Sphere's implied covenant claim.  *See* ECF No. 34 ("Opp."), pp. 8-12.  Sphere then contends that the MSA is "ambiguous" and thus Sphere may plead its implied covenant claim in the alternative.  *See id.* at pp. 8-10.  Sphere similarly argues that these sophisticated parties' negotiation and execution of an arms-length contract—the MSA— nevertheless creates fiduciary duties for Gryphon owing to Sphere.  *See id.* at pp. 12-19.

As set forth below, Sphere's opposition is wrong in both instances.  Gryphon's motion should therefore be granted.  Sphere's implied covenant and fiduciary duty claims should be dismissed, with prejudice.

---

[1]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in Gryphon's Memorandum of Law in Support of its Partial Motion to Dismiss (ECF No. 25) (the "Op. Br.").

## ARGUMENT

**I.    The MSA Is Not Ambiguous; Sphere's Implied Covenant Claim Should Therefore Be Dismissed As Duplicative of Its Breach of Contract Claim**

Sphere now explicitly concedes that its implied covenant claim is predicated solely upon the allegation that Gryphon "has materially breached its implied obligations . . . [b]y refusing to honor instructions to sell digital assets," and is not based upon any other conduct alleged in the Amended Complaint. *See* Opp. at 11.  Moreover, Sphere does not dispute that this allegation renders its implied covenant claim entirely duplicative of its breach of contract claim, nor could it. Indeed, Sphere expressly bases its breach of contact claim on the ***very same*** alleged conduct, *i.e.*, that Gryphon "has materially breached the MSA . . . by . . . refusing to honor Sphere's written instructions to sell digital assets."  Am. Compl. ¶ 82.

"Under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract."  *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013) (internal quotation marks and citation omitted).  "New York law  . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based on the same facts, is also pled."  *Id.* (internal quotation marks and citation omitted).  "Therefore, when a complaint alleges both a breach of contract and a breach of the implied covenant . . . based on the same facts, the latter claim should be dismissed as redundant."  *Id.*  Because Sphere's purported claims are based on the same facts, its implied covenant claim should be dismissed.

Sphere argues that it may maintain its implied covenant claim because, according to Sphere, the MSA's Sale Provision is somehow ambiguous and, therefore, Sphere should be permitted to maintain parallel claims for breach of contract and breach of implied covenant.  *See* Opp. at 8-10.  This is wrong as a matter of law.

2

"Under New York law, courts determine whether the terms of a contract are ambiguous as a matter of law." *Knopf v. Meister, Seelig & Fein, LLP*, No. 15-CV-5090 (DLC), 2017 WL 1449511, at *6 (S.D.N.Y. Apr. 21, 2017) (citing *Law Debenture Tr. Co. v. Maverick Rube Corp.*, 595 F.3d 458, 465 (2d Cir. 2010)); *see also Alpha Cap. Anstalt v. Real Goods Solar, Inc.*, 311 F. Supp. 3d 623, 628 (S.D.N.Y. 2018) ("Whether a contractual term is ambiguous must be determined by the court as a matter of law, looking solely to the plain language used by the parties within the four corners of the contract to discern its meaning.") (internal quotations and citation omitted).

Here, the Sale Provision is not ambiguous as a matter of law. It clearly and unambiguously states that Sphere "shall provide written instructions to [Gryphon] with respect to all decisions to sell or hold Digital Assets." *See* Am. Compl., Ex. 1, at p. 3 (Commercial Terms). There is nothing confusing or ambiguous about this provision—Sphere provides Gryphon written instructions about decisions to sell or hold Digital Assets. And there is no actual dispute over the *meaning* of this provision; rather, Sphere complains about Gryphon's *performance* under it. *See* Am. Compl., ¶¶ 68-73; *see also* ECF No. 30 (Gryphon's Answer and Counterclaims), pp. 14-16, ¶¶ 68-73.

Specifically, Sphere complains about Gryphon's refusal to sell Sphere's Digital Assets under a specific circumstance: where doing so would leave Sphere unable to pay its debts as they become due, even though Gryphon is obligated, under the MSA, to pay those debts on Sphere's behalf, using the Digital Wallet established under the MSA where Sphere's Digital Assets are supposed to be held.[2] This is not ambiguous, nor does any allegation in the Complaint make it so.

---

[2]     To the extent that Sphere has additional revenue—as Sphere's recent financial statements suggest (*see* Gryphon's Counterclaims, ¶ 66 & Ex. G)—Gryphon is unable to confirm that revenue for purposes of paying Sphere's expenses (as Gryphon is required to do under the MSA), because Sphere has for whatever reason chosen to hide that revenue somewhere other than in the Digital Wallet that Gryphon established for Sphere pursuant to the MSA. That is, Gryphon has no visibility into that revenue. Nevertheless, Gryphon "shall pay directly from the Digital Wallet on behalf of [Sphere] all operating costs, inclusive of electricity and any profit share to hosts. *See* Am. Compl., Ex. 1, at p. 2 (Commercial Terms).

