# DONTZIN NAGY & FLEISSIG LLP

31 E 62nd Street | New York, New York 10065 | (212) 717 - 2900

Gregory N. Wolfe
greg@dnfllp.com

**VIA ECF**

December 21, 2023

Hon. Kevin P. Castel
United States District Court Judge
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007

   Re: *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:23-cv-02954-PKC

Dear Judge Castel:

  We represent Plaintiff Sphere 3D Corp. ("Sphere"). We write pursuant to this Court's Individual Practices and the Court's recent order (Dkt. 54) to seek leave to move to dismiss Counts I, III, and IV of Gryphon's Third Amended Counterclaim (Dkt. 55). No conference is currently set before the Court.

  As to Counts III (Good Faith and Fair Dealing) and IV (Negligence), Sphere previously moved to dismiss those Counts for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Gryphon's Third Amended Counterclaim does not supplement or modify the allegations underlying Counts III and IV, those Counts should be dismissed for the reasons set forth in Sphere's now mooted motion to partially dismiss the Second Amended Counterclaim (*see* Dkt. 49).

  As to Count I (Breach of Contract), the Third Amended Counterclaim alleges that Sphere breached a Master Services Agreement between Sphere and Gryphon dated August 19, 2021 (the "MSA"), as subsequently amended on December 29, 2021, because it failed to perform a purported obligation to deliver 71,000 mining machines to non-party Core Scientific, Inc. ("Core"). *See* Dkt. 55 ¶¶ 109–14. That claim fails for two reasons.

  *First*, Count I fails to state a claim because Gryphon cannot point to any provision of the MSA—or of any other agreement between the parties—imposing such an obligation on Sphere, let alone one enforceable by Gryphon. It is axiomatic that, to state a claim for breach of contract, "the plaintiff must identify . . . a specific provision of the contract that was breached." *Clemmons v. Upfield US Inc.*, 2023 WL 2752454, at *8 (S.D.N.Y. Mar. 31, 2023) (Castel, J.) (internal quotation marks and alteration omitted); *see Woodhill Elec. v. Jeffrey Beamish, Inc.*, 73 A.D.3d 1421, 1422 (3d Dep't 2010) (affirming the dismissal of a contract claim because the "the complaint [did] not set forth the particular terms of the contract upon which [the] plaintiff's claim [was] based"). Because Gryphon has failed to do so, Count I should be dismissed.

  *Second*, Count I should also be dismissed because Gryphon has failed to plausibly allege that it suffered damages attributable to any purported breach. The Third Amended Counterclaim's conclusory assertion (at ¶ 115) that Gryphon was "directly damaged" by the purported breach fails to state a claim. *See Belfon v. Credit Check Total Consumerinfo.com, Inc.*, 2018 WL 4778906, at *7 (E.D.N.Y. Oct. 1, 2018) ("The conclusory declaration that [the plaintiff] suffered damages arising

from the defendant's breach of contract is plainly insufficient."); *Int'l Bus. Machines Corp. v. Dale*, 2011 WL 4012399, at *2 (S.D.N.Y. Sept. 9, 2011) ("[A]n allegation that defendant 'suffered damages' without particular facts as to how she was damaged does not satisfy *Twombly* and *Iqbal*.").

\*\*\*

Because Counts I, III, and IV fail to state a claim and thus should be dismissed, Sphere respectfully requests that it be granted leave to move to dismiss those Counts. In terms of scheduling, Sphere respectfully requests that its motion to dismiss be due January 5, 2024; that Gryphon's opposition be due February 2, 2024; and that Sphere's reply be due February 23, 2024. Gryphon has agreed to this schedule. *See* Dkt. 53.

We are available to discuss these issues at your Honor's convenience.

Respectfully submitted,

*/s/ Gregory N. Wolfe*