

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

January 3, 2024

**Via ECF**

Hon. P. Kevin Castel
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

    Re:    <u>*Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:23-cv-02954-PKC</u>

Dear Judge Castel:

    We represent Defendant Gryphon Digital Mining, Inc. ("Gryphon") in the above-captioned matter. Pursuant to this Court's Individual Practices and the Court's recent order (Dkt. 58), we write in response to Sphere's December 21, 2023 premotion letter (the "Sphere Letter") seeking leave to move to dismiss Counts I, III, and IV of Gryphon's Third Amended Counterclaims (the "Gryphon Counterclaims") (Dkt. 56). No conference is currently set before the Court.

    For the reasons set forth below, Sphere's anticipated arguments ignore both controlling authority and the allegations set forth in the Gryphon Counterclaims, all of which must be accepted as true for purposes of a motion to dismiss determination. Notwithstanding the foregoing, Gryphon respectfully requests that the Court grant leave to amend for the limited purpose of further clarifying the damages sought in connection with Count I.[1] Because the requested amendment will limit the arguments to be made in the motion to dismiss briefing, Gryphon is still prepared to move forward with the parties' agreed-upon briefing schedule, set forth in the Consent Letter submitted by the parties, dated December 22, 2023 (Dkt. 57).

    As to Counts III (Good Faith and Fair Dealing) and IV (Negligence), Sphere refers the Court to its "now mooted motion to partially dismiss the Second Amended Counterclaim," (*see* Sphere Letter at 1) and here advances no new arguments with respect to those claims. Accordingly, Gryphon will forgo repeating its arguments in opposition, which are set forth in Gryphon's September 7, 2023 letter to the Court (Dkt. 32).

    Sphere also intends to move to dismiss Count I (Breach of Contract) for (1) failure to state a claim and (2) failure to allege damages suffered by Gryphon. (*See* Sphere Letter at 1.) Both of Sphere's arguments fail under controlling authority and Gryphon therefore respectfully requests that this Court deny Sphere's request to move to dismiss Count I.

---

[1] A redline reflecting the anticipated amendments is attached here as Exhibit A.

      First, Sphere contends that "Gryphon cannot point to any provision of the MSA—or of any other agreement between the parties—imposing such an obligation on Sphere, let alone one enforceable by Gryphon." (*See* Sphere Letter at 1.) This is a blatant misstatement of Gryphon's counterclaims and the associated allegations supporting those claims. Gryphon in fact alleges that Sphere failed to deliver the 71,000 mining machines pursuant to Order #2 thereby breaching the obligation to do so, as delegated by the Sub-License Agreement. (*See, e.g.*, Gryphon Counterclaims Dkt. 55 ¶¶ 28-29.)

      Second, with respect to its argument that Gryphon has failed to plausibly allege that it suffered damages attributable to Sphere's breach of the MSA, Sphere argues only that the Third Amended Counterclaims do not identify "particular facts" showing how it was damaged. (*See* Sphere Letter at 1-2.) In an effort to avoid unnecessary briefing on the issue, Gryphon's anticipated amendments endeavor to further clarify the damages Gryphon suffered as a result of Sphere's failure to fulfill its obligations under the MSA. (*See* Ex. A ¶¶ 18, 115.)

Respectfully submitted,

*/s/ Dennis H. Tracey, III*
Dennis H. Tracey, III
Allegra M. Bianchini
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
dennis.tracey@hoganlovells.com
allegra.bianchini@hoganlovells.com

*Attorneys for Defendant*
*Gryphon Digital Mining, Inc.*