

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

January 23, 2024

**Via ECF**

The Honorable P. Kevin Castel, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:23-cv-02954-PKC

Dear Judge Castel:

      We represent Defendant Gryphon Digital Mining, Inc. ("Gryphon") in the above-captioned matter.  There are no conferences presently scheduled before the Court.

      Pursuant to Rule 3(A) of Your Honor's Individual Practices, Gryphon respectfully submits this pre-motion letter requesting permission to file a motion to lift the stay of discovery set forth in the Court's October 27, 2023 order (Dkt. 40; the "October 27, 2023 Order") on the ground that the issue is fully joined in the case, and the only pleadings motion that is expected to be filed in this matter is a partial motion that will not, even if granted, be dispositive of the case.  Under these circumstances, we would submit that it is appropriate and efficient for discovery to proceed at this time.

**Procedural Background**

      This action was commenced by Sphere 3D Corp. ("Sphere") on April 7, 2023, asserting claims against Gryphon arising out of a Master Services Agreement ("MSA") for mining digital currency. On September 20, 2023, Sphere filed its Second Amended Complaint.  *See* Dkt. 36.  On January 17, 2024, Gryphon filed its Answer and Fourth Amended Counterclaims.  *See* Dkt. 62.  Pursuant to this Court's order dated January 5, 2024 (Dkt. 61), Sphere is authorized to file a partial motion to dismiss the Fourth Amended Counterclaims on February 2, 2024.  Sphere's pre-motion letter seeking permission to file the motion stated that the motion will seek dismissal of Counts I, III and IV of the Fourth Amended Counterclaim, but will not seek dismissal of Count II, which alleges that Sphere breached the same MSA. *See* Dkt. 56.

      Thus, the current status of the matter is that the pleadings are complete with respect to Sphere's claims, and although Sphere will move to dismiss some counterclaims, it is undisputed that both parties' claims for breach of the MSA have been adequately pled and will remain in the case.

      As further background, in a scheduling order entered by the Court on October 27, 2023 with respect to an earlier request by Sphere to move for partial dismissal of Gryphon's First Amended Counterclaims, the Court ordered that discovery in this matter be stayed. *See* Dkt. 40.

**Discussion**

Given the current state of the pleadings, Gryphon respectfully submits that the stay of discovery should be lifted in order to allow the parties to proceed to discovery. There is no motion pending or contemplated that would be dispositive of all claims in this matter. Both Sphere's claim for breach of contract and Gryphon's counterclaim for breach of contract are fully pled and will not be challenged on any pleadings motion. Accordingly, those claims will proceed and require that the parties engage in discovery related to those claims. Gryphon submits that it is appropriate for discovery to proceed at this time.

Proceeding with discovery at this time will not cause any undue burden or duplication, and it will serve the interests of efficiency to proceed now. The parties will need to engage in discovery in any event in this matter. Moreover, even if Counts I, III and IV were to be dismissed, it would not materially change the scope of discovery. There is significant overlap between the discovery required for Count II of the Counterclaims, and the discovery required for Counts I, III and IV, which assert claims for breach of contract (Count I), breach of the covenant of good faith and fair dealing (Count III) and negligence (Count IV) arising out of the same MSA. Thus, no time or effort will be wasted by proceeding to discovery at this time. *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377 (VSB), 2022 WL 1639485, at *1 (S.D.N.Y. May 24, 2022) (denying defendants' motion to stay discovery pending resolution of their motion to dismiss where the discovery sought was "likely relevant to all claims, not only to the claims Defendants [sought] to have dismissed"); *see also Williston v. Eggleston*, 410 F. Supp. 2d 274, 278 (S.D.N.Y. 2006) (holding that a "stay [of discovery] is appropriate only when resolution of a preliminary matter may dispose of the *entire* case") (emphasis added).

We have requested a meet and confer with Sphere's counsel on this issue, and Sphere's counsel has declined to meet.

Gryphon therefore respectfully requests that this Court grant leave to Gryphon to file a motion to lift the discovery stay.

Respectfully submitted,

*/s/ Dennis H. Tracey, III*
Dennis H. Tracey, III
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
dennis.tracey@hoganlovells.com

*Attorney for Defendant*
*Gryphon Digital Mining, Inc.*

Enclosure

cc: All Counsel of Record (via ECF)