

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

March 14, 2024

**Via ECF**

The Honorable P. Kevin Castel, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

> Re:   *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:23-cv-02954-PKC

Dear Judge Castel:

      We represent Defendant Gryphon Digital Mining, Inc. ("Gryphon") in the above-captioned matter.  There are no conferences presently scheduled before the Court. Pursuant to Rule 3(A) of Your Honor's Individual Practices, Gryphon respectfully submits this pre-motion letter requesting permission to file a motion to lift the stay of discovery as set forth in the Court's October 27, 2023 order (Dkt. 40; the "October 27 Order"). Based on the Parties' discussions, Sphere also agrees that discovery should now proceed in this action. Should the Court agree and lift the discovery stay, the parties have conferred and jointly request that the Court enter their proposed Case Management Plan and Scheduling Order (the "Proposed Plan and Order") attached hereto as Exhibit A.  The parties have asked for a slightly extended period in which to complete fact discovery (to close on September 10, 2024) to accommodate the schedule of one of the main witnesses for Sphere. Sphere has reviewed this filing and agrees with the relief requested.

**Procedural Background**

      On January 23, 2024, Gryphon submitted a pre-motion letter requesting permission to file a motion to lift the discovery stay set forth in the Court's October 27 Order. *See* Dkt. 63.  On February 2, 2024, Sphere 3D Corp. ("Sphere") filed its partial motion to dismiss Counts I, III, and IV of Gryphon's Fourth Amended Counterclaims (the "Counterclaims"). *See* Dkt. 66.  On February 7, 2024, the Court denied Gryphon's request and declined to lift the discovery stay until the issues raised by Sphere's Motion to Dismiss were decided. *See* Dkt. 68.

      On February 15, 2024, Sphere and Gryphon agreed by stipulation to the voluntary dismissal of Counts I, III, and IV of Gryphon's Counterclaims with prejudice. *See* Dkt. 69. On the same day, this Court signed the order dismissing those claims. Dkt. 70. Thus, Sphere's pending motion to dismiss is now mooted, and Gryphon's remaining counterclaim is not subject to a motion to dismiss.

**Discussion**

      Given that no claim or counterclaim is subject to a dispositive motion, Gryphon respectfully submits that the discovery stay as set forth in the Court's October 27 Order should be lifted in order to allow the parties to proceed to full discovery. Gryphon therefore respectfully requests that this Court lift the discovery stay in this action and enter the parties' Proposed Plan and Order. With respect to the Proposed Plan and Order, Sphere has requested that the close of fact discovery occur

on September 10, 2024, which exceeds the standard 120-day period set by the Court for fact discovery to end as set forth in the Court's Model Plan and Order available on its website. The additional time-period is to accommodate the medical treatment schedule of one of Sphere's planned deponents and Gryphon does not object to the additional request for time.

Respectfully submitted,

*/s/ Dennis H. Tracey, III*
Dennis H. Tracey, III
Elizabeth Carter
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
dennis.tracey@hoganlovells.com
elizabeth.carter@hoganlovells.com

*Attorneys for Defendant*
*Gryphon Digital Mining, Inc.*

Enclosure

cc: All Counsel of Record (via ECF)