

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

April 1, 2024

Hon. P. Kevin Castel
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:    *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:23-cv-02954-PKC

Dear Judge Castel:

      We represent Gryphon Digital Mining, Inc. ("Gryphon") in the above-captioned matter. Gryphon respectfully submits this letter in reply to Sphere 3D Corp.'s ("Sphere") response (ECF No. 75) to Gryphon's premotion letter (ECF No. 74) requesting leave to file a motion seeking prejudgment attachment of the $10 million in equity proceeds recently received by Sphere pursuant to a settlement agreement with non-party Core Scientific Inc. (the "Core Equity Proceeds").

      In its response, Sphere argues that the statutory basis that Gryphon relies upon for seeking prejudgment attachment is no longer available because Sphere has since filed an application with the New York Secretary of State to do business in New York. As Sphere tells it, the company's mere act of filing an application to do business in New York, which it filed the <u>day after</u> Gryphon submitted its premotion letter, voids Gryphon's previously valid attachment motion under CPLR § 6201(1). The Court should reject Sphere's sham filing because binding New York authority establishes that a party cannot defeat a valid attachment effort by filing a belated application to do business in New York.

    **I.    Sphere's Application for Authority to do Business in New York is a Sham and Calculated to Defeat Gryphon's Forthcoming Attachment Motion**

      The timing of Sphere's application to do business in New York demonstrates that it is a sham and calculated to defeat Gryphon's forthcoming attachment motion. On March 25, 2024, Gryphon filed a premotion letter with the Court requesting permission to file a motion for prejudgment attachment. ECF No. 74. In the premotion letter, Gryphon made clear that it would be relying upon CPLR § 6201(1) as the statutory basis authorizing prejudgment attachment in this action. The very next day, Sphere file an application for authority to do business in New York. According to Sphere's filing for a license to do business in New York, the company came into existence in March of 2015, but has never before sought such a license.

    **II.    New York Courts Have Held in Similar Situations that a Foreign Corporation Cannot Defeat an Attachment Effort under CPLR § 6201(1) by the Mere Act of Filing an Application to do Business in the State**

      The Court should reject Sphere's sham filing because New York courts have held, in similar situations, that a foreign corporation's subsequent application to do business in the state does not void

a previously valid attachment effort under CPLR § 6201(1). In *Elton Leather Corp. v. First Gen. Res. Co.*, 138 A.D.2d 132 (1st Dep't 1988), the court ordered attachment on the basis of the defendant's financial disclosures to the U.S. Securities and Exchange Commission ("SEC"), which showed that the defendant was in "serious financial distress" because its liabilities exceeded its assets. *Id.* at 133.[1] The court held that a foreign corporation cannot void an attachment order issued under CPLR § 6201(1) by filing a post-attachment application to do business in New York where the foreign corporation's purpose is to defeat the attachment order. *Id. at* 137.

While *Elton Leather Corp.* rejected a foreign corporation's sham filing to business in the state after the court had issued an attachment order, the same rationale the court endorsed in *Elton Leather Corp.* supports rejection of Sphere's sham filing by this Court. In support of its decision, the *Elton Leather* court recognized that the legislative intent behind CPLR § 6201(1) was primarily concerned with protecting the security interest of the party moving for attachment. *Id.* at 771; *see also ITC Entertainment, Ltd. v. Nelson Film Partners,* 714 F.2d 217, 220 (2d Cir.1983) ("there is much more propriety in requiring a debtor, whose domicile is without the state, to give security for the debt, than one whose domicile is within.").

A line of cases that follow *Elton Leather Corp.* have also recognized that § 6201(1) is primarily intended to afford the moving party with security and that courts should emphasize substance over form when deciding whether the moving party meets the statutory requirements for prejudgment attachment. *Davila Pena v. Morgan*, 149 F. Supp. 2d 91, 95 (S.D.N.Y. 2001) (prejudgment attachment is appropriate where "[t]here appears…to be a strong need for security for the enforcement of any judgment he ultimately may obtain in light of defendant's out-of-state domicile, apparent lack of other assets in New York, and reticence on the question of where his assets are and whether they will remain there."); *see also Giorgio Morandi, Inc. v. Texport Corp.*, 697 F. Supp. 777, 778 (S.D.N.Y. 1988) ("A post-attachment application for authorization to do business in the state is an obvious attempt at circumventing the spirit and purpose of CPLR 6201(1).").

