**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SPHERE 3D CORP.,

*Plaintiff,*

v.

GRYPHON DIGITAL MINING, INC.,

*Defendant.*

Case No. 23-cv-02954 (PKC)

<u>**Jury Trial Demanded**</u>

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT SPHERE 3D CORP.'S ANSWER**
**TO THE FOURTH AMENDED COUNTERCLAIM**

Plaintiff Sphere 3D Corp. ("Sphere"), by and through its undersigned attorneys, answers the Fourth Amended Counterclaim ("FAC"), *see* Dkt. No 65, filed by defendant and counterclaim-plaintiff Gryphon Digital Management ("Gryphon").

Sphere denies each and every averment set forth in the FAC, except for those allegations expressly and specifically admitted below in this Answer.

**<u>INTRODUCTION</u>**[1]

1.      Sphere denies the allegations in this paragraph.

2.      Sphere admits the allegations in this paragraph.

3.      Sphere admits the allegations in this paragraph.

---

[1] To avoid confusion, Sphere uses the headings and subheadings used by Gryphon in the FAC where appropriate, but the headings and subheadings in the FAC are not allegations and, therefore, Sphere does not respond to them individually.  To the extent a response is required, any allegation in a heading or subheading is denied.

4.     Sphere admits the allegation in this paragraph that Sphere and Gryphon contract with hosting providers.  Sphere is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies the same.

5.     Sphere is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies the same.

6.     Sphere admits the allegations in this paragraph.

7.     Sphere states that the documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterizations of them.

8.     Sphere states that the documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterizations of them.

9.     Sphere admits the allegations in this paragraph.

10.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied, including without limitation because they do not accurately reflect the terms of the Sphere MSA, which speak for themselves.

11.     Sphere states that the document referenced in this paragraph is the best evidence of its contents and speaks for itself, and accordingly denies any characterizations of it.  Sphere otherwise admits that Gryphon has received a "negotiated and contractually agree upon-fee for its services" and denies the remaining allegations in this paragraph, including without limitation that the "Sphere MSA has been fruitful for both Parties," that "Sphere has benefitted from Gryphon's significant and unique experience, credibility, and expertise in cryptocurrency mining operations," and that the fee was "reasonable."

12.     The allegations in this paragraph go to Count I, which Gryphon has voluntarily dismissed.   Accordingly, no response is required.   To the extent a response is required, the allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, Sphere admits that Gryphon and Core entered into the Core MSA on or around September 12, 2021.  As far as what the Core MSA provided, Sphere states that the document is the best evidence of its contents and speaks for itself, and accordingly denies any characterizations of it.  Sphere otherwise denies the remaining allegations in this paragraph, including without limitation that the Sphere MSA somehow provided that Sphere's machines would be used to fulfill Order #2.

13.     The allegations in this paragraph go to Count I, which Gryphon has voluntarily dismissed.   Accordingly, no response is required.   To the extent a response is required, the allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, Sphere states that the documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterizations of them.  Sphere denies the remaining allegations in this paragraph, including without limitation that Gryphon successfully accomplished an assignment of rights in the MSA and Order #2 to Sphere.

14.     The allegations in this paragraph go to Count I, which Gryphon has voluntarily dismissed.   Accordingly, no response is required.   To the extent a response is required, the allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, Sphere states that the documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterizations of them.  Sphere denies the remaining

allegations in this paragraph, including without limitation that Sphere assumed any contractual obligation "to provide Core with the 71,000 machines contemplated by Order #2" or acknowledged the assumption of any such obligation.

15.     Sphere denies the allegations in this paragraph.

16.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

17.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

18.     The allegations in this paragraph go to Count I, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, the allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

19.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, the allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, Sphere admits that Gryphon transferred a material amount of Sphere's bitcoin to a third-party. Sphere otherwise denies the remaining allegations.

20.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed.  Accordingly, no response is required.  To the extent a response is required, the allegations are denied.

