UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SPHERE 3D CORP.,

                          Plaintiff,                          23-cv-2954 (PKC)

          -against-                                           ORDER


GRYPHON DIGITAL MINING,
INC.

                          Defendant.

--------------------------------------------------------------x


CASTEL, District Judge:

          On March 25, 2024, defendant in this action filed a pre-motion letter seeking to file

a motion for a pre-judgment attachment on its counterclaim pursuant to Rule 64, Fed. R. Civ. P.,

and N.Y. CPLR §§ 6201(1) and 6212.  (ECF 74.)  The attachment was premised upon the status of

plaintiff as "a foreign corporation not qualified to do business in the state [of New York]."  CPLR

§ 6201(1).  Because defendant was seeking to shorten the return date otherwise applicable under

the Local Civil Rules, it could have proceeded by a proposed order to show cause, which would

have obviated the need for a pre-motion letter.

          In the interim, plaintiff has registered to do business in New York and now argues

that N.Y. CPLR § 6201(1) no longer provides a basis for attachment.

          At least one New York court has held "that a foreign corporation, who simply files

a postattachment, preconfirmation application to do business, cannot, by that act alone, cause an

order of attachment to be vacated."  Elton Leather Corp. v. First General Resources Co., 138

A.D.2d 132 (1st Dep't 1988).  See Giorgio Morandi, Inc. v. Texport Corporation, 697 F. Supp.

-2-

777, 778 (S.D.N.Y. 1988) (Edelstein, J.).

In the case before me, no order of attachment has been entered.  Reading N.Y. CPLR § 6201(1) in light of New York caselaw, the Court concludes that the ground for attachment must exist at the time the Court enters an order of attachment.  This is consistent with the ruling in Government Employees Insurance Company v. Grody, 2023 WL 5979206, at *6 (E.D.N.Y. July 24, 2023), report and recommendation adopted, 2023 WL 6307340 (E.D.N.Y. Sept. 28, 2023), in which an order of attachment was denied where the registration to do business in New York was made after the filing of a motion for attachment but before the issuance of an order of attachment.

Because grounds for attachment do not presently exist, the Court declines to enter a schedule for the proposed motion to attach.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 8, 2024