

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

May 21, 2024

**Via ECF**

Hon. P. Kevin Castel
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

Re:     *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:23-cv-02954-PKC

Dear Judge Castel:

    We represent Gryphon Digital Mining, Inc. ("Gryphon") in the above-captioned case.  Pursuant to Fed. R. Civ. P 37(a), Local Rule 37.2, and Your Honor's Individual Practice Rule 3(B), Gryphon respectfully requests an informal, pre-motion discovery conference with the Court to resolve an ongoing discovery dispute between Gryphon and Sphere 3D Corp. ("Sphere") (together, the "Parties").

**I.      Background**

    On September 20, 2023, Sphere filed its Second Amended Complaint (the "Complaint"), which is the operative complaint in this action. *See* ECF No. 36.  In its Complaint, Sphere asserts claims against Gryphon for breach of the Master Services Agreement ("MSA") (Count I), breach of the implied covenant of good faith and fair dealing (Count II), and breach of fiduciary duty (Count III). 1/  Sphere's claims for breach of contract and breach of fiduciary duty are predicated, in part, on allegations that Gryphon's lack of internal controls, systems, and procedures contributed to Gryphon's personnel falling victim to a spoofing incident (the "Spoofing Incident") in late January 2023 whereby an external actor impersonated Sphere's chief financial officer and requested the transfer of 18 bitcoin from a Sphere wallet controlled by Gryphon. *See Id.* at ¶¶ 5-15, 48-62.  All of Sphere's allegations regarding the Spoofing Incident remain live in this action.

    On February 1, 2024, Gryphon filed its Amended Answer and Fourth Amended Counterclaims (the "Answer and Counterclaims"), which is the operative answer and counterclaims in this action. *See* ECF No. 65.  In its Answer and Counterclaims, Gryphon denied Sphere's allegations regarding the Spoofing Incident and asserted as an affirmative defense that any harm allegedly suffered by Sphere as a result of the Spoofing Incident was the consequence of Sphere's own deficient internal security and technology infrastructure, which allowed a third-party hostile threat actor to infiltrate Sphere's internal security systems, impersonate Sphere's chief financial officer, and induce Gryphon to send bitcoin that was intended to be sent to Sphere. *See, e.g.*, *Id.* at ¶¶ 5, 8-11, 51-54, 64, Affirmative Defenses at ¶¶ 1, 5, 8-9.

---

1/      Sphere voluntarily dismissed Count IV of the Complaint alleging a violation of New York's Anti-SLAPP statute. *See* ECF No. 47.

On March 25, 2024, Gryphon served its First Set of Requests for Production of Documents ("Gryphon's March 25 RFPs") on Sphere.  A true and correct copy of Gryphon's March 25 RFPs are attached hereto as **Exhibit A**.  In the March 25 RFPs, Gryphon requested documents concerning Sphere's own internal systems, controls, and technology security and infrastructure, as well as documents reflecting any attempts by Sphere to engage a third-party for an investigation of Sphere's systems following the Spoofing Incident, among other requests. *See* Ex. A at 12-14.  Specifically, Gryphon made the following requests for production of documents that are the subject of this Letter:

- **Request No. 17:** All documents concerning or reflecting cybersecurity, hardware security, and any other network protection systems adopted, implemented, or considered by Sphere for the time-period covering August 19, 2021 through and including the present time.

- **Request No. 18:** All documents concerning or reflecting any attempts by Sphere to engage a third-party for a forensic investigation of Sphere's cybersecurity, hardware security, and network protection systems following the incidents described in paragraphs 5, 7-13, and 48-62 of the Second Amended Complaint.

- **Request No. 19:** All communications or documents concerning or reflecting any attempts by Sphere to exercise due care or due diligence and/or act reasonably to protect itself from, or to mitigate against, any alleged damages resulting from Gryphon's alleged breaches of the MSA, as set forth in the second amended complaint.

- **Request No. 24:** Any and all communications or documents relevant to the "Spoofing Attacks" You allege occurred in paragraphs 5, 7-13, and 48-62 of the Second Amended Complaint.

