# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                                                      :

SPHERE 3D CORP.,                                      :

                    *Plaintiff and*
                    *Counter-Defendant,*         :

                v.                              :      Case No. 1:23-cv-02954-PKC

GRYPHON DIGITAL MINING, INC.,    :

                    *Defendant and*
                    *Counter-Plaintiff*           :
-------------------------------------------------------------x

**DEFENDANT AND COUNTERCLAIM PLAINTIFF GRYPHON DIGITAL MINING, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO SPHERE 3D CORP.**

Pursuant to Federal Rules of Civil Procedure ("Federal Rules") 26 and 34, the Local Rules of the U.S. District Court for the Southern District of New York ("Local Rules"), Defendant and Counterclaim Plaintiff, Gryphon Digital Mining, Inc. ("Gryphon"), hereby requests that Sphere 3D Corp. ("Sphere") respond to the following Requests for Production (the "Requests"). The following definitions and instructions shall apply in responding to these Requests.

**DEFINITIONS**

1. "Action" means the above-captioned proceeding in the U.S. District Court for the Southern District of New York, *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.* Case No. 23-cv-02954-PKC.

1

2. "Amended Answer and Fourth Amended Counterclaims" means Gryphon's Amended Answer and Fourth Amended Counterclaims filed on February 1, 2024 in the Action. ECF No. 65.

3. "Any," "all," and "each" shall be construed as encompassing any and all.

4. "Claim" or "Claims" means each and every cause of action, including Counterclaims, whether existing at law or in equity, that are asserted in the Action.

5. "Communication" or "Communications" means any exchange, transmission, or receipt (whether as listener, addressee, person called or otherwise) of information (in the form of facts, ideas, inquiries, or otherwise), whether such exchange, transmission, or receipt be oral, written, or otherwise, and includes, without limitation, any meeting, conversation, telephone call, email, text message, social media messaging platform, messaging app, social media post, letter, exchange, transmission, or receipt of any document of any kind whatsoever.

6. "Concerning" includes referring to, alluding to, embodying, responding to, relating to, connected with, commenting on, constituting, evidencing, in respect of, about, referencing, regarding, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing, constituting, comprising, evidencing, and pertaining to, or having any factual or logical connection whatsoever with the subject matter in question.

7. "Core" means "Core Scientific Inc.," and its respective representatives, agents, affiliates, assigns, attorneys, accountants, parents, subsidiaries, operating companies, parents, predecessors, successors, employees, owners, and all other persons acting or purporting to act on their behalf or under their control, whether authorized or not.

8. "Core Equity Proceeds" means the 2,050,982 equity shares transferred by Core to Sphere on January 23, 2024, as referenced in Sphere's annual report for fiscal year 2023, which was filed with the U.S. Securities & Exchange Commission ("SEC") on March 13, 2024 on Form 10-K, or any other amount of equity shares that were or potentially will be transferred to Sphere pursuant to the settlement agreement reached among Gryphon, Sphere, and Core and approved by the U.S. Bankruptcy Court for the Southern District of Texas on January 16, 2024.

9. "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule 34(a)(1)(A). It is defined in the broadest sense and includes, without limitation, documents, electronically stored information, communications in written, electronic, and recorded form, and tangible things, or other reproduction thereof. A draft or non-identical copy is a separate document within the meaning of this term.

10. "Digital Wallet" means any wallet address used by Sphere or a third-party on Sphere's behalf for the purpose of storing digital assets or for any other purpose.

11. "Exclusivity Clause" means the provision in the MSA providing that Gryphon, as provider, "shall" serve as Sphere's "exclusive provider of any and all management services for all blockchain and cryptocurrency-related operations including but not limited to services relating to all mining equipment owned, purchased, leased, operated, or otherwise controlled by [Sphere] and/or its subsidiaries and/or affiliates at any location." *See* MSA, at 1.

12. "Identify" when used to refer to a natural person shall mean to set forth that person's: (i) full name and title, if any; (ii) present or last known address; (iii) present or last known business and home or mobile telephone number(s); and (iv) present or last known employer.

13. "Identify" when use to refer to an entity shall mean: (i) the name of the entity's full name; and (ii) present or last known business address and telephone number.

14. "Identify" when used to refer to a document, shall mean: (i) the date of each document; (ii) the type of each such document (i.e., correspondence, memorandum, business record, etc.); (iii) the identity of the author(s) or preparer(s) of each such document; and (iv) the present location of each such document or copies thereof.

15. "Including" means including, but not limited to.

16. "Gryphon" refers to the Defendant and Counterclaim-Plaintiff, Gryphon Digital Mining, Inc., in the Action.

