# EXHIBIT B

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------- X
                                                :
SPHERE 3D CORP.,                                :
                                                :   Case No. 1:23-cv-02954- PKC
                 Plaintiff,                     :
                                                :
        vs.                                     :
                                                :
GRYPHON DIGITAL MINING, INC.,                   :
                                                :
                 Defendant.                     :
----------------------------------------------- X
```

## SPHERE 3D CORP.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Sphere 3D Corp. ("Sphere") hereby serves the following objections and responses (the "Responses") to Defendant Gryphon Digital Mining, Inc.'s ("Gryphon") First Set of Requests for Production of Documents (the "Requests").

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Requests generally and to each Definition, Instruction, and Request specifically. Any undertaking to respond to any Request remains subject to the General Objections.

1. Sphere objects generally to the Instructions, Definitions, and Requests to the extent that they purport to call for the production of documents or communications protected by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other applicable privilege or immunity from discovery. Any disclosure of privileged information is neither intended nor shall be construed to relinquish or deemed a waiver of any such privilege.

1

2.      Sphere objects generally to the Instructions, Definitions, and Requests to the extent that they purport to seek information that is already in the possession, custody or control of Gryphon or is publicly available.

3.      Sphere objects generally to the Instructions, Definitions, and Requests to the extent that they purport to seek information that is not in the possession, custody, or control of Sphere. Sphere will produce documents within its possession, custody, or control.

4.      Sphere objects generally to the Instructions, Definitions, and Requests to the extent that they assume the existence of facts that do not exist and the occurrence of events that did not occur. Any response of Sphere to any individual Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Request is accurate. Sphere does not admit, adopt or acquiesce to any factual or legal contention, assertion, characterization or implication that is contained in the instructions, definitions, or Requests.

5.      The information contained herein and documents supplied in connection with the Requests are for use in this litigation only and shall be used for no other purpose.

6.      Sphere reserves all rights to raise objections at any later time to these Requests, any future Requests, or any discovery involving or related to these, or future, Requests.

7.      These responses are based on the information currently available to Sphere. Sphere reserves the right to amend, supplement or modify its responses and objections at any time in the event that it obtains additional or different information.

## OBJECTIONS TO DEFINITIONS

1.      Sphere objects to the definition of "Identify" as overly broad, unduly burdensome, and not proportionate to the needs of the case by calling for "the present location of each such document or copies thereof" and as inconsistent with the Local Rules. Sphere will construe the term Identify in accordance with the Local Rules.

## OBJECTIONS TO INSTRUCTIONS

1. Sphere objects to Instruction Number 5 as overly broad, unduly burdensome, and not proportionate to the needs of the case by requesting more information than is required by Federal Rule of Civil Procedure 26(b)(5). Sphere will construe Instruction Number 5 as calling for the production of a privilege log that comports with Federal Rule of Civil Procedure 26(b)(5).

2. Sphere objects to Instruction Number 6 as overly broad, unduly burdensome, and not proportionate to the needs of the case by requesting more information than is required by Federal Rule of Civil Procedure 26(b)(5). Sphere will construe Instruction Number 6 as calling for the production of a privilege log that comports with Federal Rule of Civil Procedure 26(b)(5).

3. Sphere objects to Instruction 7 as overly broad, unduly burdensome and not proportionate to the needs of the case. Sphere will undertake reasonable efforts to provide the information. Sphere further objects to Instruction No. 7 to the extent it purports to require disclosures of information about or from consulting experts—which Sphere will not provide—or the disclosure of attorney work product of its attorneys.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1**
All communications concerning or discussing any actual or potential hosting services for Sphere's Mining Equipment provided by any third-party, including, but not limited to, Core, Compute North, Foundry Digital, US Bitcoin, Lancium, Luxor Technologies, or Joshi Petroleum, LLC, and Rebel Mining.

**RESPONSE TO REQUEST NO. 1**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the

extent that any such documents exist in its possession, custody, or control.

