# DONTZIN NAGY & FLEISSIG

31 East 62nd Street | New York, New York 10065 | (212) 717 - 2900

Gregory N. Wolfe
greg@dnfllp.com

**VIA ECF**

May 28, 2024

Hon. Kevin P. Castel
United States District Court Judge
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, NY 10007

> Re: *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:24-cv-02954-PKC

Dear Judge Castel:

On behalf of Sphere,[1] we write in response to Gryphon's letter of May 21, 2024 (the "Letter"). Gryphon's Letter seeks an informal discovery conference as prelude to seeking an order compelling Sphere to produce internal documents and communication related to the Spoofing Attacks in which a spoofer impersonated Sphere's CFO and tricked Gryphon's CEO into parting with approximately $560,000 of Sphere's assets (the "Stolen Assets"). Gryphon seeks all documents and communications related to:

- "any attempts by Sphere to exercise due care or due diligence" in response to the Spoofing Attacks;

- "cybersecurity, hardware security; and any other network protection systems adopted, implemented, or considered by Sphere for the time-period covering August 19, 2021 through and including the present time"; and

- "internal systems, controls, and technology security and infrastructure, as well as documents reflecting any attempts by Sphere to engage a third-party [sic] for an investigation of Sphere's systems."

*See* RFP Nos. 17, 18, 19, & 24.

The discovery should be denied, and the conference deemed unnecessary, because the Letter fails to articulate the relevance of the discovery sought. During a meet-and-confer and subsequent correspondence between the parties—tellingly omitted from the Letter—Gryphon articulated one basis for relevance, namely, that "Request Nos. 17, 18, 19, and 24 . . . are directly relevant to any *defenses* that Gryphon may assert in connection with Sphere's claim against Gryphon *for breach of fiduciary duties*." *See* Ex. 1 (Sphere's Letter to Gryphon dated May 20,

---

[1] Capitalized terms have the meaning ascribed in the Letter unless otherwise noted. In its Letter, Gryphon refers to the Spoofing Incident; our response refers to the same event as the Spoofing Attacks, which is how they are described in Sphere's Second Amended Complaint (the "SAC"). No conference is presently set before the Court. All emphases have been added unless otherwise noted.

2024).[2]  In response, Sphere confirmed that its breach of fiduciary duty claim (Count III) is *not pursuing damages* stemming from the Spoofing Attacks.  Ex. 1.  Gryphon did not attempt to articulate another ground for relevance in response and instead stated it would file the Letter unless Sphere agreed to immediately strike its allegations.  Ex. 2.

The Letter now adds another purported basis for relevance—not raised in any meet-and-confer—namely, that Gryphon intends to establish that Sphere was negligent and so cannot recover on its *breach of contract claim* (Count I).  How Sphere's *negligence* could impact a breach of *contract* claim is never stated, but, as explained below, Sphere is not pursuing damages on its contract claim stemming from the Spoofing Attacks either—as Gryphon would know if it simply asked.

As explained below, Sphere does not need to pursue damages stemming from the Spoofing Attacks because Gryphon has (1) repaid Sphere for the Stolen Assets and (2) dismissed its claim for negligence with prejudice seeking compensation from Sphere for the Stolen Assets, with the consequence that it owes Sphere its attorney's fees in connection with defending against the claim.  Accordingly, it is unnecessary for Sphere to pursue damages arising from the Spoofing Attacks on its affirmative claims.  Even if Sphere were seeking such damages, however, the discovery sought would be irrelevant, as Sphere did not owe a duty of care to Gryphon, which Gryphon all but conceded by dismissing its negligence claim with prejudice.  And with Gryphon having conceded that the discovery is not relevant to its affirmative counterclaims, there is no basis to pursue the discovery sought.

**I.   BACKGROUND**

    **A.   After Falling For The Spoofing Attacks, Gryphon "Repaid" Sphere—But With "Reservation" And Threatened Meritless Negligence Claims Against Sphere**

As the Court is aware, this case arises out of Gryphon's breach of contractual duties owed to Sphere under the Master Services Agreement between the parties dated August 19, 2021, as subsequently amended (the "MSA," attached as Ex. 1 to the SAC), and Gryphon's breach of the fiduciary duties it owed as, among other things, Sphere's manager, broker, investment advisor, agent, and custodian of its digital assets.  See SAC ¶¶ 33–47.

