# DONTZIN NAGY & FLEISSIG LLP

31 E 62nd Street | New York, New York 10065 | (212) 717 - 2900

Gregory N. Wolfe
greg@dnfllp.com

**VIA ECF AND FEDEX**　　　　　　　　　　　　　　　　　　　　　　　June 21, 2024

Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1660
New York, NY 10007

　　　　　　　Re:　　*Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:23-cv-02954-PKC

Dear Judge Figueredo:

　　We represent plaintiff-counterdefendant Sphere 3D Corp. ("Sphere") and respectfully seek a discovery conference to resolve an ongoing discovery dispute with defendant-counterclaimant Gryphon Digital Mining, Inc. ("Gryphon"). A conference is presently set for **June 27** on a discovery issue raised by Gryphon. Sphere respectfully suggests that this dispute be addressed at the June 27 conference or, alternatively, at another time convenient for the Court.

　　By way of background, this action arises out of Gryphon's breaches of contract and fiduciary duty. The parties are both in the business of digital asset mining—*i.e.*, using highly sophisticated computers to generate digital assets, such as bitcoin. *See* Second Am. Compl. ("SAC") ¶ 1. Under the Master Services Agreement between the parties dated August 19, 2021, as subsequently amended (the "MSA"), Gryphon undertook an obligation to be the "exclusive provider of any and all management services for" Sphere's "blockchain and cryptocurrency-related operations"—*i.e.*, essentially Sphere's business. *Id.* In exchange, Gryphon received fantastic fees. *Id.*

　　Gryphon, however, was content to receive the benefits of the MSA without fulfilling its contractual duties or the fiduciary duties that come with being the exclusive manager of Sphere's business, including as the broker of Sphere's investments. *Id.* at 2. Gryphon provided utterly abhorrent management services, engaged in self-dealing, and prioritized its own interests to the detriment of Sphere. Although Gryphon has denied the existence of a fiduciary relationship, it has sued Sphere on the theory that it can control Sphere to the point that Sphere cannot even "attempt to create a business relationship" with any other player in the crypto-industry. *E.g.*, Fourth Am. Counterclaim ¶ 48. According to Gryphon, unless Gryphon gives the go-ahead, Sphere cannot do business. *Id.*

　　On August 18, 2023, Gryphon moved to dismiss the fiduciary duty claim. On October 27, the Court denied the motion without prejudice to renewal by November 9, 2023. *See* Dkts. 40–41. Gryphon opted not to renew its motion, thereby conceding the sufficiency of the claim.

　　Through this Letter, Sphere seeks an order compelling Gryphon to produce documents and communications in response to Sphere RFP Nos. 5, 8, 16, 22, and 24 (the "RFPs") as written, which seek documents and communications on the following topics:

- Gryphon's "efforts to secure hosting for [its] miners" and "to ensure the operation of [its] miners."

- "the selection of mining pools for Gryphon."[1]

- "the hosting of Gryphon's miners at" a highly relevant third party, Core Scientific, Inc.

- "any treasury management strategy employed on behalf or for the benefit of Gryphon."

*See* Ex. 1 (Gryphon R&Os to Sphere's RFPs).  In its R&Os, Gryphon specifically objected to each RFP as "overbroad, unduly burdensome, and not proportionate to the needs of the Action" but without further elaboration and refused to produce any documents.  *Id.*

The parties have exchanged numerous correspondence on this issue (*see, e.g.*, Exs. 2–3) and met-and-conferred twice in good faith, but have nevertheless been unable to resolve this dispute.  The parties first met-and-conferred on May 1, 2024, from approximately 11:00 AM to 11:45 AM (the "First M&C"), and most recently on June 21, 2024 (the "Second M&C") from approximately 10:00 AM to 10:30 AM.  At both calls, Sphere was represented by the undersigned and my colleague Rahul Srinivas, while Gryphon was represented by Elizabeth Carter and William Winter.  At the conclusion of the Second M&C, Sphere informed Gryphon that the parties were at an impasse and it would be seeking the present relief with the Court.

In correspondence dated June 20, 2024, Gryphon asserted that, although it had not provided a specific relevance objection in response to the RFPs, the RFPs nevertheless sought irrelevant information. Ex. 3 at 1. In doing so, Gryphon relied upon a general boilerplate relevance objection asserted in response to every single one of Sphere's Requests for Production.  It is axiomatic, however, that "incorporating" such "General Objections into each response" violate the FRCP and are thus ineffective.  *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017).

