# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                  :

SPHERE 3D CORP.,                       :
                                  :
                *Plaintiff and*      :
                *Counter-Defendant,*  :
                                  :
             v.                  :     Case No. 1:23-cv-02954-PKC
                                  :
                                  :

GRYPHON DIGITAL MINING, INC.,    :
                                  :
                *Defendant and*    :
                *Counter-Plaintiff*   :
-------------------------------------------------------------x

## GRYPHON DIGITAL MINING, INC.'S RESPONSES AND OBJECTIONS TO SPHERE 3D CORP.'S FIRST AMENDED SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

       Defendant and Counterclaim-Plaintiff Gryphon Digital Mining, Inc. ("Gryphon"), by and through its undersigned counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of this Court (the "Local Rules"), hereby submits these responses and objections to the First Amended Set of Requests for Production of Documents ("the "Requests" and each, a "Request") served by Plaintiff and Counterclaim-Defendant Sphere 3D Corp. ("Sphere") in connection with the above-captioned action (the "Action").

## GENERAL OBJECTIONS

       1.     Gryphon objects to each and every Instruction, Definition, and Request to the extent that they purport to impose obligations on Gryphon that exceed or vary from the requirements of, or call for Gryphon to do more than is required under, the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law, or orders.

1

2.    Gryphon objects to each and every Instruction, Definition, and Request insofar as they seek, or can be construed to seek, the production or disclosure of any information, communication, and/or document that is protected from disclosure by the attorney-client privilege, the joint defense or common interest privileges, the work product doctrine or any other applicable privilege or immunity from disclosure.

3.    Gryphon objects to each and every Instruction, Definition, and Request to the extent they seek information and/or documents that are publicly available, already within Sphere's knowledge, possession, custody, or control, otherwise equally accessible to Sphere, and/or already being obtained from other sources.

4.    Gryphon objects to each and every Instruction, Definition, and Request to the extent they would require Gryphon to search for and produce documents, including e-mails, stored on backup tapes or similar electronic media that is not reasonably accessible and/or subject to undue burden or cost.  Gryphon will only produce documents that may be collected and produced after a reasonable search without undue burden or cost.  Gryphon objects to each and every Instruction, Definition, and Request as overly broad and unduly burdensome to the extent they seek information or documents that are not relevant to any claim or defense asserted in the Action, and/or not proportional to the needs of the Action.

5.    Gryphon objects to each and every Instruction, Definition, and Request that purports to require Gryphon to identify information or provide discovery with respect to "each," "every," "all," "any," or similar all-encompassing wording, when doing so would be unduly burdensome and not proportional to the needs of the Action.  Gryphon will conduct a reasonable and good faith search for responsive documents that is proportional to the needs of the Action from

custodians who are reasonably identified as potentially having responsive, non-privileged documents to the Requests.

6.      To the extent that Gryphon agrees to produce documents in response to the Requests, Gryphon will only produce documents that are relevant to claims and defenses that are then-pending in this Action.

7.      Gryphon makes no admission of any nature herein, and no admission may be implied by, or inferred from, these Responses and Objections.  In particular, and without limitation, Gryphon objects to the Requests insofar as they assume facts or legal conclusions in defining the documents requested.  Any response, including any statement made of an intent to produce documents, any production of documents or any document itself, is not, and shall not be deemed to be, an admission of any factual or legal contention or that documents being produced are relevant to the claims or defenses of any party to the Action or admissible as evidence.  Any statement made herein of an intent to produce responsive documents is not, and shall not be deemed, an admission that any such documents in fact exist, and merely indicates that, if any such non-privileged documents exist, have not otherwise been objected to and are within Gryphon's possession, custody, or control, Gryphon will produce them.

8.      Gryphon reserves the right to supplement, clarify, and revise these Responses and Objections to the extent additional information becomes available in accordance with the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law, or orders.

## **OBJECTIONS TO DEFINITIONS**

1.      Gryphon objects to the definition of "the Complaint" to the extent that it purports to include an earlier complaint or pleading filed by Sphere that it not the operative complaint in

the Action.  Gryphon will interpret the term "the Complaint" to mean the Second Amended Complaint filed by Sphere on September 20, 2023 in the Action. ECF No. 36.

