# Exhibit 2

# DONTZIN NAGY & FLEISSIG

Gregory N. Wolfe
greg@dnfllp.com

31 East 62nd Street | New York, New York 10065 | (212) 717 - 2900

**VIA EMAIL**

June 18, 2024

Elizabeth C. Carter
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
elizabeth.carter@hoganlovells.com

**Re:**    ***Sphere 3D Corp., v. Gryphon Digital Mining Inc.,* 23-cv-02954-PKC**

Counsel:

We are in receipt of your June 3, 2024 Letter ("the Letter"), which laid out the remaining sources of disagreement between Sphere 3D Corp. ("Sphere") and Gryphon Digital Mining, Inc. ("Gryphon"), regarding the discovery requests served by the parties on March 25, 2024.  We write in response to the Letter and to address the ongoing discovery process.

## I.    GRYPHON HAS YET TO PROVIDE A HIT REPORT

On June 3, 2024, we provided proposed search terms and asked that Gryphon search the files of four custodians.  Gryphon has yet to provide a hit report or to confirm it will search the files of the four custodians.  Please confirm it will search those custodians and provide the requested hit report.

## II.    GRYPHON'S THREATENED FRAUDULENT TRANSFER ACTION IS NOT WELL TAKEN

Gryphon claims that it will deem any transfer of the Core Equity Proceeds a "fraudulent transfer."  The threat is frivolous.  Gryphon is not entitled to the Core Equity Proceeds—indeed, it withdrew with prejudice its breach of contract claim alleging an entitlement to the Core Equity Proceeds and the Court already rejected Gryphon's attempts to attach the Core Equity Proceeds.

## III.    GRYPHON'S RFP NOS. 17, 18, 19, AND 24

Sphere's position on these requests has not changed.  As noted in the Letter, the court is set to hear argument on these issues on June 27, 2024.

## IV.    SPHERE RFP NOS. 5, 8, 16, 18, 22, AND 24

Gryphon's objections to Sphere RFP Nos. 5, 8, 16, 18, 22, and 24 are without merit. Gryphon has not asserted a relevance objection in response to these requests.  Moreover, although Gryphon asserts that the requests are unduly burdensome, the boilerplate objection is insufficient. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("Where a party objects to a discovery request, the objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. General and conclusory objections as to relevance, overbreadth, or burden are insufficient to

exclude discovery of requested information.") (internal citations and quotation marks omitted), *see also Fritz v. LVNV Funding, LLC*, 587 F. Supp. 3d 1, 4–5 (E.D.N.Y. 2022) (rejecting a party's objection to producing responsive documents where "they have not made the required showing, with specificity, that they would suffer a burden disproportionate to the potential benefits if required to produce the documents").

Because Gryphon has not proposed any production scheme, the parties appear to be at an impasse. Please advise us of your availability on either Wednesday, Thursday, or Friday of this week to meet and confer on these Requests. Given the history here, our view is that it is likely we will need to seek Court relief.

## V.    SPHERE RFP NOS. 10, 17, 27, 29, 32

We will accept for now that the parties' dispute can be resolved through search terms but reserve all rights.

## VI.    FOOTNOTE FOUR

Footnote 4 states: "[i]t should also be noted that, during the May 1 Meet and Confer, Sphere's counsel agreed to provide a written response related to the factual allegations forming the basis for Sphere's claim against Gryphon for breach of fiduciary duties. As of June 3, 2024, Sphere's counsel has yet to provide its promised written response to Gryphon's counsel." (Letter at 3, n. 4).

This footnote misrepresents what Sphere's counsel said at the Meet and Confer. At the Meet and Confer, Sphere's counsel stated that it would confirm in writing whether the spoofing allegations in Sphere's complaint are related to Sphere's breach of fiduciary duty claim, which it did.

\*\*\*

Sphere reserves all rights. I am of course available to discuss any of these matters.

Sincerely,

*Gregory N. Wolfe*

*/s/ Gregory N. Wolfe*

2