# Exhibit 3



Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

June 20, 2024

**By Electronic Mail**

Gregory N. Wolfe
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, New York, 10065
greg@dnfllp.com

Re:    *Sphere 3D Corp., v. Gryphon Digital Mining, Inc., 23-cv-02954-PKC*

Dear Counsel:

We write in response to your June 18, 2024 letter (the "Letter"), which was a response to our June 3, 2024 letter ("Gryphon's June 3 Letter") that set forth our positions regarding the remaining sources of disagreements between the Parties to the discovery requests served on March 25, 2024.  Please find below our responses to the issues raised in your Letter.

**I.      Gryphon Will Provide Sphere with a Hit Report in Short Order**

On June 18, 2024, when Gryphon's counsel received the Letter, Gryphon's counsel responded to Sphere's counsel in less than thirty minutes via email and confirmed that Gryphon would search the available files of the four custodians identified by Sphere in its June 3, 2024 correspondence.  As stated in our June 18 Letter, Gryphon will provide a hit report by the end of this week barring any unforeseen issues.

**II.     Sphere's Discovery Responses and Objections to Gryphon's Discovery Requests**

Gryphon is not "threat[ening]" Sphere in the least.  As set forth in our June 3 Letter, Sphere is on notice that Gryphon will deem fraudulent and pursue any transfer of the Core Equity Proceeds out of Sphere with the intent to evade satisfaction of any judgment rendered in this matter.

**III.    Sphere's RFP Nos. 5, 8, 16, 18, 22 and 24**

Sphere misconstrues Gryphon's responses and objections as to Sphere's RFP Nos. 5, 8, 16, 18, 22, and 24, which clearly incorporate by reference Gryphon's general objections, including the relevance and proportionality objections raised in Gryphon's April 15, 2024 Responses and Objections ("Gryphon's April 15 R&Os").1/  As you are aware, in multiple correspondence, Gryphon has asserted that whatever minimal relevance Gryphon's operations of its own miners may have to Sphere's

---

1 *See* Gryphon's April 15 R&Os at 5 ("The following specific objections and responses shall be deemed to supplement and to be subject to each of the General Objections, Objections to Definitions, and Objections to Instructions, ***which are incorporated into each of the specific responses*** and are not in any way limited by the specific objections and responses") (emphasis added).

1

fiduciary duty claim, if any, does not merit the intrusive, far-flung discovery into Gryphon's confidential and proprietary business operations and structures that Sphere now seeks. *See, e.g.*, *Edmondson v. RCI Hosp. Holdings, Inc.*, No. 16-CV-2242 (VEC), 2018 WL 4112816, at *1 (S.D.N.Y. Aug. 29, 2018) ("While the scope of relevance is broad, disclosure should not be directed simply to permit a fishing expedition.") (internal quotation marks omitted); *Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016) ("Proportionality and relevance are 'conjoined' concepts").

Further, during the May 1 Meet and Confer, Gryphon's counsel stated that it would consider in good faith any proposals for narrowing the scope of these requests if provided by Sphere. Following the May 1 Meet and Confer, Gryphon's counsel again reiterated in correspondence that it would like to work with Sphere to narrow these requests. *See* Gryphon's May 10 Ltr. at 3; *see also* Gryphon's June 3 Ltr. at 2. However, despite Sphere's counsel's representation during the May 1 Meet and Confer that it would discuss options for limiting these overbroad requests with its client, Sphere's counsel responded nearly three weeks later and refused to narrow these requests.

Despite Gryphon's counsel's repeated willingness to work with Sphere's counsel and find a solution to these overbroad requests, Sphere has so far refused to engage with Gryphon in an attempt to narrow these requests. Notwithstanding the absence of any proposal by Sphere to address Gryphon's objections, and in an effort to reach agreement, Gryphon agrees to consider and apply any search terms proposed by Sphere to address these Requests and produce from the hits any responsive, non-privileged documents that discuss the performance of Gryphon's miners vis-à-vis those miners that Gryphon managed on behalf of Sphere. Hopefully, this compromise position can obviate the need for motion practice on this issue.

We look forward to the meet and confer scheduled for Friday, June 21 at 10 a.m. Gryphon reserves all rights and waives none.

Respectfully submitted,

*/s/ Dennis H. Tracey, III*
Dennis H. Tracey, III
Elizabeth C. Carter
William C. Winter
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
dennis.tracey@hoganlovells.com
elizabeth.carter@hoganlovells.com
william.winter@hoganlovells.com

*Attorneys for Defendant*
*Gryphon Digital Mining, Inc.*