

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

June 26, 2024

**VIA ECF**

Hon. Valerie Figueredo
U.S. Magistrate Judge
U.S. District Court
Southern District of New York
500 Pearl Street, Room 1660
New York, NY 10007

RE:    *Sphere 3D Corp. v. Gryphon Digital Mining, Inc., 1:23-cv-02954-PKC*

Dear Judge Figueredo:

We represent Gryphon Digital Mining, Inc. ("Gryphon") and submit this letter in response to Sphere 3D Corp.'s ("Sphere") letter (the "Letter"), dated June 21, 2024 (ECF No. 85), addressed to the Court which requests a discovery conference to resolve an unresolved discovery dispute (the "Discovery Dispute") in the above-captioned matter.  Gryphon is prepared to address the Discovery Dispute at the Court's convenience, including at the currently scheduled discovery conference taking place on June 27, 2024, or at any other date.

I. **Background**

As background, this case involves a contractual dispute between Gryphon, a privately held bitcoin mining company and industry leader in environmentally responsible bitcoin mining, and Sphere, a public company that for the majority of the period relevant to the underlying dispute engaged in a host of data management and software businesses, in addition to beginning bitcoin mining operations in January 2022.  *See* Sphere Form 10-Q, dated May 13, 2024, at p. 8 available at https://sphere3d.gcs-web.com/node/15486/html.

Under the Parties' Master Services Agreement (the "MSA"), Sphere agreed that Gryphon "shall be [Sphere's] exclusive provider of any and all management services for all blockchain and cryptocurrency-related operations" and would be compensated for its services at a contractually-agreed upon service fee." *See, e.g.*, ECF No. 36 at Exs. 1 and 2.  It is undisputed that Sphere entered into multiple hosting agreements with other service providers in blatant violation of the MSA's terms.  *See*, *e.g.*, Sphere's Answer to Gryphon's Fourth Amended Counterclaims, ECF No. 78 at ¶¶ 37, 44, and 52.  Indeed, Sphere only filed this lawsuit in retaliation for Gryphon confronting Sphere about its intentional and repeated breaches of the MSA as evidenced by the fact that Sphere filed this lawsuit *the day after* Gryphon's counsel provided Sphere's counsel with a copy of a draft complaint in the hope that Sphere would cease its violative conduct.

Although Sphere raises numerous factual inaccuracies in its Letter, Gryphon does not take occasion to address them all because they are largely irrelevant to the Discovery Dispute.  *See* ECF 85 at 1 (alleging that Gryphon received "fantastic fees" under the MSA without fulfilling its duties, provided "abhorrent management services" to Sphere under the MSA, and engaged in "self-dealing").  Suffice it say, Gryphon disputes those allegations and will respond to them in full at the appropriate time.

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Berlin  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices:  Budapest  Jakarta  Shanghai FTZ.   Business Service Centers:   Johannesburg  Louisville.  For more information see www.hoganlovells.com

June 26, 2024

## II.     The Discovery Dispute

On March 25, 2024, the parties exchanged discovery requests. Among the requests that Sphere propounded were five requests relating **solely** to Gryphon's operation of its ***own*** mining equipment that self-evidently had nothing to do with the MSA, which is unquestionably the focus of the Parties' dispute. *See* Ex. 1, Sphere's First Amended Set of Requests for Production (the "RFPs") at Request No. 5 (seeking documents related to Gryphon's "efforts to secure hosting for Gryphon's miners"); No. 8 (requesting documents related to Gryphon's "efforts to ensure the operation of Gryphon's miners"); No. 16 (documents relating to "the selection of mining pools for Gryphon"); No. 22 (documents related to the "hosting of Gryphon's miners at Core") and No. 24 (documents related to any "treasury management strategy employed on behalf of or for the benefit of Gryphon") (collectively, "Sphere's Requests").

Sphere claims that this unbridled expedition into Gryphon's entire mining operations was warranted based on a threadbare allegation that Gryphon prioritized its own miners over Sphere's because Gryphon's miners allegedly performed better than Sphere's miners in breach of Gryphon's fiduciary duties. *See* Second Amended Complaint, ECF No. 36 at ¶¶ 38-47, 100; *see also* ECF 85 at 2 (concluding that Gryphon must have engaged in "self-dealing" as the only explanation for Gryphon's miners performing better than Sphere's). Putting aside the logical flaw of this argument—of course, there are any number of reasons why Gryphon's miners might report better results than Sphere's, or vice versa, as the case may be, such as the well-known risks and instability associated with bitcoin mining—the Requests are precisely the type of proverbial fishing expedition that this Court rejects. *See, e.g.*, *Edmondson v. RCI Hosp. Holdings, Inc.*, No. 16-CV-2242 (VEC), 2018 WL 4112816, at *1 (S.D.N.Y. Aug. 29, 2018) ("While the scope of relevance is broad, disclosure should not be directed simply to permit a fishing expedition.").