Gryphon's position—that it is not required to effectively extend Sphere a working capital loan where it otherwise does not have sufficient funds to pay its bills as they come due, and that Gryphon's conduct in this circumstance is not a breach of the MSA—does not in any way render the Sale Provision ambiguous. *See JGB (Cayman) Newton, Ltd. v. Sellas Life Scis. Grp. Inc.*, No. 18cv3095(DLC), 2018 WL 5266877, at *8 (S.D.N.Y. Oct. 23, 2018) ("The language of a contract is not made ambiguous simply because the parties urge different interpretations.") (internal quotation marks and citation omitted). Simply put, Sphere's allegation does not state an implied covenant claim based on an ambiguity in the MSA; rather, it alleges that Gryphon has breached the MSA under this specific circumstance (which, for the record, Gryphon has not).

Sphere further contends that the Sale Provision is ambiguous because it does not specifically identify "what should happen when Gryphon receives a written instruction from Sphere (*e.g.*, must it be followed, in what time frame, and so on) . . . ." Opp. at 9. But, again, the lack of such terms does not render the Sale Provision ambiguous. *See Jinjit Ltd. v. Jovani Fashion, Ltd.*, No. 14-CV-2585 (DAB), 2016 WL 11618504, at *5 (S.D.N.Y. Mar. 30, 2016) ("[c]ontractual silence on an issue does not in and of itself render the contract ambiguous"); *see also In re Musicland Holding Corp.*, 386 B.R. 428, 438 (S.D.N.Y. 2008) (finding that a "failure to include a specific contingency" in a contract "does not itself create an ambiguity" and holding that "courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing") (internal quotation marks and citation omitted).

The cases cited by Sphere are inapposite and do not support finding that the Sale Provision is ambiguous. In *Claridge v. North American Power & Gas, LLC*, this Court permitted the plaintiff to proceed on its claims for breach of contract and breach of implied covenant where the complaint

"plausibly allege[d] that the Agreement is confusing and ambiguous" because the agreement's language rendered it difficult to determine the actual "variable monthly rates" charged by the defendant.  No. 15-cv-1261 (PKC), 2015 WL 5155934, at *4-6 (S.D.N.Y. Sept. 2, 2015).  In *Vitamin Realty Associates LLC v. Time Record Storage, LLC*, the court allowed the plaintiff to maintain "arguably duplicative" breach of contract and breach of implied covenant claims where multiple agreements concerning the same transaction, when read together, created ambiguity as to the parties' express agreement.  193 A.D.3d 491, 491-92, 148 N.Y.S.3d 8, 9-10 (1st Dep't 2021).

Here, by contrast, the MSA's Sale Provision is not ambiguous, and the Complaint does not allege this.  It says Sphere provides written instructions to Gryphon regarding decisions to sell or hold Digital Assets.  Sphere's complaint—that Gryphon must sell Sphere's Digital Assets, even when doing so would leave Gryphon and Sphere unable to perform other mandatory acts required by the MSA, (i.e., to pay Sphere's debts as they became due) goes to whether Gryphon has breached the MSA's Sale Provision, not whether it is ambiguous or whether the implied covenant is implicated.  Because Sphere "cannot fashion a breach of the implied duty claim out of a meritless construction of the parties' agreement," its implied covenant claim should be dismissed.  *See JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 507 F. Supp. 3d 490, 506 (S.D.N.Y. 2020); *see also Portal Instruments, Inc. v. LEO Pharma A/S*, No. 22 Civ. 09156 (JHR), 2023 WL 4640163, at *3 (S.D.N.Y. July 20, 2023) ("[a]mbiguity does not exist where . . . 'one party's view strains the contract language beyond its reasonable and ordinary meaning'") (quoting *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 598 (2d Cir. 2005)).

## II.    Sphere's Breach of Fiduciary Claim Fails Because the Parties Negotiated at Arm's Length, and Mere Assertions of "Trust" Do Not Suffice for a Fiduciary Relationship

Despite its continued contentions otherwise, Sphere's breach of fiduciary duty claim fails as a matter of law because no fiduciary relationship exists between Gryphon and Sphere.

5

Initially, Sphere cites *In re Refco Inc. Securities Litigation* for the principle that "[a] claim for breach of fiduciary duty is likely to be fact-dependent and is an unlikely candidate for a motion to dismiss."  2010 WL 11475742, at *19 (S.D.N.Y. Mar. 2, 2010).  What Sphere overlooks, however, is that the Court there went on to note that "allegations of a fiduciary relationship that are belied by a contract or clearly without support in the alleged facts can be rejected ***as a matter of law***." *Id.* at *20 (emphasis added).  That is exactly the case here, and the Court can—and should—dismiss Sphere's breach of fiduciary claim now.