Grasping for straws, the single case that Sphere cites for its argument that Gryphon no longer has a basis to seek attachment under § 6201(1) is *Gov't Emps. Ins. Co. v. Grody*, No. 22CV06187KAMPK, 2023 WL 5979206 (E.D.N.Y. July 24, 2023), which concluded that a foreign corporation's post-motion filing for a certificate of authority defeated 6201(1) as an available basis. However, in reaching this result, *Grody* relied almost exclusively on *Brastex Corp. v. Allen Int'l, Inc.*, 702 F.2d 326 (2d Cir. 1983), which was expressly rejected in *Elton Leather Corp. Elton Leather Corp.*, 138 A.D.2d at 136 ("we reject [*Brastex*'s] holding, since, in our opinion, that Court misconstrued the Legislative intent concerning CPLR § 6201, subdivision 1"). The same analysis that led the *Elton Leather* court to reject the foreign corporation's devious attempt to circumvent the spirit and purpose of § 6201(1) applies here. Indeed, if a foreign corporation were allowed to defeat a valid attachment effort that relies upon § 6201(1) by seeking to qualify to do business in the state during the pendency of the motion, § 6201(1) would be rendered meaningless. This is not what the drafters could have had in mind when fashioning Article 62.

Gryphon's request to file a prejudgment motion to attach the Core Equity Proceeds is supported by **two undisputed facts** in this case. *First*, Sphere has admitted to entering into multiple agreements with third parties in violation of the parties' Master Services Agreement ("MSA"). *Second*, Sphere has admitted in public filings and in three separate court filings that it is near bankrupt and at risk of failing to meet its normal course obligations. The fact that Sphere has made a last-ditch attempt to defeat the statutory basis upon which Gryphon relies for its attachment motion does not obviate Gryphon's need for prejudgment security, which, as shown above, is the primary consideration underpinning CPLR § 6201(1).

---

[1] Like the foreign corporation in *Elton Leather Corp.*, Sphere has also admitted in its recent SEC disclosure filings that the company's financial condition is rapidly deteriorating.

Sphere's argument in its response that, despite its express admission that it is at risk of insolvency, it is somehow fully able to satisfy a $30 million judgment is not persuasive. Sphere has repeatedly relied on its own deteriorating financial condition. Indeed, in its complaint in a separate action filed by Sphere against Gryphon in this Court on March 19, 2024, Sphere admitted that it is in a "precarious financial position" and "on the verge of running out of cash on hand and that Sphere was at risk of missing its ordinary course obligations." *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.* Case No. 1:24-cv-02074-UA, ECF No. 1.

Further, Sphere's argument that Gryphon has somehow delayed seeking attachment is also not credible. As Sphere admits, the company only received the Core Equity Proceeds in late January of 2024. ECF No. 75, at 4. Before that, by Sphere's own telling, the company had no substantial assets to attach. *See* 2023 Annual Report at 35 (admitting that the company's current asset balance is made up almost exclusively of its $10 million recovery from Core).

It is beyond dispute that Sphere has almost no cash and has admitted it may have to file for bankruptcy based solely on its current needs for cash. Sphere is barely able to pay its current bills, much less a $30 million judgment.

### III. Conclusion

Accordingly, Gryphon respectfully requests leave to file a motion for prejudgment attachment pursuant to Fed. R. Civ. P. 64 and CPLR §§ 6201 and 6212 that will seek to attach the Core Equity Proceeds.

Respectfully submitted,

*/s/ Dennis H. Tracey, III*
Dennis H. Tracey, III
Elizabeth C. Carter
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
dennis.tracey@hoganlovells.com
elizabeth.carter@hoganlovells.com

*Attorneys for Defendant*
*Gryphon Digital Mining, Inc.*


Enclosure

cc: All Counsel of Record (via ECF)