21.     Sphere admits the allegations in Paragraph 21.

## PARTIES

22.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, Sphere is without knowledge or information sufficient to form a belief as to Gryphon's current state of incorporation or principal place of business, and therefore denies the same.  Sphere otherwise denies the remaining allegations in this paragraph, including without limitation that Gryphon is an industry-leading net carbon neutral bitcoin miner.

23.     Sphere admits that it a Canadian corporation, that it is a publicly traded company whose shares trade on the NASDAQ, and that it is a cryptocurrency miner.  Sphere denies the remaining allegations in this paragraph.

## VENUE AND JURISDICTION

24.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the extent that this paragraph contains factual allegations that require a response, Sphere states that the document referenced in this paragraph is the best evidence of its contents and speaks for itself, and accordingly denies any characterizations of it.

25.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, Sphere states that the document referenced in this paragraph is the best evidence of its contents and speaks for itself, and accordingly denies any characterizations of it.

## **FACTUAL ALLEGATIONS**

### SPHERE'S BREACHES OF THE SPHERE MSA

26.     Sphere states that the documents referenced in Paragraph 26 are the best evidence of their contents and speak for themselves, and accordingly denies any characterizations of them. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the extent a response is required, Sphere denies the remaining allegations in this paragraph.

27.     The allegations in this paragraph go to Count I, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, the allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterizations of them. Sphere denies the remaining allegations in this paragraph, including without limitation, the allegation that the Sphere MSA provided Gryphon with access to Sphere's mining machines.

28.     The allegations in this paragraph go to Count I, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, the documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterizations of them. Sphere otherwise denies the remaining allegations in this paragraph, including without limitation the allegation that "the parties understood this to include the obligation to deliver the machines required by Order #2" and that Gryphon successfully accomplished an assignment of rights in the Core MSA and Order #2 to Sphere.

29.     The allegations in this paragraph go to Count I, which Gryphon has voluntarily dismissed.  Accordingly, no response is required.  To the extent a response is required, the allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

30.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, Sphere states that the document referenced in this paragraph is the best evidence of its contents and speaks for itself, and accordingly denies any characterizations of it.

31.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, Sphere states that the document referenced in this paragraph is the best evidence of its contents and speaks for itself, and accordingly denies any characterizations of it.

32.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, Sphere states that the document referenced in this paragraph is the best evidence of its contents and speaks for itself, and accordingly denies any characterizations of it.

33.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, Sphere states that the document referenced in this paragraph is the best evidence of its contents and speaks for itself, and accordingly denies any characterizations of it.

34.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

35.     Sphere denies the allegations in this paragraph.

36.     Sphere denies the allegations in this paragraph.

37.     Sphere admits that it entered into an agreement with hosting provider Compute North, but otherwise denies the allegations in this paragraph.

38.     The allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

39.     Sphere denies the allegations in this paragraph.

40.     Sphere admits the allegations in this paragraph.

41.     Sphere admits the allegations in this paragraph.

42.     Sphere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the allegations.

43.     The allegations in this paragraph contain a legal conclusion to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

44.     Sphere admits that it entered into an agreement with mining hosting provider USBTC and that USBTC managed prior Compute North hosting facilities but denies all other allegations in this paragraph.

45.     Sphere denies the allegations in this paragraph, including without limitation because Mr. Tierney was no longer Sphere's Director Corporate Development on March 8, 2023.

46. Sphere admits that Mr. Tolhurst contacted Kurt Kalbfleisch, Senior Vice President and CFO of Sphere, and that Mr. Tolhurst, in passing, inquired regarding Sphere's hosting needs and that Mr. Kalbfleisch indicated that he would speak to Sphere's CEO, but denies that Mr. Kalbfleisch stated he would "revert back."

47. Sphere denies the allegations in this paragraph.

48. Sphere states that the document referenced in this paragraph is the best evidence of its contents and speaks for itself, and accordingly denies any characterizations of it. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

49. Sphere denies the allegations in this paragraph.

50. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied, including without limitation the allegation that Sphere's auditor recommended that Sphere "attempt" to establish a mining pool account with Foundry.