*See id.*

On April 15, 2024, Sphere submitted its responses and objections to Gryphon's March 25 RFPs ("Sphere's R&Os").  A true and correct copy of Sphere's R&Os is attached hereto as **Exhibit B**. Sphere's R&Os objected to Request Nos. 17-19 and 24, asserting that the documents encompassed by these Requests are not relevant to the case.  Specifically, Sphere made the following objections:

- **Sphere's Objections to Document Request No. 17:** The General Objections stated above are incorporated herein. Sphere further objects to this Request as seeking information that is not relevant to this case. Indeed, Gryphon has voluntarily dismissed Count IV of its counterclaim which related to Sphere's alleged negligence and the Spoofing Attack. Whether Sphere was negligent, as Gryphon previously alleged, has no bearing on any issue in this case. Given the lack of relevance, the Request is also overly broad, unduly burdensome, and disproportionate to the needs of the case.

- **Sphere's Objections to Document Request No. 18:** The General Objections stated above are incorporated herein. Sphere further objects to this Request as seeking information that is not relevant to this case. Indeed, Gryphon has voluntarily dismissed Count IV of its counterclaim which related to Sphere's alleged negligence and the Spoofing Attack. Whether Sphere was negligent, as Gryphon previously alleged, has no bearing on any issue in this case. Given the lack of relevance, the Request is also overly broad, unduly burdensome, and disproportionate to the needs of the case.

- **Sphere's Objections to Document Request No. 19:** The General Objections stated above are incorporated herein. Sphere further objects to this Request as seeking information that is not relevant to this case, including with respect to Sphere exercising due care or due diligence and/or acting reasonably to protect itself. Indeed, Gryphon has voluntarily dismissed Count IV

of its counterclaim which related to Sphere's alleged negligence and the Spoofing Attack. Whether Sphere was negligent, as Gryphon previously alleged, has no bearing on any issue in this case. Given the lack of relevance, the Request is also overly broad, unduly burdensome, and disproportionate to the needs of the case. To the extent that Gryphon is seeking documents regarding mitigation from alleged breaches of the MSA, however, Sphere will produce documents to the extent the alleged breaches were capable of mitigation. For such documents, Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

- **Sphere's Objections to Document Request No. 24:** The General Objections stated above are incorporated herein. Sphere further objects to this Request as seeking information that is not relevant to this case to the extent it seeks documents and communications designed to establish Sphere's negligence in connection with the Spoofing Attacks, including without limitation related to any alleged hack on Sphere's system, Sphere's computing systems, Sphere's investigation into the Spoofing Attacks, Sphere's policies and procedures, and remediation efforts by Sphere. Indeed, Gryphon has voluntarily dismissed Count IV of its counterclaim which related to Sphere's alleged negligence and the Spoofing Attack. Whether Sphere was negligent, as Gryphon previously alleged, has no bearing on any issue in this case. Given the lack of relevance, this aspect of the request is also overly broad, unduly burdensome, and disproportionate to the needs of the case. What is relevant are documents reflecting Gryphon's response to the Spoofing Attack, which are already in Gryphon's possession, custody, or control. Accordingly, there is no need for sphere to produce them, as they are equally accessible to Gryphon.

*See* Ex. B at 10-11, 13.

On May 1, 2024, the Parties met to discuss their respective responses and objections to the discovery requests previously exchanged on April 15, 2024 (the "May 1 Meet and Confer"), including Sphere's objections to Request Nos. 17-19 and 24 of Gryphon's March 25 RFPs.  During the May 1 Meet and Confer, Sphere's counsel made several admissions. *First*, Sphere's counsel admitted that Counts I and III of Sphere's Complaint are in part tied to the Spoofing Incident allegations.  *Second*, Sphere's counsel admitted that Sphere did in fact conduct an investigation into the cause of the Spoofing Incident, but declined to disclose who conducted the investigation.

During the May 1 Meet and Confer, Gryphon's counsel stated that the documents sought by Request Nos. 17-19 and 24 are directly relevant to the defenses raised by Gryphon in connection with Counts I and III of Sphere's Complaint. Specifically, Gryphon's counsel noted that Request Nos. 17-19 and 24 seek to address whether Sphere's own internal security and network protection systems were compromised and, in turn, allowed the Spoofing Incident to occur.  While Sphere argued that information regarding Sphere's own internal systems was only relevant to Gryphon's withdrawn Counterclaim for negligence, Gryphon asserted that the information remained relevant to Gryphon's affirmative defenses.  However, despite Gryphon's effort to resolve this discovery dispute in good-faith, Sphere's counsel refused to produce documents in response to Request Nos. 17-19 and 24 of Gryphon's March 25 RFPs.