17. "Management Fee" shall have the same meaning as ascribed that term in the MSA entered by Gryphon and Sphere on August 19, 2021, including that as provider, Gryphon "shall receive the equivalent of twenty-two and one-half percent (22.5% of the Net Operating Profit of all of Customer's blockchain and cryptocurrency-related operations." *See* MSA, at 1.

18. "Mining Equipment" shall have the same meaning ascribed that term in the MSA, including, but not limited to, "servers, machines, hashboards, controller boards, case assemblies, fans, and power units." *See* MSA, at 2.

19. "MSA" means the Master Services Agreement dated August 19, 2021 between Sphere and Gryphon, and subsequently amended on December 29, 2021 (Amendment No. 1") (collectively, the "MSA"). "Amendment No. 1" means the amendment dated December 29, 2021 between Sphere and Gryphon that amended the August 19, 2021 MSA.

20. "Net Operating Profit," shall have the same meaning ascribed that term in the MSA, namely that it is the "value of the digital assets mined using [Sphere's] mining equipment as of 11:59 pm Eastern Time on the date of mining based upon the price of such digital asset quoted on Coinbase minus the cost of electricity and profit-share paid to hosts." MSA, at 1.

21. "Persons" or "Persons" means any individual, corporation, partnership, firm, association, government agency, trust, joint venture, group, or other organization recognizable at law, and its agents, employees, representatives, or anyone acting or purporting to act on its behalf.

22. "Relate to," "related to," and "relating to," mean constituting, comprising, pertaining to, in connection with, reflecting, respecting, regarding, referring to, based upon, stating, showing, evidencing, establishing, supporting, negating, contradicting, describing, recording, noting, embodying, memorializing, containing, mentioning, studying, analyzing, discussing, specifying, setting forth, identifying or in any manner logically, factually, indirectly or directly, or in any other way connecting to the matter addressed in the request, in whole or in part.

23. "Second Amended Complaint" means Sphere's Second Amend Complaint filed on September 20, 2023 in the Action.  ECF No. 36.

24. "Spoofing Attacks" when used herein shall refer to the incidents described in paragraphs 5, 7-13, and 48-62 of the Second Amended Complaint.

25. "Sphere" refers to the Plaintiff and Counterclaim-Defendant, Sphere 3D Corp., in the Action.

5

26. "Sphere's Mining Equipment" means any and all Mining Equipment owned, purchased, leased, operated, or otherwise controlled by Sphere and/or its subsidiaries and/or affiliates at any location.

27. "You" and "Your" refers to Sphere and includes any and all of Your respective representatives, managers, agents, affiliates, attorneys, accountants, assigns, parents, subsidiaries, operating companies, predecessors, successors, employees, officers, directors, and all other persons or entities acting or purporting to act on their behalf or under its control, whether authorized or not.

## **INSTRUCTIONS**

1. These Requests are to be responded to separately and fully, in writing, on or before April 15, 2024, as provided by the Civil Case Management Plan and Scheduling Order ("Scheduling Order") (ECF No. 73). You must respond to these Requests in accordance and compliance with the Federal Rules, the Local Rules, any relevant order entered in this Action, or other superseding agreements between the parties related to discovery.

2. These Requests shall be deemed continuing so as to require further supplemental responses in the event that you, or any attorney, agent, representative, or professional employed or retained by you, obtain or discover additional information or documents between the time of initial response to these Requests and the conclusion of this action, to the fullest extent allowed by the Federal Rules, the Local Rules, any relevant order entered in this Action, or other superseding agreements between the parties related to discovery.

3. You are to produce all requested documents and things in Your possession, custody, or control. If You object to any Request, specify the part to which You object, state Your objection(s),

state all factual and legal justifications which support Your objection(s), and respond to the remainder of the Request to which You do not object. In the event You object to any Request on the basis that it is overbroad, please respond to that Request in such a manner as to render it not overbroad in Your opinion and state the extent to which You have narrowed that Request for the purposes of Your response.

4. Each Request shall be construed to include information and documents within Your knowledge, possession, or control as of the date of Your responses to these Requests and any supplemental information and documents responsive to these Requests generated, obtained, or discovered after the date of Your original responses. With respect to each document requested, produce the entire document, along with all attachments, appendices, and exhibits.

5. If You contend that any information that is called for by a Request is protected by the attorney-client privilege, the attorney work product doctrine or any other legally recognized privilege, subject to an agreement by the Parties on the reasonable timing for the mutual exchange of privilege logs, specify (i) the privilege claimed; (ii) the type and nature of the communication or document; (iii) the person(s) who received the communication or document; (iv) the person(s) who authored, created, or made the communication or document; (v) the Request to which that claim is made; (vi) the specific basis upon which the claim is asserted or the specific reason why the communication or document is not being produced; (vii) the facts constituting the basis for withholding the communication or document sufficient to permit the court to adjudicate the validity of the claim; and (viii) the location and/or custodians of the communication or document.