**Request No. 2**
All documents reflecting any potential or actual agreement(s) reached by Sphere with any third-party, including, but not limited to, Core, Compute North, Foundry Digital, US Bitcoin, Luxor Technologies, or Joshi Petroleum, LLC, for the actual or potential provision of hosting services for Sphere's Mining Equipment.

**RESPONSE TO REQUEST NO. 2**

The General Objections stated above are incorporated herein.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 3**
All communications concerning or discussing Sphere's actual or potential efforts, independent of Gryphon, to source hosting services for Sphere's Mining Equipment.

**RESPONSE TO REQUEST NO. 3**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 4**
All communications concerning or discussing any actual or potential services provided to Sphere by any third-party, other than Gryphon, with respect to Sphere's "blockchain and cryptocurrency-related operations," as referred to in the Exclusivity Clause, which are not otherwise addressed by these Requests, if any.

**RESPONSE TO REQUEST NO. 4**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it

calls for production of "all" communications. Sphere further objects that this Request is duplicative of Request Number 1.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 5**
All documents reflecting any potential or actual agreement(s) reached by Sphere with any third-party for the actual or potential provision of services with respect to Sphere's "blockchain and cryptocurrency-related operations," as referred to in the Exclusivity Clause, which are not otherwise addressed by these Requests, if any.

**RESPONSE TO REQUEST NO. 5**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" documents. Sphere further objects that this Request is duplicative of Request Number 2.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 6**
All communications between Sphere and Gryphon, or between Sphere and any third-party, other than Gryphon, which discuss Gryphon, either directly or indirectly, and any topic relevant to the MSA, including, but limited to, the Exclusivity or the Management Fee Clauses of the MSA.

**RESPONSE TO REQUEST NO. 6**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the

extent that any such documents exist in its possession, custody, or control.

**Request No. 7**
All communications concerning or discussing the possibility for, or the actual direction of, Sphere's Mining Equipment to any mining pool(s).

**RESPONSE TO REQUEST NO. 7**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications. Sphere further objects that "concerning or discussing the possibility for" is vague and ambiguous. Sphere will construe this request as seeking communications regarding Sphere directing its Mining Equipment to any mining pool(s).

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 8**
All agreements entered or reached with any third-party mining provider, including but not limited to Luxor Technologies.

**RESPONSE TO REQUEST NO. 8**

The General Objections stated above are incorporated herein. Sphere further objects that this Request is duplicative of Request Number 2 and Request Number 5.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 9**
All communications concerning or discussing the creation or use of any actual or potential Digital Wallet by Sphere, or any third-party acting on Sphere's behalf, to store digital assets belonging to Sphere, or for any other purpose.

**RESPONSE TO REQUEST NO. 9**

The General Objections stated above are incorporated herein. Sphere further objects to this

Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 10**
All communications or documents concerning or reflecting the potential or actual payment by Sphere (or a third-party, other than Gryphon, acting or purporting to act on Sphere's behalf) for any operating costs relating to its blockchain and cryptocurrency-related operations.

**RESPONSE TO REQUEST NO. 10**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications or documents. Sphere is a publicly traded company with myriad of operating costs stemming from its blockchain and cryptocurrency-related operations, making this request especially burdensome.

Subject to and without waiving any of the foregoing objections, Sphere is willing to meet and confer with Gryphon about the necessity of the discovery sought and to negotiate the parameters of a reasonable search.

**Request No. 11**
All communications and documents concerning or discussing the anticipated or actual receipt of any proceeds in any form, by Sphere, or any third-party acting on its behalf, which may or did result from any cryptocurrency mining activities undertaken by Sphere, or on its behalf.

**RESPONSE TO REQUEST NO. 11**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications and documents.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 12**
All communications concerning or discussing, without limitation, the Management Fee Clause of the MSA.

**RESPONSE TO REQUEST NO. 12**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications. Sphere further objects to the phrase "without limitation," as that phrase does not make sense as used. Sphere will construe this request as seeking communications concerning or discussing the Management Fee Clause.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 13**
Any and all actual or contemplated disclosures, or notices to Gryphon, made by Sphere (or any third-party acting or purporting to act on its behalf) pursuant to the "Duty to Disclose" provision, as set forth in the MSA.