Sphere initiated this case on April 7, 2024.  As described in the SAC, in late January and early February 2023, Gryphon's CEO Rob Chang fell for several spoofing emails in which a third-party impersonated Sphere's CFO, leading Gryphon to send the Stolen Assets to a third-party.  *Id.* ¶¶ 48–54.  Gryphon purported to rectify the harm by repaying Sphere for the Stolen Assets "on a courtesy basis, reserving all rights."  Answer, Dkt. 65, ¶ 94; *see also* SAC ¶¶ 59–61.  Indeed, the purported cure of the material breach of the MSA was no cure at all, as Gryphon made clear it would seek to recover the assets from Sphere in a meritless negligence action.  SAC ¶ 61.  This was part of Gryphon's broader campaign, described in the SAC, to cow Sphere into submission through threats of scorched earth litigation.  *See id.* ¶¶ 63–73.

---

[2] Sphere's letter to Gryphon (Ex. 1) quoted Gryphon's position verbatim as it was set forth in Gryphon's own letter to Sphere dated May 11, 2024.

> **B.    Gryphon Made Good On Its Threat, Asserting Meritless Negligence Claims As Part Of Its Scorched Earth Litigation Strategy Seeking To Burden Sphere With Unnecessary Costs, Which Has Seen Gryphon Voluntarily Dismiss Four Of Its Claims Rather Than Face A Decision On A Motion To Dismiss**

Gryphon made good on its threat to engage in scorched earth litigation and seek recovery of its "repayment" to Sphere with respect to the Stolen Assets. Over the course of four amended pleadings, Gryphon asserted five counterclaims against Sphere—four of which it has voluntarily dismissed, three of which with prejudice. Among the claims asserted was a negligence claim against Sphere seeking recovery of its "repayment" to Sphere for the Stolen Assets—*i.e.*, the repayment was no repayment at all, as Gryphon was asserting it was entitled to the assets and forced Sphere to incur additional fees and expenses in defending the action.

As Gryphon does in its present Letter, Gryphon alleged in its negligence claim that the Spoofing Attacks were "the sole fault of Sphere and due to Sphere's negligence alone," which arose from Sphere's failure to "maintain proper security and control of Sphere's computer systems and information technology infrastructure." *Compare* Dkt. 65 ¶¶ 94, 147, *with* Ltr. at 1 (asserting that "any harm allegedly suffered by Sphere as a result of the Spoofing Incident was the consequence of Sphere's own deficient internal security and technology infrastructure").

Over the course of multiple pre-motion letters and two motions to dismiss, Sphere explained why the negligence claim was insufficiently pleaded: Gryphon had failed to allege Sphere owed it a cognizable duty. Sphere's most recent motion to dismiss on the subject (Dkt. 67) is attached as Exhibit 3. In brief, "a party to a contract that suffers economic loss only . . . is, in most cases, limited to recovery pursuant to a claim for breach of contract and cannot recover economic or consequential damages in tort." Ex. 3 at 15–16 (quoting *Avazpour Networking Servs., Inc. v. Falconstor Software, Inc.*, 937 F. Supp. 2d 355, 361 (E.D.N.Y. 2013)). Courts have recognized that there is no "common-law duty requiring a business to prevent third-party fraudsters from impersonating the business." *A.C.L. Computers & Software, Inc. v. United States*, 727 F. App'x 376, 376 (9th Cir. 2018) (applying California law); *see also D'Amico v. Christie*, 71 N.Y.2d 76, 88 (N.Y. 1987) ("A defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others, even where as a practical matter [the] defendant can exercise such control."). And having alleged no special relationship running from Sphere to Gryphon (which owes fiduciary duties to Sphere, not vice versa), and without a contractual obligation providing otherwise, there was no basis to impose a duty on Sphere to prevent the spoofers from impersonating its business. *See Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157, 178 (S.D.N.Y. 2012).