In any event, Gryphon did not assert a specific relevance objection with good reason:  the discovery sought is materially relevant to Sphere's fiduciary duty claim.  As noted, Gryphon has conceded the sufficiency of the claim.  Among other things, Sphere has alleged that Gryphon has prioritized its miners over Sphere's and employed more advantageous investment strategies for itself, to the detriment of Sphere. SAC ¶ 47. Despite being managed by the same company, Gryphon's miners consistently outperformed Sphere's, which would not happen unless Gryphon engaged in self-dealing.  *Id.*  Monthly reports reflect that Gryphon's miners inexplicably outperformed Sphere's miners.  The discovery sought—*i.e.*, how Gryphon was treating its own miners, mining pools, and investment strategies—will demonstrate the reason was that Gryphon prioritized its own miners and operations over those of Sphere, in violation of its fiduciary duties.

At the Second M&C (as it had in its correspondence to date as well as at the First M&C), Gryphon maintained that the discovery sought is overbroad, unduly burdensome, and not proportionate to the needs of the case.  Gryphon did not proffer how many documents it would have to review or produce in response to the RFPs.  It instead asserted that it thinks the claim is marginal and that the discovery sought is thus of marginal relevance, so it would not be proportionate to the needs of the case to produce much discovery on the claim.  Gryphon asserted

---

[1] Mining companies often direct miners to participate in so-called mining pools, which aggregate mining power attributable to multiple miners and typically pay out on a pro rata basis based on the company's contribution to the pool. Not all mining pools are created equal; selecting lucrative mining pools is critical to commercial success in the crypto-space.  *See* SAC ¶ 25.

that its entire business is crypto-mining, so the discovery sought is unduly intrusive. Gryphon acknowledged that Sphere had asked Gryphon to produce documents identified through search terms from four custodians and to produce so-called go-gets—namely, easily identifiable categories of documents not necessarily amenable to search terms, such as reports reflecting the performance of Gryphon's miners and of Sphere's miners, software upgrades, communications with potential hosts for Sphere's miners, and revenue information. Nevertheless, it asserted that the burden was on Sphere to tell it what sub-universe of documents sought by the RFPs would be proportionate to the needs of the cases. As a compromise, Gryphon offered to produce only documents and communications that discuss the performance of Gryphon's miners vis-à-vis those miners that Gryphon managed on behalf of Sphere.

Gryphon's specific objections should be overruled if only because they are "boilerplate" and unsubstantiated. *Fischer*, 2017 WL 773694, at *3; *see also Leibovitz v. City of New York*, 2017 WL 462515, at *2 (S.D.N.Y. Feb. 3, 2017) ("General boilerplate objections are inappropriate and unpersuasive."). In any event, the explanation for the objections through the meet-and-confer process remains boilerplate. Gryphon has provided no indication of how many documents it will need to search for and produce in response to the RFPs. Meanwhile, Sphere has provided Gryphon with search terms and easily collectible categories of documents it believes relevant (e.g., mining reports, revenue information, and communications with the potential hosts) and further indicated that, if the search terms return an unusually large number of hits, it is willing to pare them back.

During the Second M&C, Gryphon also asserted that Sphere was attempting to flip the burden with respect to overbreadth and proportionality, but that has it backward: the "burden" is on Gryphon to explain, through detailed factual submissions, why it would be unduly burdensome and disproportionate to the needs of the case to produce the requested discovery. *Fritz v. LVNV Funding, LLC*, 587 F. Supp. 3d 1, 4–5 (E.D.N.Y. 2022). Also inadequate is Gryphon's self-serving compromise to produce documents reflecting its own views of why its miners are outperforming Sphere's. Sphere is entitled to explore exactly what Gryphon did with its miners and investment strategies as compared to Sphere's to prove that Gryphon was preferring its own interests over those of Sphere. Having conceded the sufficiency of the fiduciary duty claims, Gryphon cannot withhold the very discovery that Sphere would use to prove up those claims. Naturally, Gryphon asserts Sphere will not prevail on its claim, but that is no basis to withhold relevant discovery.

Finally, Gryphon's objections ring hollow in light of the breadth of discovery it has served on Sphere. Gryphon has asked for largely parallel discovery, including all documents and communications "related to any digital assets or other revenues generated for Sphere's benefit"; "any treasury management strategy employed" for Sphere; the "actual or potential hosting services for Sphere's miners"; all crypto-related services provided by third-parties to Sphere; the "possibl[e]" or "actual direction of" Sphere's miners "to any mining pool(s)." *See* Gryphon RFPs Nos. 1, 4, 7, 28–29 (attached as Exhibit 4). In this Court, "what's sauce for the goose is sauce for the gander." *Giuffre v. Dershowitz*, 2022 WL 827825, at *2 (S.D.N.Y. Feb. 14, 2022) (ordering production where adversary had sought similar discovery).

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Gregory N. Wolfe*