2.     Gryphon objects to the definition of "the Counterclaim" as vague and ambiguous. Gryphon will interpret the term to mean the Amended Answer and Fourth Amended Counterclaims filed by Gryphon on February 1, 2024 in the Action. ECF No. 65.  Gryphon objects to the definition of "Gryphon" as overbroad, unduly burdensome, not proportionate to the needs of the Action, and not reasonably calculated to lead to the discovery of admissible evidence.  Gryphon will interpret the term to mean Gryphon and its employees and officers.

3.     Gryphon objects to the definition of "Sphere" as overbroad, unduly burdensome, not proportionate to the needs of the Action, and not reasonably calculated to lead to the discovery of admissible evidence.  Gryphon will interpret the term Sphere to mean Sphere and its employees and officers.

4.     Gryphon objects to the definition of "Core" as overbroad, unduly burdensome, not proportionate to the needs of the Action, and not reasonably calculated to lead to the discovery of admissible evidence.  Gryphon will interpret the term Core to mean Core and its employees and officers,

## OBJECTIONS TO INSTRUCTIONS

1.     Gryphon objects to Instruction No. 1 to the extent it purports to require Gryphon to search for or produce documents from files other than its own as overbroad, burdensome, and not proportional to the needs of the Action.  Gryphon will conduct a reasonable and good faith search for responsive documents from its own files that is proportional to the needs of the Action.

2.     Gryphon objects to Instruction No. 6 as overbroad, unduly burdensome, not proportionate to the needs of the Action, and not reasonably calculated to lead to the discovery of

admissible evidence.  Gryphon further objects to the Instruction to the extent it purports to include information that is not readily accessible or otherwise seeks to impose obligations on Gryphon greater than, or inconsistent with, the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law, or orders.  Notwithstanding the foregoing objections, if there are particular documents or communications that Sphere believes have been deleted, lost, discarded, otherwise disposed of, or are otherwise unavailable, Gryphon is available to meet and confer with Sphere on that topic.

3.    Gryphon objects to Instruction No. 7 to the extent that it purports to impose obligations on Gryphon greater than, or inconsistent with, the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law or orders.

4.    Gryphon objects to Instruction No. 10 to the extent that it is impermissibly duplicative of, *inter alia*, Instruction Nos. 8 and 9.

## SPECIFIC RESPONSES AND OBJECTIONS

The following specific objections and responses shall be deemed to supplement and to be subject to each of the General Objections, Objections to Definitions, and Objections to Instructions, which are incorporated into each of the specific responses and are not in any way limited by the specific objections and responses.

## REQUEST NO. 1

Produce all Documents and Communications related to any services You provided to Sphere, including without limitation any Communications with any third-parties regarding such services.

## RESPONSE TO REQUEST NO. 1

Gryphon objects to Request No. 1 to the extent it is overbroad and unduly burdensome

insofar as it purports to seek "all" documents and communications related to "any services" provided to Sphere. Gryphon further objects to the extent Request No. 1 seeks documents that are already within Sphere's possession. Subject to and without waiving its general and specific objections, Gryphon will produce responsive, non-privileged documents located after a reasonable search, if any, in response to Request No. 1.

**REQUEST NO. 2**

Produce all Documents and Communications related to the MSA, including without limitation its negotiation and amendments thereto and their negotiation, from June 1, 2021, through present.

**RESPONSE TO REQUEST NO. 2**

Gryphon objects to Request No. 2 on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to the MSA. Gryphon further objects to Request No. 2 to the extent it would require Gryphon to search for and provide information that is not in Gryphon's possession, custody, or control. Gryphon further objects to this Request to the extent that it seeks documents or information that are already within Sphere's possession, custody, or control.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and specific objections, Gryphon will produce responsive, non-privileged documents located after a reasonable search, if any, for the period covering August 19, 2021 through the present.

**REQUEST NO. 3**

Produce all Documents and Communications related to Your internal policies and

6

procedures, including without limitation those related to the handling of digital assets and Your internal controls.

**RESPONSE TO REQUEST NO. 3**

Gryphon objects to Request No. 3 as vague and ambiguous to the extent that the terms "internal policies," "internal procedures," and "internal controls" are not terms that are defined herein. Gryphon further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to Gryphon's internal policies, procedures, or controls without regard to any claim or defense asserted in this Action.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and specific objections, Gryphon will produce responsive, non-privileged documents located after a reasonable search reflecting policies and procedures related to the handling of digital assets, if any, for the period covering August 19, 2021 through the present, in response to this Request.