After receiving the Requests, Gryphon objected to them on the basis of overbreadth, undue burden, and lack of proportionality based on the needs of the case. *See* Ex. 2 (Gryphon's Responses and Objections). Because Gryphon's near entire business consists of bitcoin mining, including the selection of hosts for its miners, managing their operations, and devising strategies with respect to the selection of mining pools, the scope of the Requests covers the large part of Gryphon's business operations. Notwithstanding, and although Gryphon continued to maintain that Sphere's Requests were unwarranted, it offered multiple compromises in an effort to avoid the instant motion practice, none of which Sphere accepted.

## III.    Discussion

*First*, during the Parties' May 1 meet-and-confer (the "May 1 Meet and Confer"), rather than stand on its objections, Gryphon offered to consider in good faith any proposals that Sphere might make to narrow the scope of the Requests. Although Sphere stated that it would confer with its client about Gryphon's proposal, when it responded, Sphere did not offer even a single proposal for narrowing the scope of the Requests. Instead, Sphere continued to insist that the Requests were fine as-is; that it was entitled to "explore all matters related" to its fiduciary duty claims; and that any burden associated with them could be remedied by the application of search terms. Ex. 3 (Sphere's May 20 Letter). The notion that search terms alone could solve the problems associated with the overbreadth of Sphere's Requests is questionable, at best. For example, after Gryphon applied Sphere's proffered search terms to custodial files, the search hit report yielded over 80,000 documents, which is double the number of documents Sphere preliminary said that it might review of its own documents. *See* Exs. 4, 5.

*Second*, in a June 20 letter which was followed by a June 21 meet-and-confer (the "June 21 Meet and Confer"), Gryphon again offered to compromise with Sphere on the Requests in an effort to resolve the issue without judicial intervention. Specifically, Gryphon offered to produce documents in response to the Requests so long as they "discuss the performance of Gryphon's miners vis-a-vis those miners that Gryphon manage[s] on behalf of Sphere." Ex. 6 (Gryphon's June 20 Letter). Notwithstanding that this compromise seemed narrowly tailored to Gryphon to address Sphere's Requests, Sphere, again, Sphere

balked and rejected the compromise and did not offer any suggestion for how to otherwise narrow the scope of the Requests.1/

Sphere's arguments as to why this Court should enter an Order compelling Gryphon to produce documents in response to the Requests, even in the absence of any narrowing of the them, are unavailing. *First*, the fact that Gryphon chose not to renew a motion to dismiss on Sphere's fiduciary claim does not mean that Gryphon conceded the sufficiency of that claim. Gryphon will certainly raise that issue as part of its summary judgment briefing. ECF 85 at 1. *Second*, even if Gryphon had somehow conceded the sufficiency of Sphere's fiduciary duty claim (it did not), that does not address Gryphon's objection to Sphere's Requests based on proportionality. Put simply, Sphere's Requests, as currently stated, encompass nearly all of Gryphon's business operations. The conclusory and bald allegations on which Sphere bases its fiduciary duty claim does not justify this overbroad and intrusive discovery. *Third*, Gryphon has not waived any argument regarding relevance because relevance is part and parcel of the proportionality assessment which objection Gryphon has clearly asserted. *See Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016) ("Proportionality and relevance are 'conjoined' concepts"). *Fourth*, Sphere's effort to refocus the Court's attention on Gryphon's requests merely serves as a deflection and is not the basis of any motion practice.

*Finally*, Gryphon remains skeptical that the application of search terms could ever rectify the issues with overbreadth and lack of proportionality inherent in Sphere's Requests because Sphere has made clear (as repeated in its Letter) that notwithstanding the application of search terms, it still expects Gryphon to search for and produce what it refers to as "go gets," which it contends are categories of documents that Gryphon knows exists and which are responsive to the Requests.

In summary, Sphere's Requests are tantamount to asking this Court for a ticket for Sphere to embark on an unlimited expedition into Gryphon's business operations, which is not warranted under the circumstances. Sphere's allegations that Gryphon prioritized its own miners over those of Sphere – **an allegation that Sphere has failed to support with any specific factual allegations to date** – is nothing more than a makeweight claim intended to distract from Sphere's admitted breaches of the MSA. Gryphon respectfully requests that the Court deny Sphere's request for an order compelling Gryphon to produce documents in response to the Requests.

Sincerely,

*/s/ Elizabeth Carter*
Elizabeth Carter
Counsel
elizabeth.carter@hoganlovells.com
D +1 (212) 918 3137

---

1/    While Sphere did agree to drop a single request (No. 18) involving digital wallets maintained for Gryphon's benefit, that Request had questionable relevance to Sphere's fiduciary claim in the first place, and, thus, did not materially address Gryphon's concerns.