It is axiomatic that, under New York law, fiduciary relationships "do not arise between parties engaging in [arm's] length business transactions. . . ***especially those where the parties are each represented by counsel***."  *Abercrombie v. Andrew Coll.*, 438 F. Supp. 2d 243, 274 (S.D.N.Y. 2006) (emphasis added)*.*  Here, Sphere casts aside well-established New York law, nevertheless arguing that "Gryphon's fiduciary duties arise from the 'unusual trust' Sphere places in Gryphon." Opp. at 14-15.  But New York courts have repeatedly held that, "where parties deal at arms-length in a commercial transaction, no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances."  *Osan Ltd. v. Accenture LLP*, 454 F. Supp. 2d 46, 57 (E.D.N.Y. 2006) (quoting *Nat'l Westminster Bank, U.S.A. v. Ross*, 130 B.R. 656, 679 (S.D.N.Y. 1991)); *see also Abercrombie*, 438 F. Supp. 2d at 274 ("absent an allegation of a special relationship, mere assertions of trust and confidence are insufficient to support a claim of a fiduciary duty") (internal quotation marks and citations omitted).

Here, Sphere concedes as much (Opp. at 18), but then proceeds to blindly assert that the relationship between Sphere and Gryphon is "unconventional" and that "the 'more' is alleged." *Id.* at 19.  But, to the extent Sphere and Gryphon's relationship is "unconventional" (and Sphere has not pleaded how it is different from any number of management or services agreements that

6

exist commercially), such unconventionality arises out of the express MSA language that Sphere and Gryphon negotiated at arm's length and chose with their respective counsel.

Moreover, Sphere is hard-pressed to argue that the "more"—i.e., extraordinary circumstances—is sufficiently alleged. It is not. At best, Sphere merely lists a series of relationships that could create fiduciary duties alleging in conclusory fashion that Gryphon is, effectively, the "officer or trustee," "agent," "broker, investment advisor, and custodian" of Sphere. *Id.* at 13-14.

Irrespective of its laundry-list of conclusory allegations, Sphere relies on only two cases to support its contention that Gryphon owes fiduciary duties to Sphere. Both are inapposite.

*First*, Sphere cites to *Boston Consulting Group, Inc. v. NCR Corporation*, for the proposition that Gryphon effectively acted as an officer or trustee of Sphere. *See* Opp. p. 14 (citing *Bos. Consulting Grp. v. NCR Corp.*, No. 19 Civ. 10156 (LGS), 2020 WL 5731963, at *3 (S.D.N.Y. Sept. 24, 2020)). However, the contract in that case explicitly called for counterclaim defendant's to have "a 'seat at the table' with [counterclaim plaintiff's] Leadership Teams with a hands-on ability to appropriately influence key decisions and outcomes." *Bos. Consulting Grp.*, 2020 WL 5731963, at *3. And the counterclaim plaintiff there had explicitly pleaded that counterclaim defendants participated in the counterclaim plaintiff's "senior leadership meetings. . . to voice opinions on key decisions that extended beyond the initiatives it was directly working on." *Id.* Here, by contrast, the MSA provides no such executive role for Gryphon and, in fact, the Amended Complaint pleads none. *See* Am. Compl., ¶¶ 41-47.

*Second*, Sphere cites *Winklevoss Capital Fund, LLC v. Shrem* for the proposition that Gryphon is somehow acting as Sphere's agent. *See* Opp. at 14 (citing *Winklevoss Cap. Fund, LLC v. Shrem*, 351 F. Supp. 3d 710, 720 (S.D.N.Y. 2019)). But in that case, the plaintiff never engaged

in an arms' length business transaction with the defendant, nor was the plaintiff alleging a fiduciary relationship based on "trust in [defendant]…alone." 351 F. Supp. 3d at 720. Here, by contrast, Sphere effectively admits the parties engaged in an arms-length business transaction. *See* Opp. at 18-19.

Lastly, Sphere claims that a *lack* of a fiduciary duty disclaimer effectively supports the argument that such a fiduciary relationship exists between Sphere and Gryphon. *See* Opp. at 16 (arguing that "pointing to the MSA aids Sphere" as "[t]here is no fiduciary duty disclaimer or even any affirmative language inconsistent with the imposition of a fiduciary duty"). This assertion is absurd and turns New York law on its head by effectively presuming that an arms' length transaction does create a fiduciary relationship unless the parties expressly state otherwise. Not surprisingly, this is not the law in New York. *See, e.g.*, *Taylor Bldg. Mgmt., Inc. v. Glob. Payments Direct, Inc.*, No. 6022624/07, 19 Misc.3d 1133(A), at *7 (1st Dep't Mar. 20, 2008) (dismissing breach of fiduciary duty claim, despite the Service Agreement's lack of a fiduciary duty disclaimer, where "not only were [defendant's] actions in holding the reserve funds permitted by. . . the Service Agreement between the parties, but [plaintiff] fails to plead any facts to demonstrate the relationship between the parties was . . . not a straightforward business transaction").[3]

As Sphere fails to sufficiently allege anything beyond an arms-length business relationship with Gryphon, the Court should dismiss Sphere's breach of fiduciary duty claim.