51. Sphere admits Mr. Tolhurst emailed Mr. Kalbfleisch about hosting needs, but otherwise denies the allegations, including without limitation because Sphere later discussed hosting issues with Gryphon.

52. Sphere admits that it entered into an agreement with hosting provider Lancium but denies all other allegations in this paragraph.

53. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, Sphere states that the document referenced in this paragraph is the best evidence of its contents

and speaks for itself, and accordingly denies any characterizations of it. Sphere otherwise denies the allegations in this paragraph.

54.     Sphere states that the document referenced in this paragraph is the best evidence of its contents and speaks for itself, and accordingly denies any characterizations of it. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

55.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

56.     Sphere states that the document referenced in this paragraph is the best evidence of its contents and speaks for itself, and accordingly denies any characterizations of it. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

57.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied, including without limitation because nothing in the Sphere MSA required transfer of control of a digital wallet to Gryphon.

58.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

59.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

60.     Sphere states that the document referenced in this paragraph is the best evidence of its contents and speaks for itself, and accordingly denies any characterizations of it.   Sphere denies the remaining allegations in this paragraph, including without limitation that Sphere breached the Sphere MSA.

61.     Sphere admits that it did not provide the requested documentation.  Sphere denies the remaining allegations in this paragraph, including without limitation that it "remains in breach of the Sphere MSA."

62.     Sphere states that the documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterizations of them.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

63.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

64.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

65.     Sphere states that the document referenced in this paragraph is the best evidence of its contents and speaks for itself, and accordingly denies any characterization of it.  The remaining

allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

66. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, Sphere admits that it paid vendors directly. The remaining allegations are denied, including without limitation that Sphere breached the Sphere MSA.

67. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, Sphere admits that it did not authorize Rebel to provide Gryphon with authority to make changes concerning the designated addresses of mining pools and further states it paid Gryphon the requisite fees called for by the Sphere MSA that were derived from the relationship with Rebel. The remaining allegations are denied.

68. Sphere admits that "Sphere has on multiple occasions requested that Gryphon liquidate bitcoin held" for Sphere's benefit and that Gryphon refused to do so. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

69. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

70. The documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterizations of them. The allegations in this paragraph otherwise contain legal conclusions to which no response is required. To the

extent that this paragraph contains factual allegations that require a response, the allegations are denied.

THE DATA SECURITY INCIDENT

71.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, the allegations in this paragraph state legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, the allegations are denied.

72.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. The remaining allegations contain legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations that require a response, Sphere is without knowledge or information sufficient to form a belief as to the truth of the allegations that "Gryphon regularly provides information to Sphere that allows Sphere to understand the Net Operating Profit generated through its cryptocurrency mining operations as managed by Gryphon," that "Gryphon calculates the amount owned by Sphere and sends an invoice," and that "Gryphon has on several occasions transferred any remaining funds to Sphere by wire or, at Sphere's request, via a bitcoin transfer" because Sphere does not know whether Gryphon actually performed these actions (e.g., whether Gryphon provided accurate information or sent the amounts actually owed to Sphere) and Sphere therefore denies these allegations. Sphere denies the remaining allegations in this paragraph, including without limitation that the parties developed policies and procedures.

73.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere admits that Sphere has previously requested transfers of Bitcoin from Gryphon to Sphere via email

that includes the amount of cryptocurrency to be transferred and the public key address of its digital asset wallet. The remaining allegations contain legal conclusions to which no response is required. To the extent that this paragraph contains other factual allegations, the allegations are denied, including without limitation because there was no established course of dealing and there were numerous instances in which Gryphon refused to honor Sphere's written instructions with respect to the disposition of digital assets.

74. The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere denies the allegations, including without limitation because the allegations indicate a course of dealing that applies prospectively.

75. The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, the allegations are denied, including without limitation because there was no established protocol.

76. The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere states that the document referenced in this paragraph is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it. Sphere denies all remaining allegations, including without limitation that the parties had "typical practices."

77. The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere states that the document referenced in Paragraph 77 is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it. Sphere denies all remaining

allegations, including without limitation that the email appeared to reflect Mr. Kalbfleisch's email address.