On May 20, 2024, after repeated efforts by Gryphon's counsel to resolve the discovery dispute that is the subject of this Letter and despite all of Sphere's allegations regarding the Spoofing Incident remaining live in this action, Sphere's counsel again confirmed its refusal to produce documents in response to Request Nos. 17-19 and 24.

## II.    Discussion

It is a bedrock principle of civil discovery that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or _defense_ and proportional to the needs of the case." _See_ Fed. R. Civ. P. 26(b) (emphasis added).   District courts have broad discretion in determining relevance for discovery purposes. _See Michael Kors, L.L.C. v. Su Yan Ye_, No. 18-CV-2684 (KHP), 2019 WL 1517552, at *2 (S.D.N.Y. Apr. 8, 2019); _see also State Farm Mut. Auto. Ins. Co. v. Fayda_, No. 14 Civ. 9792 (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015), _aff'd_, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016) (relevance must be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.") (internal quotation marks omitted).  Once any possibility of relevance sufficient to warrant discovery is shown, the burden shifts to the party opposing discovery to show that discovery is improper. _See Condit v. Dunne_, 225 F.R.D. 100, 105–06 (S.D.N.Y. 2004).

In refusing to produce documents in response to Request Nos. 17-19 and 24, Sphere's objections appear to rest on the mistaken belief that Gryphon seeks these documents to support certain claims that Gryphon voluntarily agreed to dismiss. _See_ ECF No. 70.  Not so.  In its Answer and Counterclaims, Gryphon asserts a number of affirmative defenses to Sphere's claims regarding the Spoofing Incident, including that Sphere's failure to exercise due care, diligence, and act reasonably to protect itself from harm, as well as Sphere's own negligence, caused the Spoofing Incident. _See_ ECF No. 65 at 20; _see also Condit_ at 109 ("Defendant has the right to explore avenues of discovery that could reasonably lead to admissible information regarding any of plaintiff's claims or defendant's possible defenses")_; Deutsche Bank Sec., Inc. v. Kingate Glob. Fund Ltd._, No. 19 CIV. 10823 (ER), 2021 WL 6052855, at *3 (S.D.N.Y. Nov. 12, 2021) (granting motion to compel production of documents where the moving party's requests were relevant to establishing affirmative defense); _City of New York v. Fedex Ground Package Sys., Inc._, No. 13 CIV. 9173 (ER), 2016 WL 1718261, at *9 (S.D.N.Y. Apr. 27, 2016) ("[Defendant] is entitled to discovery on Plaintiffs' enforcement efforts with respect to the particular shipments at issue in this action, since that information is relevant to its fourth and fifth affirmative defenses.").  In other words, the discovery sought by Request Nos. 17-19 and 24 is directly relevant to establishing Gryphon's affirmative defenses in connection with Counts I and III of Sphere's Complaint.

Simply put, Sphere has asserted in Counts I and III that the Spoofing Incident was caused by Gryphon's lack of internal security and network protection systems, and Gryphon asserts that the Spoofing Incident was caused by _Sphere's_ lack of internal security and network protection systems.  Accordingly, Gryphon has the right to seek discovery concerning the adequacy of Sphere's internal security systems and technology infrastructure.  Request Nos. 17-19 and 24 are appropriately and narrowly tailored to accomplish that result.

## III.    Conclusion

In light of the foregoing and Sphere's persistent refusal to produce documents in response to Request Nos. 17-19 and 24, Gryphon requests that the Court schedule an informal, pre-motion discovery conference to discuss the above discovery deficiencies. We are available at the Court's convenience.

The undersigned attorneys certify that they have in a good faith met and conferred with Sphere's counsel to resolve this discovery dispute without Court action.

Respectfully submitted,

*/s/ Dennis H. Tracey, III*
Dennis H. Tracey, III
Elizabeth C. Carter
William C. Winter
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
dennis.tracey@hoganlovells.com
elizabeth.carter@hoganlovells.com
william.winter@hoganlovells.com

*Attorneys for Defendant*
*Gryphon Digital Mining, Inc.*

Enclosure

cc: All Counsel of Record (via ECF)