6. If You contend that any requested documents are protected by the attorney-client privilege, the attorney work product doctrine or any other legally recognized privilege, subject to an

agreement by the Parties on the reasonable timing for the mutual exchange of privilege logs, provide a list showing each document withheld and, as to each, state the: (i) type of document (e.g., letter, memo, or e-mail); (i) name and title or position of the author(s); (iii) name and title or position of the recipient(s), including all cc: and bcc: recipient(s); (iv) date of the document; (v) title or subject matter; and (vi) privilege(s) claimed.

7. When documents, knowledge, or information in your possession are requested, such request includes the knowledge of your attorneys, accountants, agents, representatives, and experts, and any professional employed or retained by you, relating to any of the facts or issues involved in this action.

8. Each Request is to be read to be inclusive rather than exclusive. Accordingly, the words "and" and "or" should be construed in the conjunctive or in the disjunctive as necessary to make the Request inclusive rather than exclusive. The past tense includes the present tense and the present tense includes the past tense where necessary to make the Request inclusive rather than exclusive. The singular includes the plural and the plural includes the singular where necessary to make the Request inclusive rather than exclusive. All pronouns include the male and female genders where necessary to make the Request inclusive rather than exclusive. The term "any" includes the term "all" and the term "all" includes the term "any" where necessary to make the Request inclusive rather than exclusive.

9. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

10. These Requests are continuing in nature to the fullest extent authorized by the Federal Rules. Should You acquire or locate additional documents responsive to these Requests, You are required promptly to supplement Your responses to disclose those documents.

11. Unless another time period is specified in a Request, the Requests call for a response that cover the time-period August 19, 2021 through and including the present (the "Relevant Time-Period").

## SPECIFIC REQUESTS

### DOCUMENT REQUEST NO. 1

All communications concerning or discussing any actual or potential hosting services for Sphere's Mining Equipment provided by any third-party, including, but not limited to, Core, Compute North, Foundry Digital, US Bitcoin, Lancium, Luxor Technologies, or Joshi Petroleum, LLC, and Rebel Mining.

### DOCUMENT REQUEST NO. 2

All documents reflecting any potential or actual agreement(s) reached by Sphere with any third-party, including, but not limited to, Core, Compute North, Foundry Digital, US Bitcoin, Luxor Technologies, or Joshi Petroleum, LLC, for the actual or potential provision of hosting services for Sphere's Mining Equipment.

### DOCUMENT REQUEST NO. 3

All communications concerning or discussing Sphere's actual or potential efforts, independent of Gryphon, to source hosting services for Sphere's Mining Equipment.

**DOCUMENT REQUEST NO. 4**

All communications concerning or discussing any actual or potential services provided to Sphere by any third-party, other than Gryphon, with respect to Sphere's "blockchain and cryptocurrency-related operations," as referred to in the Exclusivity Clause, which are not otherwise addressed by these Requests, if any.

**DOCUMENT REQUEST NO. 5**

All documents reflecting any potential or actual agreement(s) reached by Sphere with any third-party for the actual or potential provision of services with respect to Sphere's "blockchain and cryptocurrency-related operations," as referred to in the Exclusivity Clause, which are not otherwise addressed by these Requests, if any.

**DOCUMENT REQUEST NO. 6**

All communications between Sphere and Gryphon, or between Sphere and any third-party, other than Gryphon, which discuss Gryphon, either directly or indirectly, and any topic relevant to the MSA, including, but limited to, the Exclusivity or the Management Fee Clauses of the MSA.

**DOCUMENT REQUEST NO. 7**

All communications concerning or discussing the possibility for, or the actual direction of, Sphere's Mining Equipment to any mining pool(s).

**DOCUMENT REQUEST NO. 8**

All agreements entered or reached with any third-party mining provider, including but not limited to Luxor Technologies.

**DOCUMENT REQUEST NO. 9**

All communications concerning or discussing the creation or use of any actual or potential Digital Wallet by Sphere, or any third-party acting on Sphere's behalf, to store digital assets belonging to Sphere, or for any other purpose.

**DOCUMENT REQUEST NO. 10**

All communications or documents concerning or reflecting the potential or actual payment by Sphere (or a third-party, other than Gryphon, acting or purporting to act on Sphere's behalf) for any operating costs relating to its blockchain and cryptocurrency-related operations.

**DOCUMENT REQUEST NO. 11**

All communications and documents concerning or discussing the anticipated or actual receipt of any proceeds in any form, by Sphere, or any third-party acting on its behalf, which may or did result from any cryptocurrency mining activities undertaken by Sphere, or on its behalf.