**RESPONSE TO REQUEST NO. 13**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" actual or contemplated disclosures.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 14**
Any and all communications concerning or discussing the "Duty to Disclose" provision, as set forth in the MSA, including any part thereof, and/or any actual or potential disclosure(s) or notice(s) made by Sphere to Gryphon pursuant to that provision.

**RESPONSE TO REQUEST NO. 14**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 15**
All documents concerning, reflecting, or discussing the Core Equity Proceeds, including, but not limited to, their receipt, transfer, or sale by Sphere.

**RESPONSE TO REQUEST NO. 15**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as seeking information that is not relevant to this case. There is no conceivable reason documents concerning, reflecting, or discussing the Core Equity Proceeds would be relevant. Although Gryphon recently tried to attach these assets, the Court rejected that application. Given the lack of relevance, the Request is also overly broad, unduly burdensome, and disproportionate to the needs of the case.

**Request No. 16**
All communications with Sphere's auditor(s) concerning the establishment of a mining pool account with Foundry, or any other mining operator, for the purpose of revenue recognition or any other purpose.

**RESPONSE TO REQUEST NO. 16**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it

calls for production of "all" communications.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 17**
All documents concerning or reflecting cybersecurity, hardware security, and any other network protection systems adopted, implemented, or considered by Sphere for the time-period covering August 19, 2021 through and including the present time.

**RESPONSE TO REQUEST NO. 17**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as seeking information that is not relevant to this case. Indeed, Gryphon has voluntarily dismissed Count IV of its counterclaim which related to Sphere's alleged negligence and the Spoofing Attack. Whether Sphere was negligent, as Gryphon previously alleged, has no bearing on any issue in this case. Given the lack of relevance, the Request is also overly broad, unduly burdensome, and disproportionate to the needs of the case.

**Request No. 18**
All documents concerning or reflecting any attempts by Sphere to engage a third-party for a forensic investigation of Sphere's cybersecurity, hardware security, and network protection systems following the incidents described in paragraphs 5, 7-13, and 48-62 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 18**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as seeking information that is not relevant to this case. Indeed, Gryphon has voluntarily dismissed Count IV of its counterclaim which related to Sphere's alleged negligence and the Spoofing Attack. Whether Sphere was negligent, as Gryphon previously alleged, has no bearing on any issue in this case. Given the lack of relevance, the Request is also overly broad, unduly burdensome, and disproportionate to the needs of the case.

**Request No. 19**

All communications or documents concerning or reflecting any attempts by Sphere to exercise due care or due diligence and/or act reasonably to protect itself from, or to mitigate against, any alleged damages resulting from Gryphon's alleged breaches of the MSA, as set forth in the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 19**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as seeking information that is not relevant to this case, including with respect to Sphere exercising due care or due diligence and/or acting reasonably to protect itself. Indeed, Gryphon has voluntarily dismissed Count IV of its counterclaim which related to Sphere's alleged negligence and the Spoofing Attack. Whether Sphere was negligent, as Gryphon previously alleged, has no bearing on any issue in this case. Given the lack of relevance, the Request is also overly broad, unduly burdensome, and disproportionate to the needs of the case. To the extent that Gryphon is seeking documents regarding mitigation from alleged breaches of the MSA, however, Sphere will produce documents to the extent the alleged breaches were capable of mitigation. For such documents, Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 20**

All communications or documents concerning or reflecting any damages or any other form of loss or harm that Sphere alleges it has suffered on account of Gryphon's alleged breaches of the MSA, as set forth in Sphere's Second Amended Complaint.