Gryphon has never offered a viable basis to impose a duty on Sphere; instead, its conduct indicates that its negligence claim was only asserted to exert discovery pressure on Sphere. On October 27, 2023, and notwithstanding that Sphere would only be filing a partial motion to dismiss, the Court stayed all discovery until Sphere's partial motion to dismiss was resolved. Dkt. 40. Nevertheless, on January 23, 2024, Gryphon sought to lift the discovery stay, arguing that resolution of the motion to dismiss in Sphere's favor "would not materially change the scope of discovery." Dkt. 63 at 2. As Sphere explained in response, this was untrue, including because dismissal of the negligence claim would mean that there "would be no need to explore Sphere's

policies and procedures, 'computer systems and information technology infrastructure,' and anything else related to Sphere's purported negligence." Dkt. 64 at 4.

On February 1, 2024, Gryphon filed its operative Fourth Amended Counterclaim (Dkt. 65) and Sphere renewed its motion to dismiss (Dkt. 67). But Gryphon never lodged a substantive opposition to Sphere's motion. That is because, on February 8, 2024, this Court denied Gryphon's request that the stay be lifted, thereby preventing Gryphon from conducting discovery on its claims. Dkt. 68. Gryphon, in turn, concluded that its claims had outlived their usefulness: on February 16, 2024, it dismissed its negligence claim (and two other counterclaims) with prejudice—not the behavior of a party that believes in its claim, let alone one that asserted it in good faith. Dkt. 70.

The result is that Sphere prevailed on the negligence (among other claims) and will be entitled to its attorney's fees and costs in defending the action under the MSA's prevailing party provision. *See* MSA at 3.

### C. Meet-And-Confer Efforts Demonstrate Gryphon Has No Basis To Pursue Its Discovery

On May 1, 2024, the parties met and conferred concerning Sphere's responses and objections to RFP Nos. 17, 18, 19, and 24. Gryphon asserted one basis for relevance, namely, that those requests "are directly relevant to any defenses that Gryphon may assert in connection with Sphere's claim against Gryphon for breach of fiduciary duties." Ex. 1. On May 20, 2024, Sphere confirmed it was not seeking any damages from Gryphon stemming from the Spoofing Attack, meaning there was no basis to pursue the discovery. *Id.*

Nevertheless, Gryphon stated its intent to file a motion to compel on the subject. Ex. 2. At 6:17 p.m. on May 20, Sphere expressed surprise that Gryphon was still seeking relief and inquired as to Gryphon's assertion of relevance. *Id.* Gryphon did not provide one. Instead, at 8:22 p.m., it asserted that its "position" was "simple": "Unless Sphere is willing to strike all allegations . . . pertaining to the 'Spoofing Incident,'" it would file its Letter by no later than noon on May 21, 2024. Ex. 2 at 1. Gryphon proceeded to file the instant Letter.

### II. GRYPHON HAS FAILED TO ESTABLISH THE RELEVANCE OF THE DISCOVERY IT SEEKS

Gryphon's Letter is a transparent attempt to secure the discovery it tried and failed to obtain in connection with its now-abandoned negligence claim and should be rejected. Gryphon "bears the initial burden of proving the discovery is relevant." *Alexander v. New York City Dep't of Educ.*, 339 F.R.D. 372, 374 (S.D.N.Y. 2021). "Rule 26(b)(1) constrains the permissible scope of discovery to 'any nonprivileged matter that is relevant to any party's claim or defense . . . .'" *Diamond v. 500 SLD LLC*, 2022 WL 956262, at *2 (S.D.N.Y. Mar. 30, 2022) (Castel, J.). Discovery should be rejected as irrelevant where it pertains to matters on which the plaintiff "is not seeking any . . . relief." *Nike, Inc. v. StockX, LLC*, 2023 WL 144718, at *1 (S.D.N.Y. Jan. 9, 2023).