**REQUEST NO. 4**

Produce all Documents and Communications related to Your efforts to secure hosting for Sphere's miners, including without limitation any Communications with any provider of hosting regarding space availability, time availability, and pricing.

**RESPONSE TO REQUEST NO. 4**

Gryphon objects to Request No. 4 as overbroad, unduly burdensome, and not proportional to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to any efforts made by Gryphon to secure hosting for Sphere's miners. Gryphon further objects to this Request to the extent that it seeks documents that are already within

Sphere's possession, custody, or control.  Gryphon further objects to this Request to the extent it is impermissibly duplicative of Request No. 1.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and specific objections, Gryphon will produce responsive, non-privileged documents located after a reasonable search, if any, in response to this Request.

## REQUEST NO. 5

Produce all Documents and Communications related to Your efforts to secure hosting for Gryphon's miners, including without limitation any Communications with any provider of hosting regarding space availability, time availability, and pricing.

## RESPONSE TO REQUEST NO. 5

Gryphon objects to Request No. 5 as overbroad, unduly burdensome, and not proportional to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to Gryphon's efforts to secure hosting for its own miners.  Gryphon will not be producing documents in response to this Request.

## REQUEST NO. 6

Produce all Documents and Communications related to any interactions You had with the U.S. Customs and Border Protection agency in connection with Sphere, including without limitation all Communications related any shipment of miners held by the U.S. Customs and Border Protection agency in July and August 2022.

## RESPONSE TO REQUEST NO. 6

Gryphon objects to Request No. 5 as overbroad, unduly burdensome, and not proportional to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to any interactions Gryphon may have had with the U.S. Customs and

8

Border Protection agency.  Gryphon further objects to this Request to the extent that it seeks documents that are already within Sphere's possession, custody, or control.

Subject to and without waiving the foregoing general objections, objections to definitions, objections to instructions, and specific objections, Gryphon will produce responsive, non-privileged documents located after a reasonable search, if any, in response to this Request.

## REQUEST NO. 7

Produce all Documents and Communications related to Your efforts to ensure the operation of Sphere's miners.

## RESPONSE TO REQUEST NO. 7

Gryphon objects to Request No. 7 as overbroad, unduly burdensome, and not proportional to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to any efforts made by Gryphon efforts to ensure the operation of Sphere's miners.  Gryphon further objects to this Request as vague and ambiguous to the extent it says "ensure the operation" of Sphere's miners.  Gryphon further objects to this Request to the extent that it seeks documents or communications that are already within Sphere's possession, custody, or control.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and specific objections, Gryphon will produce responsive, non-privileged documents located after a reasonable search, if any, in response to this Request.

## REQUEST NO. 8

Produce all Documents and Communications related to Your efforts to ensure the operation of Gryphon's miners.

**RESPONSE TO REQUEST NO. 8**

Gryphon objects to Request No. 8 as overbroad, unduly burdensome, and not proportional to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to Gryphon's efforts to ensure the operation of Gryphon's miners. Gryphon further objects to this Request as vague and ambiguous to the extent it purports to state "ensure the operation" of Gryphon's miners. Gryphon will not be producing documents in response to this Request.

**REQUEST NO. 9**

Produce all Documents and Communications related to the calculation of any payment or consideration due to Sphere under the MSA.

**RESPONSE TO REQUEST NO. 9**

Gryphon objects to Request No. 9 as not relevant to the claims asserted by Sphere in the Action as Sphere does not allege any purported failure by Gryphon to remit funds owed to Sphere under the MSA in this Action. Gryphon further objects to this Request as overbroad and unduly burdensome to the extent it purports to require Gryphon to produce all documents and communications related to the calculation of any payment or consideration due to Sphere under the MSA. Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions, Gryphon will produce the calculations for payments due to Sphere under the MSA.

**REQUEST NO. 10**

Produce all Documents and Communications related to the calculation of any payment or consideration due to Gryphon under the MSA.

**RESPONSE TO REQUEST NO. 10**

Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions, Gryphon directs Sphere's attention to the Management Fee/Operating Costs provision of the MSA, which defines the method of calculating funds owed to Gryphon under the parties' contract. MSA at 1.

**REQUEST NO. 11**

Produce all Documents and Communications relating to any instruction by Sphere to sell digital assets.