---

[3]    Although the First Department did not discuss the disclaimer at issue in Taylor, it is clear from the docket that the contract at issue contained no fiduciary duty disclaimer. *See* Case No. 602264/07.

Further, the cases that Sphere cites for this point are inapposite. For example, in *Wiener v. Lazard Freres & Co.*, the First Department merely held that "[i]t is not mandatory that a fiduciary relationship be formalized in writing." 241 A.D.2d 114, 672 N.Y.S.2d 8 (1st Dep't 1998). This in no way speaks to what Sphere attempts to do with its fiduciary duty claim here—turn New York law on its head by ***presuming*** that the MSA creates a fiduciary relationship between Gryphon and Sphere, simply because the parties did not expressly disclaim otherwise.

### III.    Sphere's Allegations of Theft and Concealment Fail to Satisfy Rule 9(b)

Sphere contends Rule 9(b) does not apply because "the gravamen of Sphere's breach of contract claim is not Gryphon's theft, but Gryphon's persistent failure to provide management services consistent with the MSA."  Opp. at 20.  But, contrary to Sphere's unsupported assertion, allegations that a person has been "stealing" and "tak[ing] actions to conceal" such theft are not commonplace nonpayment or breach of contract allegations.  Rather, courts routinely hold that these kinds of allegations must meet the heightened pleading requirements of Rule 9(b).  *See, e.g.*, *Demirovic v. Ortega*, No. 15 CV 327 (CLP), 2016 WL 11472745, at *10 (S.D.N.Y. Sept. 15, 2016) (counterclaims for conversion and fraudulent concealment subject to Rule 9(b) where they rested on allegation that plaintiff "employed deceptive strategies to steal money from defendants").[4]

In an effort to salvage its "theft" claims, Sphere vaguely suggests that Gryphon "is holding Sphere's digital assets while refusing to sell them in accordance with Sphere's instructions" and "has even sold Sphere's digital assets and simply retained the proceeds . . . ."  Opp. at 21.  These allegations, however, appear to refer to conduct that forms the basis for Sphere's breach of contract claim, and are separate and apart from the allegation that Gryphon is "stealing," "skimming off the top," and "conceal[ing] the breakdown of revenues and costs."  In any event, the allegations do not come close to satisfying Rule 9(b).  *See Meimaris v. Royce*, No. 18 Civ. 4363 (GBD) (BCM), 2019 WL 4673572, at *6 (S.D.N.Y. Sept. 25, 2019) ("vague and conclusory allegations that a defendant committed theft . . . are insufficient to plead a cognizable claim, particularly under . . . Rule 9(b)").  Thus, Sphere's claims should be dismissed to the extent they are based on allegations of "theft" or "skimming off the top," which Sphere has now twice failed to plead with particularity.

---

[4]    *Citigroup Mortg. Loan Tr. 2007-AMC3 v. Citigroup Glob. Mkts. Realty Corp.*, cited by Sphere, is distinguishable because there is no indication that the plaintiff in that case alleged "theft" or "concealment" by the defendant.  *See* No. 13 Civ. 2843(GBD), 2014 WL 1329165 (S.D.N.Y. Mar. 31, 2014).

## CONCLUSION

For the foregoing reasons, Gryphon respectfully requests that the Court (1) dismiss Counts II and III of Sphere's Amended Complaint, with prejudice, (2) dismiss any claim purportedly based on the allegation that Gryphon "has been skimming off the top" or "stealing" the assets or money of Sphere, with prejudice, (3) award Gryphon its reasonable attorneys' fees associated with this motion pursuant to the prevailing party provision of the MSA (Am. Compl., Ex. 1, p. 3); and (4) grant Gryphon such other and further relief as the Court deems just and proper.

Dated:  September 18, 2023    **K&L GATES LLP**

By:    */s/ Brian D. Koosed*

Brian D. Koosed
1601 K Street, NW
Washington, D.C.  20006
Telephone: (202) 778-9204
E-mail:  brian.koosed@klgates.com

Desirée F. Moore (*pro hac vice* forthcoming)
Matthew A. Alvis (*pro hac vice* forthcoming)
**K&L GATES LLP**
70 West Madison Street
Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
E-mail:  desiree.moore@klgates.com
            matthew.alvis@klgates.com

*Counsel for Defendant and Counterclaim-Plaintiff
Gryphon Digital Mining, Inc.*

10