78.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed.  Accordingly, no response is required.  To the extent a response is required, Sphere states that the document referenced in this paragraph is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it.   Sphere denies all remaining allegations, including without limitation that the email appeared to reflect Mr. Kalbfleisch's email address.

79.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed.  Accordingly, no response is required.  To the extent a response is required, Sphere states that the document referenced in this paragraph is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it.   Sphere denies all remaining allegations, including without limitation that Gryphon's actions were "consistent with established practice."

80.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed.  Accordingly, no response is required.  To the extent a response is required, Sphere admits that Gryphon sent a de minimis transaction to a wallet that did not belong to Sphere.  Sphere otherwise states that the document referenced in this paragraph is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it.  Sphere denies all remaining allegations, including without limitation that the email appeared to reflect Mr. Kalbfleisch's email address.

81.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed.  Accordingly, no response is required.  To the extent a response is required, Sphere

states that the document referenced in this paragraph is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it. Sphere denies all remaining allegations, including without limitation that copying Ms. Trompeter was "typical practice" and that the email appeared to reflect Mr. Kalbfleisch's email address.

82.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere admits that Gryphon sent 17.9999 bitcoin to a wallet that did not belong to Sphere. Sphere otherwise states that the documents referenced in this paragraph are the best evidence of their content and speak for themselves, and accordingly denies any characterization of them.

83.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere states that the documents referenced in this paragraph are the best evidence of their content and speak for themselves, and accordingly denies any characterization of them. Sphere denies all remaining allegations, including without limitation that the email appeared to reflect Mr. Kalbfleisch's email address.

84.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere states that the document referenced in this paragraph is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it. Sphere denies all remaining allegations, including without limitation that the email appeared to reflect Mr. Kalbfleisch's email address.

85. The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere admits that Gryphon transferred eight bitcoin to a wallet that did not belong to Sphere.

86. The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere admits that Gryphon transferred 26 bitcoin to a wallet that did not belong to Sphere via three separate bitcoin transactions. Sphere otherwise states that the document referenced in this paragraph is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it.

87. The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere states that the documents referenced in this paragraph are the best evidence of their content and speak for themselves, and accordingly denies any characterization of them. Sphere is without knowledge or information sufficient to form a belief as to the truth of the allegation about Gryphon's "examination" or what it "discovered" therefore denies the same. Sphere denies the remaining allegations in this paragraph, including without limitation that Mr. Kalbfleisch's email was compromised due to Sphere's failure to implement proper security and control over its computer systems and that the emails appeared to reflect Mr. Kalbfleisch's email address.

88. The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required Sphere states that the documents referenced in this paragraph are the best evidence of their content and speak for themselves, and accordingly denies any characterization of them. Sphere denies the remaining allegations in this paragraph, including without limitation that Ms. Trompeter was

"well-positioned to ascertain and detect her colleague's compromise, but apparently did not do so."

89. The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same, including without limitation because it does not know whether Gryphon performed an investigation or what it revealed.

90. The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required Sphere states that the documents referenced in this paragraph are the best evidence of their content and speak for themselves, and accordingly denies any characterization of them. Sphere denies the remaining allegations in this paragraph.

91. The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere admits that a call occurred between the parties, that Sphere's understanding of the purpose and scope of the call was that Gryphon would present its own findings, and that Sphere accordingly "did not put forward any expert on the call." Sphere otherwise denies the allegations in this paragraph.

92. The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere denies the allegations in this paragraph.

93.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere denies the allegations in this paragraph.

94.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere admits that "Gryphon transferred the U.S. dollar-equivalent value of twenty-six (26) bitcoin, approximately $560,215.53, from a digital wallet of Gryphon's to Sphere via wire transfer," that Gryphon reserved all rights in connection with the transfer—with Gryphon ultimately asserting it was entitled to the money—and that Sphere acknowledged receipt of the transfer. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent these allegations are factual allegations that require a response, the allegations are denied.

95.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere is without knowledge or information sufficient to form a belief as to their truth and again denies the same.