**DOCUMENT REQUEST NO. 12**

All communications concerning or discussing, without limitation, the Management Fee Clause of the MSA.

**DOCUMENT REQUEST NO. 13**

Any and all actual or contemplated disclosures, or notices to Gryphon, made by Sphere (or any third-party acting or purporting to act on its behalf) pursuant to the "Duty to Disclose" provision, as set forth in the MSA.

**DOCUMENT REQUEST NO. 14**

Any and all communications concerning or discussing the "Duty to Disclose" provision, as set forth in the MSA, including any part thereof, and/or any actual or potential disclosure(s) or notice(s) made by Sphere to Gryphon pursuant to that provision.

**DOCUMENT REQUEST NO. 15**

All documents concerning, reflecting, or discussing the Core Equity Proceeds, including, but not limited to, their receipt, transfer, or sale by Sphere.

**DOCUMENT REQUEST NO. 16**

All communications with Sphere's auditor(s) concerning the establishment of a mining pool account with Foundry, or any other mining operator, for the purpose of revenue recognition or any other purpose.

**DOCUMENT REQUEST NO. 17**

All documents concerning or reflecting cybersecurity, hardware security, and any other network protection systems adopted, implemented, or considered by Sphere for the time-period covering August 19, 2021 through and including the present time.

**DOCUMENT REQUEST NO. 18**

All documents concerning or reflecting any attempts by Sphere to engage a third-party for a forensic investigation of Sphere's cybersecurity, hardware security, and network protection systems following the incidents described in paragraphs 5, 7-13, and 48-62 of the Second Amended Complaint.

**DOCUMENT REQUEST NO. 19**

All communications or documents concerning or reflecting any attempts by Sphere to exercise due care or due diligence and/or act reasonably to protect itself from, or to mitigate against, any alleged damages resulting from Gryphon's alleged breaches of the MSA, as set forth in the Second Amended Complaint.

**DOCUMENT REQUEST NO. 20**

All communications or documents concerning or reflecting any damages or any other form of loss or harm that Sphere alleges it has suffered on account of Gryphon's alleged breaches of the MSA, as set forth in Sphere's Second Amended Complaint.

**DOCUMENT REQUEST NO. 21**

Any and all communications or documents related in any way to Your allegation that "Gryphon has been skimming off the top (i.e., stealing) from Sphere's assets," as alleged in paragraphs 2, 4, 38, and 66 of the Second Amended Complaint.

**DOCUMENT REQUEST NO. 22**

Any and all communications or documents related in any way to Your allegation that "Gryphon has refused to find hosting space for Sphere's miners (and instead directed Sphere to undertake the task of finding space itself)," as set forth in paragraphs 3 and 34 of the Second Amended Complaint.

**DOCUMENT REQUEST NO. 23**

Any and all communications or documents related in any way to Your allegation that Gryphon has "allowed Sphere's miners to languish with the U.S. Customs and Border Protection

agency ("U.S. Customs") for weeks (a situation Sphere itself ultimately resolved)," as set forth in paragraphs 3, 35, and 76 of the Second Amended Complaint.

**DOCUMENT REQUEST NO. 24**

Any and all communications or documents relevant to the "Spoofing Attacks" You allege occurred in paragraphs 5, 7-13, and 48-62 of the Second Amended Complaint.

**DOCUMENT REQUEST NO. 25**

Any and all communications or documents relevant to the Your assertion that Gryphon has or had a fiduciary relationship with respect to Sphere, as alleged in paragraphs 1, 2, 16, 20, 41-47, 63, 74, 97-101 of the Second Amended Complaint.

**DOCUMENT REQUEST NO. 26**

Any and all communications or documents relevant to Your assertions that Gryphon has not performed "its services 'in a professional and workmanlike manner in accordance with generally recognized crypto-mining industry standards for similar services[,]'" and that Gryphon has engaged in "gross negligence, fraud or willful misconduct in connection with performing the Services," as set forth, for example, in paragraph 31 of the Second Amended Complaint.

**DOCUMENT REQUEST NO. 27**

Any and all communications or documents relevant to any allegation or claim You make or assert in the Second Amended Complaint.

| | |
|---|---|
| Dated: March 25, 2024 | Respectfully submitted,<br><br>HOGAN LOVELLS US LLP<br><br>*/s/ Dennis H. Tracey, III*<br>Dennis H. Tracey, III<br>Elizabeth C. Carter<br>390 Madison Avenue<br>New York, New York 10017<br>dennis.tracey@hoganlovells.com<br>elizabeth.carter@hoganlovells.com<br><br>*Attorneys for*<br>*Gryphon Digital Mining, Inc.* |