**RESPONSE TO REQUEST NO. 20**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications or documents.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 21**
Any and all communications or documents related in any way to Your allegation that "Gryphon has been skimming off the top (i.e., stealing) from Sphere's assets," as alleged in paragraphs 2, 4, 38, and 66 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 21**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications or documents.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 22**
Any and all communications or documents related in any way to Your allegation that "Gryphon has refused to find hosting space for Sphere's miners (and instead directed Sphere to undertake the task of finding space itself)," as set forth in paragraphs 3 and 34 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 22**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications or documents.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 23**
Any and all communications or documents related in any way to Your allegation that Gryphon has "allowed Sphere's miners to languish with the U.S. Customs and Border Protection agency ("U.S.

Customs") for weeks (a situation Sphere itself ultimately resolved)," as set forth in paragraphs 3, 35, and 76 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 23**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications or documents.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 24**
Any and all communications or documents relevant to the "Spoofing Attacks" You allege occurred in paragraphs 5, 7-13, and 48-62 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 24**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as seeking information that is not relevant to this case to the extent it seeks documents and communications designed to establish Sphere's negligence in connection with the Spoofing Attacks, including without limitation related to any alleged hack on Sphere's system, Sphere's computing systems, Sphere's investigation into the Spoofing Attacks, Sphere's policies and procedures, and remediation efforts by Sphere. Indeed, Gryphon has voluntarily dismissed Count IV of its counterclaim which related to Sphere's alleged negligence and the Spoofing Attack. Whether Sphere was negligent, as Gryphon previously alleged, has no bearing on any issue in this case. Given the lack of relevance, this aspect of the Request is also overly broad, unduly burdensome, and disproportionate to the needs of the case. What is relevant are documents reflecting Gryphon's response to the Spoofing Attack, which are already in Gryphon's possession, custody, or control. Accordingly, there is no need for Sphere to produce them, as they are equally accessible to Gryphon.

**Request No. 25**
Any and all communications or documents relevant to the Your assertion that Gryphon has or had a fiduciary relationship with respect to Sphere, as alleged in paragraphs 1, 2, 16, 20, 41-47, 63, 74, 97-101 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 25**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications or documents.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 26**
Any and all communications or documents relevant to Your assertions that Gryphon has not performed "its services 'in a professional and workmanlike manner in accordance with generally recognized crypto-mining industry standards for similar services[,]'" and that Gryphon has engaged in "gross negligence, fraud or willful misconduct in connection with performing the Services," as set forth, for example, in paragraph 31 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 26**

The General Objections stated above are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications or documents.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 27**
Any and all communications or documents relevant to any allegation or claim You make or assert in the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 27**

The General Objections stated above are incorporated herein. Sphere further objects to this

Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications or documents for each and every allegation and claim in its pleading. Sphere will not undertake such a non-particularized search.

Subject to and without waiving any of the foregoing objections, Sphere is willing to meet and confer about this request.

Dated:     April 15, 2024
           New York, NY

                                      **DONTZIN NAGY & FLEISSIG LLP**

                                      */s/ Gregory N. Wolfe*

                                      Tibor L. Nagy, Jr.
                                      Gregory N. Wolfe
                                      Rahul Srinivas (pro hac vice forthcoming)
                                      David Moosmann (pro hac vice forthcoming)
                                      980 Madison Avenue
                                      New York, NY 10075
                                      Tel: 212-717-2900
                                      tibor@dnfllp.com
                                      greg@dnfllp.com
                                      rsrinivas@dnfllp.com
                                      dmoosmann@dnfllp.com

                                      *Counsel for Sphere 3D Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, the foregoing Plaintiff Sphere 3D Corp.'s Responses to Defendant's First Set of Requests for Production of Documents was served by email on the following counsel for Defendant Gryphon Digital Mining, Inc. in the action Sphere 3D Corp. v. Gryphon Digital Mining, Inc., Case No. 1:23-cv- 02954 in the U.S. District Court for the Southern District of New York:

Dennis H. Tracey, III
Elizabeth C. Carter
William Winter

Hogan Lovells
390 Madison Avenue
New York, NY 10017
(212) 918-3000
Dennis.tracey@hoganlovells.com
Elizabeth.Carter@hoganlovells.com
William.Winter@hoganlovells.com

_____
Gregory N. Wolfe