In response to Sphere's Count I for breach of contract and Count III for breach of fiduciary duty, Gryphon asserts that the discovery sought is relevant to Affirmative Defense No. 1 for failure to state a claim; Affirmative Defense No. 5 for unclean hands; Affirmative Defense No. 8 for

failure to exercise due care and due diligence; and Affirmative Defense No. 9 for negligence. *See* Ltr. at 1, 5. Gryphon states that the Spoofing Attacks were "caused by Sphere's lack of internal security and protection systems," so it can explore those subjects. *Id.* at 5. It provides no elaboration. The discovery is not relevant for several reasons.

First, as detailed above, now that Gryphon has dismissed its negligence claim with prejudice, Sphere is no longer seeking damages in connection with claims that stem from the Spoofing Attack. And Gryphon has not contended that the discovery sought is relevant to proving up its claims. Accordingly, Gryphon has failed in its burden of demonstrating that the discovery sought—whether Sphere's negligence was the cause of the Spoofing Attacks—is relevant.

Second, even if Sphere were seeking damages, the claimed discovery would not be relevant. As summarized above, and detailed in its motion to dismiss, Sphere never owed a *duty* to Gryphon to prevent or safeguard against the Spoofing Attacks. Gryphon knows it; that is why it dismissed its negligence claim with prejudice rather than allow this Court to rule on a motion to dismiss the claim. Accordingly, the sought discovery could not be used in any way in Gryphon's defense. *Hudson Bay Master Fund Ltd. v. Patriot Nat'l, Inc.*, 2016 WL 6906583, at *9 (S.D.N.Y. Nov. 21, 2016) ("[T]here is nothing to be achieved by undertaking discovery as to affirmative defenses that fail as a matter of law or fact."). Indeed, Affirmative Defenses Nos. 1 and 8–9 are predicated on the mistaken notion that Sphere was negligent, which the absence of a duty defeats.[3] *See McCullough v. United States*, 538 F. Supp. 694, 696 (E.D.N.Y. 1982) ("The essential elements of negligence, and of contributory negligence, are the existence of a duty . . . breach of that duty, causation, and damage."). Affirmative Defense No. 5—for unclean hands—fails because Sphere is not seeking equitable relief in its Complaint and "unclean hands is an equitable defense that does not apply to actions at law that seek money damages." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 386 F. Supp. 2d 461, 477 (S.D.N.Y. 2005).

Third, even if Sphere owed a duty to Gryphon, and with Gryphon having dismissed its negligence claim for damages, the sought discovery would still be irrelevant. Negligence—a tort concept—is categorically irrelevant to a breach of contract claim. *Plumbing Supply, LLC v. ExxonMobil Oil Corp.*, 2017 WL 3913020, at *7 (S.D.N.Y. Sept. 5, 2017) ("[C]ontributory and/or comparative negligence is not a defense . . . to breach of contract."); *Exodus Partners, LLC v. Cooke*, 2007 WL 120053, at *14 n.17 (S.D.N.Y. Jan. 17, 2007) ("[T]he doctrine of comparative fault does not apply to contract claims."). And the weight of authority makes clear that that negligence is irrelevant to breach of fiduciary duty too. *Conway v. Icahn & Co.*, 16 F.3d 504, 511 (2d Cir. 1994) ("A full award for breach of fiduciary duty could not be reduced for contributory negligence."); *Scott v. Dime Sav. Bank of New York, FSB*, 886 F. Supp. 1073, 1081 (S.D.N.Y. 1995) ("comparative fault" does not reduce the amount of damages to which a plaintiff is entitled for "breach of fiduciary duty"). Gryphon cites nothing to the contrary and its breezy assertion that the discovery sought is relevant is insufficient to meet its burden.[4]

\*\*\*

---

[3] Affirmative Defense No. 1 is generically for failure to state a claim and Gryphon has failed to articulate how it will use the sought discovery except to show that Sphere was negligent.

[4] To the extent the court deems the discovery is relevant, however, it is plainly overbroad, as only the narrow period surrounding the Spoofing Attacks would be relevant.

Accordingly, Gryphon presents no basis to hold an informal conference and its request for discovery can be denied on this record.  That said, Sphere is of course available to appear at an informal conference at your Honor's convenience.

Sincerely,

*/s/ Gregory N. Wolfe*