**RESPONSE TO REQUEST NO. 11**

Gryphon objects to Request No. 11 as overbroad, unduly burdensome, and not proportional to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to "any instruction by Sphere to sell digital assets." Gryphon further objects to this Request to the extent that it seeks documents that are already within Sphere's possession, custody, or control.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and specific objections, Gryphon will produce responsive, non-privileged documents located after a reasonable search, if any, in response to this Request.

**REQUEST NO. 12**

Produce all Documents and Communications related to Your review of invoices in connection with the provision of any services to Sphere.

**RESPONSE TO REQUEST NO. 12**

Gryphon objects to Request No. 12 as vague and ambiguous to the extent it says "Your review of invoices in connection with the provision of any services to Sphere." Thus, Gryphon is

unable to respond to this Request.

## REQUEST NO. 13

Produce all Documents and Communications related to any third party You interfaced with in connection with providing services to Sphere.

## RESPONSE TO REQUEST NO. 13

Gryphon objects to Request No. 13 as overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to any third-party that Gryphon may have interfaced with in connection with providing services to Sphere under the MSA. Gryphon further objects to this Request to the extent that it seeks documents that are already within Sphere's possession, custody, or control. Gryphon further objects to this Request as impermissibly duplicative of Request No. 1.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and specific objections, Gryphon will produce responsive, non-privileged documents located after a reasonable search, if any, to the extent it produces documents in response to Request No. 1.

## REQUEST NO. 14

Produce all Documents and Communications related to Sphere's business relationships with any third party.

## RESPONSE TO REQUEST NO. 14

Gryphon objects to Request No. 14 as vague and ambiguous to the extent it says "Sphere's business relationships," which is not a term that is defined herein. Gryphon further objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar

as it purports to require Gryphon to produce all documents and communications related to Sphere's business relationships with any third party.  Gryphon further objects to this Request to the extent that it seeks documents that are already within Sphere's possession, custody, or control.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, Objections to Instructions, and specific objections, Gryphon will produce responsive, non-privileged documents located after a reasonable search, if any, in response to this Request.

**REQUEST NO. 15**

Produce all Documents and Communications related to the selection of mining pools for Sphere, including without limitation any strategies employed.

**RESPONSE TO REQUEST NO. 15**

Gryphon objects to Request No. 15 as vague and ambiguous to the extent that "strategies" is not a term that is defined herein.  Gryphon further objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to the selection of mining pools for Sphere.  Gryphon further objects to this Request to the extent that it seeks documents or information that are already within Sphere's possession, custody, or control.  Gryphon further objects to this Request as impermissibly duplicative of Request No. 1.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions, Gryphon will produce responsive, non-privileged documents located after a reasonable search, if any, to the extent it produces documents in response to Request No. 1.

**REQUEST NO. 16**

Produce all Documents and Communications related to the selection of mining pools for

Gryphon, including without limitation any strategies employed.

**RESPONSE TO REQUEST NO. 16**

Gryphon objects to Request No. 16 as vague and ambiguous to the extent that "strategies" is not a term that is defined herein. Gryphon further objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to the selection of mining pools for Gryphon. Gryphon will not be producing documents in response to this Request.

**REQUEST NO. 17**

Produce all Documents and Communications related to any wallets or other similar repositories maintained for Sphere's benefit.

**RESPONSE TO REQUEST NO. 17**

Gryphon objects to Request No. 17 to the extent that it seeks documents or information that are already within Sphere's possession, custody, or control. Insofar as Sphere has admitted to maintaining its own "wallets or other similar repositories" for its own benefit in violation of terms of the MSA, Gryphon does not have access to that information and thus cannot produce it. Gryphon will not be producing documents in response to this Request.

**REQUEST NO. 18**

Produce all Documents and Communications related to any wallets or other similar repositories maintained for Gryphon's benefit.

**RESPONSE TO REQUEST NO. 18**

Gryphon objects to Request No. 18 as overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar as it purports to seek "all Documents" and "all Communications" regarding "any wallets or other similar repositories maintained for Gryphon's

benefit." Gryphon will not be producing documents in response to this Request.

## REQUEST NO. 19

Produce all Documents and Communications related to any digital assets or other revenues generated for Sphere's benefit.