96.     The allegations in this paragraph go to Count IV, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere admits that Gryphon made payments to Sphere in U.S. dollars via wire transfer. With respect to the remaining allegations, Sphere is without knowledge or information sufficient to form a belief as to their truth—including without limitation with respect to whether Gryphon discontinued transfers of digital assets to Sphere—and denies the same.

97. The allegations in this paragraph go to Count V, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere states that the document referenced in this paragraph is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent these allegations are factual allegations that require a response, the allegations are denied.

98. The allegations in this paragraph go to Count V, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere states that the documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterization of it. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent these allegations are factual allegations that require a response, the allegations are denied.

99. The allegations in this paragraph go to Count V, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere admits that Ms. Trompeter republished the April 7, 2023 news release. The remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent these allegations are factual allegations that require a response, the allegations are denied.

100. The allegations in this paragraph go to Count V, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere denies the allegations in this paragraph.

101. The allegations in this paragraph go to Count V, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere

states that the documents referenced in this paragraph are the best evidence of their content and speak for themselves, and accordingly denies any characterization of them. Sphere otherwise denies the remaining allegations in this paragraph.

102. The allegations in this paragraph go to Count V, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere states that the documents referenced in this paragraph (e.g., the multiple requests) are the best evidence of their content and speak for themselves, and accordingly denies any characterization of them. Sphere otherwise denies the remaining allegations in this paragraph, including without limitation that Sphere's various pleadings are vague and generic.

103. The allegations in this paragraph go to Count V, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere states that the documents referenced in this paragraph are the best evidence of their content and speak for themselves, and accordingly denies any characterization of them. Sphere denies the remaining allegations in this paragraph, including without limitation that Sphere failed to respond substantively.

104. The allegations in this paragraph go to Count V, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, Sphere states that the documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterization of them.

105. The allegations in this paragraph go to Count V, which Gryphon has voluntarily dismissed. Accordingly, no response is required. To the extent a response is required, the allegations in this paragraph contain legal conclusions to which no response is required. To the

extent at this paragraph contains factual allegations that require a response, Sphere denies the allegations.

106.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent at this paragraph contains factual allegations that require a response, Sphere denies the allegations, including without limitation that Sphere's "purported termination [of the Sphere MSA] is wrongful and ineffective."

107.     This paragraph states legal conclusions to which no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

## COUNT I – BREACH OF THE SPHERE MSA

108.     Gryphon has voluntarily dismissed Count I and no response is required.  To the extent a response is required, Sphere incorporates and re-alleges its responses to Paragraphs 1 through 107 of the Fourth Amended Counterclaims as if fully set forth herein.

109.     Gryphon has voluntarily dismissed Count I and no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph, including without limitation because the Sphere MSA has been terminated.

110.     Gryphon has voluntarily dismissed Count I and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph, including without limitation because Sphere terminated the Sphere MSA.

111.     Gryphon has voluntarily dismissed Count I and no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

112.     Gryphon has voluntarily dismissed Count I and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is

required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

113.    Gryphon has voluntarily dismissed Count I and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

114.    Gryphon has voluntarily dismissed Count I and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

115.    Gryphon has voluntarily dismissed Count I and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

## COUNT II – BREACH OF THE SPHERE MSA

116.    Sphere incorporates and re-alleges its responses to Paragraphs 1 through 107 of the Fourth Amended Counterclaims as if fully set forth herein.

117.    Sphere denies the allegations in this paragraph, including without limitation because the Sphere MSA has been terminated.

118.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations that require a response, the allegations are denied, including without limitation because the Sphere MSA has been terminated.

119.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Sphere states that the document referenced in this paragraph is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it.

120.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Sphere states that the document referenced in this paragraph is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it.

121.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Sphere states that the document referenced in this paragraph is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it.

122.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Sphere states that the document referenced in this paragraph is the best evidence of its content and speaks for itself, and accordingly denies any characterization of it.