## RESPONSE TO REQUEST NO. 19

Gryphon objects to Request No. 19 to the extent that it is overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications concerning "any digital assets or other revenues generated for Sphere's benefit." Gryphon further objects to this Request to the extent that it seeks documents or communications that are already within Sphere's possession, custody, or control. Gryphon obviously does not have access to any documents or communications concerning "any digital assets or other revenues generated for Sphere's benefit" pursuant to third-party hosting agreements entered into by Sphere in violation of the terms of the MSA and thus cannot produce such documents and communications.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions, and specific objections, Gryphon will produce responsive, non-privileged documents located after a reasonable search, if any, in response to this Request.

## REQUEST NO. 20

Produce all Documents and Communications related to any digital assets or other revenues generated for Gryphon's benefit.

## RESPONSE TO REQUEST NO. 20

Gryphon objects to Request No. 20 to the extent that it is overbroad, unduly burdensome,

and not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications "related to any digital assets or other revenues generated for Gryphon's benefit." Gryphon further objects to this Request to the extent that it seeks documents or information that are already publicly available. Gryphon will not be providing any documents in response to this Request.

**REQUEST NO. 21**

Produce all Documents and Communications related to the hosting of Sphere's miners at Core.

**RESPONSE TO REQUEST NO. 21**

Gryphon objects to Request No. 21 to the extent it is impermissibly duplicative of, *inter alia*, Request Nos. 1 and 4.

**REQUEST NO. 22**

Produce all Documents and Communications related to the hosting of Gryphon's miners at Core.

**RESPONSE TO REQUEST NO. 22**

Gryphon objects to Request No. 22 as overbroad, unduly burdensome, not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to the hosting of Gryphon's miners at Core. Gryphon further objects to this Request to the extent that it seeks documents or information that are already publicly available. Gryphon will not be providing documents in response to this Request.

**REQUEST NO. 23**

Produce all Documents and Communications related to any treasury management strategy employed on behalf or for the benefit of Sphere.

**RESPONSE TO REQUEST NO. 23**

Gryphon objects to Request No. 23 as overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to any treasury management strategy employed for Sphere's benefit.  Gryphon further objects to this Request as vague and ambiguous to the extent that "treasury management strategy" is not a term that is defined herein.

Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions, and specific objections, Gryphon will produce responsive, non-privileged documents and communications located after a reasonable search, if any, in response to this Request.

**REQUEST NO. 24**

Produce all Documents and Communications related to any treasury management strategy employed on behalf or for the benefit of Gryphon.

**RESPONSE TO REQUEST NO. 24**

Gryphon objects to Request No. 24 as overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to any treasury management strategy employed for Gryphon's benefit.  Gryphon further objects to this Request as vague and ambiguous to the extent that "treasury management strategy" is not a term that is defined herein.  Gryphon will not be producing documents in response to this Request.

**REQUEST NO. 25**

Produce all Documents and Communications related to the filing of any proof of claim in any bankruptcy proceeding filed by Core.

17

## RESPONSE TO REQUEST NO. 25

Gryphon objects to Request No. 25 as not relevant to the claims and defenses asserted by Sphere in the Action.  Gryphon further objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to the filing of any proof of claim in "any bankruptcy proceeding" filed by Core.  Gryphon further objects to this Request to the extent that it seeks documents or information that are already within Sphere's possession, custody, or control or are otherwise publicly available.  Gryphon will not be producing documents in response to this Request.

## REQUEST NO. 26

Produce all Documents and Communications related to any attempt to protect the rights of Sphere in any bankruptcy proceeding filed by Core.

## RESPONSE TO REQUEST NO. 26

Gryphon objects to Request No. 26 as not relevant to the claims and defenses asserted by Sphere in the Action.  Gryphon further objects to this Request as overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications "related to any attempt to protect the rights of Sphere in any bankruptcy proceeding filed by Core."  Gryphon further objects to this Request as vague and ambiguous to the extent it purports to state "protect the rights of Sphere."  Gryphon further objects to this Request to the extent that it seeks documents or information that are already within Sphere's possession, custody, or control or are otherwise publicly available.  Gryphon will not be producing documents in response to this Request.

**REQUEST NO. 27**

Produce all Documents and Communications related to any payment or nonpayment of Sphere's third-party hosts, including without limitation Rebel Mining Co. and Lancium.