123.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

124.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

125.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

126.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

127.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

128.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

129.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

130.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

## COUNT III – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

131.     Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, Sphere incorporates and re-alleges its responses to Paragraphs 1 through 107 of the Fourth Amended Counterclaims as if fully set forth herein.

132.     Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph, including without limitation because the Sphere MSA has been terminated.

133.     Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

134.     Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is

required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

135.    Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

136.    Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph, including without limitation because the Sphere MSA has been terminated.

137.    Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

138.    Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

139.    Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

140.    Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

141.    Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

142.    Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is

required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

143.    Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

144.    Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

145.    Gryphon has voluntarily dismissed Count III and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

## COUNT IV – NEGLIGENCE

146.    Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, Sphere incorporates and re-alleges its responses to Paragraphs 1 through 107 of the Fourth Amended Counterclaims as if fully set forth herein.

147.    Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

148.     Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

149.     Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

150.     Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

151.     Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere admits that Gryphon transferred 26 bitcoin to a wallet that did not belong to Sphere and denies the remaining allegations in this paragraph.

152.     Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, Sphere states that the documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterizations of them.

153.     Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

154.     Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, Sphere states that the documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterizations of them.  Sphere denies the remaining allegations in this paragraph, including without limitation because it presupposes that Mr. Kalbfleisch's email was in fact compromised and that Ms. Trompeter reviewed the emails in question contemporaneously before Gryphon made the transfers to a wallet not owned by Sphere.

155.     Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, Sphere states that the documents referenced in this paragraph are the best evidence of their contents and speak for themselves, and accordingly denies any characterizations of them.  Sphere denies the remaining allegations in this paragraph, including without limitation because it presupposes that Ms. Trompeter reviewed the emails in question contemporaneously before Gryphon made the transfers to a wallet not owned by Sphere.

156.     Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

157.     Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere admits that Gryphon transferred 26 bitcoin to a wallet that did not belong to Sphere.  Sphere denies the allegations in this paragraph.

158.    Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, Sphere denies the allegations in this paragraph.

159.    Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

160.    Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

161.    Gryphon has voluntarily dismissed Count IV and no response is required.  To the extent a response is required, this paragraph states legal conclusions to which no response is required.  To the extent this paragraph contains factual allegations, Sphere denies the allegations in this paragraph.

## ANSWER TO GRYPHON'S PRAYER FOR RELIEF

Sphere denies that Gryphon is entitled to any of the relief requested in the FAC, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Sphere incorporated by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.  By asserting these defenses, Sphere does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.

Sphere reserved the right to assert any additional defenses in the event that discovery or further investigation reveals the existence of such defenses.

### First Affirmative Defense: Failure to State a Claim

Gryphon fails to state a claim upon which relief may be granted.

### Second Affirmative Defense: Gryphon's Breaches

Any breach by Sphere is excused by Gryphon's own material breaches.

### Third Affirmative Defense: Non-Material Breaches

Gryphon's claims are without merit, in whole or in part, because the alleged breaches by Sphere are not material.

### Fourth Affirmative Defense: Failure to Exercise Due Care

Gryphon's claims against Sphere are barred, in whole or in part, by Gryphon's failure to exercise due care or due diligence and/or failure to act reasonably to protect itself from, or to mitigate, any alleged damages.

### Fifth Affirmative Defense: Equitable Defenses

Gryphon's claims against Sphere are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, and/or ratification.

### Sixth Affirmative Defense: Unclean Hands

Gryphon's claims against Sphere are barred, in whole or in part, by the doctrine of unclean hands.

Dated:      April 5, 2024
            New York, NY


                          **DONTZIN NAGY & FLEISSIG LLP**

                          *Gregory N. Wolfe*
                          _____
                          Tibor L. Nagy, Jr.
                          Gregory N. Wolfe
                          Rahul Srinivas (pro hac vice forthcoming)
                          David Moosmann (pro hac vice forthcoming)
                          31 E 62nd Street
                          New York, NY 10065
                          Tel: 212-717-2900
                          tibor@dnfllp.com
                          greg@dnfllp.com
                          rsrinivas@dnfllp.com
                          dmoosmann@dnfllp.com


                          *Counsel for Sphere 3D Corp.*