**RESPONSE TO REQUEST NO. 27**

Gryphon objects to Request No. 27 as impermissibly duplicative of, *inter alia*, Request Nos. 1, 4, 13, 14, and 19. Gryphon further objects to this Request to the extent that it seeks documents that are already within Sphere's possession, custody, or control.  To the extent Sphere directly paid (or failed to pay) third-party hosts in violation of the terms of the MSA, Gryphon obviously does not have access to this information and thus cannot produce it.

**REQUEST NO. 29**

Produce all Documents and Communications related to Foundry in connection with Gryphon providing services to Sphere.

**RESPONSE TO REQUEST NO. 29**

Gryphon objects to Request No. 29 as impermissibly duplicative of Request No. 1. Gryphon will not be producing any unique documents in response to this Request.

**REQUEST NO. 30**

Produce all Documents and Communications related to any effort to mitigate any harm You allege Sphere caused You.

**RESPONSE TO REQUEST NO. 30**

Gryphon objects to Request No. 30 as overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to any effort to mitigate the harm caused by Sphere's repeated breaches of the MSA.

Subject to and without waiving the foregoing general objections, objections to definitions, and objections to instructions, and specific objections, Gryphon will produce responsive, non-privileged documents located after a reasonable search, if any, in response to this Request.

**REQUEST NO. 31**

Produce all Documents and Communications relating to any alleged breach of the MSA by Sphere and the impact on Gryphon.

**RESPONSE TO REQUEST NO. 31**

Gryphon objects to Request No. 31 as overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all documents and communications related to any alleged breach of the MSA by Sphere and the impact on Gryphon. Gryphon objects to Request No. 31 to the extent that it seeks documents or information that are already within Sphere's possession, custody, or control. To the extent that Sphere breached the MSA, such documents would be in the possession, custody, or control of Sphere and thus Gryphon cannot produce them.

Subject to and without waiving the foregoing general objections, objections to definitions, and objections to instructions, and specific objections, Gryphon will produce responsive, non-privileged documents located after a reasonable search, if any, in response to this Request.

**REQUEST NO. 32**

Produce all Documents and Communications related to Sphere and the allegations in the Complaint and Your Counterclaim from June 1, 2021, through the present.

**RESPONSE TO REQUEST NO. 32**

Gryphon objects to Request No. 32 as overbroad, unduly burdensome, and not proportionate to the needs of the Action insofar as it purports to require Gryphon to produce all

documents and communications related to Sphere, the allegations in Sphere's Complaint, and Gryphon's Amended Answer and Fourth Amended Counterclaims.  Gryphon further objects to this Request to the extent that it is impermissibly duplicative of nearly all other preceding Requests.  Gryphon will not be producing any unique documents in response to this Request.

## REQUEST NO. 33

Produce all Documents and Communications on which You intend to rely or introduce into evidence in connection with any deposition, hearing, or the trial in this Lawsuit.

## RESPONSE TO REQUEST NO. 33

Gryphon objects to Request No. 33 as premature at this stage in the Action.  Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions, and specific objections, Gryphon will produce responsive, non-privileged documents that it intends to rely on or introduce into evidence in connection with any deposition, hearing, or trial at the appropriate stage in the proceedings and in accordance with the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law, or orders.

## REQUEST NO. 34

Produce all Documents and Communications that You received from any third party in response to any subpoena or request issued in relation to this Lawsuit, whether or not issued by the presiding court.

## RESPONSE TO REQUEST NO. 34

Gryphon objections to Request No. 34 as impermissibly duplicative of, *inter alia*, Request Nos. 1, 2, 13, 14, 30, 31, 32, and 33.  Gryphon further objects to this Request as premature at this stage in the Action.  Subject to and without waiving the foregoing General Objections, Objections to Definitions, and Objections to Instructions, and specific objections, Gryphon will produce

21

responsive, non-privileged documents located after a reasonable search, if any, in response to this Request.

Dated: April 15, 2024

Respectfully submitted,

HOGAN LOVELLS US LLP

*/s/ Dennis H. Tracey, III*
Dennis H. Tracey, III
Elizabeth C. Carter
William C. Winter
390 Madison Avenue
New York, New York 10017
dennis.tracey@hoganlovells.com
elizabeth.carter@hoganlovells.com
william.winter@hoganlovells.com

*Attorneys for*
*Gryphon Digital Mining, Inc.*