# EXHIBIT 3

# DONTZIN NAGY & FLEISSIG LLP

31 East 62nd Street | New York, New York 10065 | (212) 717 - 2900

Gregory N. Wolfe
greg@dnfllp.com

**VIA EMAIL**

May 20, 2024

Elizabeth C. Carter
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
elizabeth.carter@hoganlovells.com

Re:     *Sphere 3D Corp., v. Gryphon Digital Mining Inc.*, **23-cv-02954- PKC**

Counsel:

We write in reply to your May 10, 2024 Letter (the "Letter"), which sets forth your memorialization of the May 1, 2024 meet and confer (the "Meet and Confer") between Sphere 3D Corp. ("Sphere") and Gryphon Digital Mining, Inc. ("Gryphon"). This letter summarizes some, although by no means all, of the differences in our account of the Meet and Confer. For convenience, we have set forth the position stated in your Letter in red and our response below.

### I.    SPHERE'S DISCOVERY RESPONSES AND OBJECTIONS TO GRYPHON'S DISCOVERY REQUESTS

**Gryphon's RFP No. 15**

**Gryphon's Summary:** *Sphere's counsel agreed that it would produce documents and information related to Sphere's treatment and valuation of the Core Equity Proceeds and will construe Request No. 15 accordingly.* (Letter at 2).

Gryphon's summary misstates Sphere's position. Gryphon's request seeks documents and communications regarding the location of the Core Equity Proceeds and what Sphere has done with the Core Equity Proceeds. Sphere stands on its objections and will not produce documents and communications in response to this request. Indeed, Gryphon has yet to articulate a reason the location and fate of the Core Equity Proceeds would be a proper subject of discovery. Although Gryphon sought to attach the Core Equity Proceeds, the Court rejected that application. And Gryphon already has in its possession the settlement agreement that resulted in Sphere's receipt of the Core Equity Proceeds.

That said, Sphere stated that it could entertain that non-privileged communications and documents reflecting Sphere's belief about the adequacy of the Core settlement could be fair game. Gryphon may of course serve additional requests on this subject.

**Gryphon's RFP Nos. 17, 18, 19, and 24**

**Gryphon's Summary:** *Sphere's counsel asserted that the incidents described in paragraphs 5, 7-13, and 48-62 of the Second Amended Complaint, relating to a "spoofing" incident, form in part the basis for Sphere's claim against Gryphon for breach of fiduciary duties (Count III). Sphere's counsel confirmed that it will provide a written response in the coming days related to the factual*

*allegations forming the basis for Sphere's claim against Gryphon for breach of fiduciary duties. Sphere's counsel also confirmed that an investigation was undertaken by Sphere relating to the incidents described in paragraphs 5, 7-13, and 48-62 of the Second Amended Complaint.*

*Gryphon's counsel reiterated its position that it is entitled to all communications and documents relevant to Request Nos. 17, 18, 19, and 24, as these requests are directly relevant to any defenses that Gryphon may assert in connection with Sphere's claim against Gryphon for breach of fiduciary duties. Notwithstanding, Sphere's counsel communicated that Sphere would stand on its objection to relevance and not produce any documents in response to Gryphon's Request Nos. 17, 18, 19, and 24. Gryphon's counsel understands that this is Sphere's final position and that any further attempts by Gryphon to meet and confer on this topic will not prove fruitful, because Sphere will not voluntarily produce responsive documents absent court order.* (Letter at 2).

This does not reflect Sphere's position. Sphere did not assert that the spoofing attack that led Gryphon to part with approximately $560,215.53 worth of Sphere's digital assets forms part of the damages it is seeking through its fiduciary duty claim (Count III) and Sphere is not in fact seeking to recover the approximately $560,215.53 in Count III. Indeed, such damages are not included in Sphere's response to Gryphon's Interrogatory No. 2, which asked Sphere to identify its damages calculations.

Accordingly, given that the only basis for relevance that Gryphon has been able to articulate is that the discovery sought "is directly relevant to any defenses that Gryphon may assert in connection with Sphere's claim against Gryphon for breach of fiduciary duties" (Letter at 2), there is no basis to pursue discovery on this topic. Sphere further notes that that, even if it had been pursuing such damages in its fiduciary duty claim, Gryphon has not articulated how the discovery would be relevant to any defense Gryphon might raise, but it is unnecessary to address the issue further given that it is Gryphon's burden to articulate relevance.

**II.    GRYPHON'S DISCOVERY RESPONSES AND OBJECTIONS**

**Definition of Gryphon**

**Gryphon's Summary:** *Gryphon's counsel agreed only to produce documents from its files for custodians who are directly employed by Gryphon. Gryphon's counsel reserved all rights to object to Sphere's definition of "Gryphon," including insofar as that definition purports to include third-parties. To the extent Sphere has specific third-parties in mind as to whom it believes Gryphon has control of and they possess relevant documents or communications, Gryphon will consider all reasonable requests to obtain such documents but without waiver of any objection that Gryphon does not have control over such party, or, even if it does, that it would be burdensome to attempt to obtain such documents or communications from such third-party.* (Letter at 2).

For the avoidance of doubt, Gryphon agreed that it was not using its definition to conceal relevant documents. It also agreed to entertain issues down the line as needed.

**Gryphon's Damages Computation.**

**Gryphon's Summary:** *Gryphon's counsel agreed to review its Responses to Interrogatories to determine whether there is additional information that Gryphon can provide to Sphere regarding*

2

*the damages suffered by Gryphon as a result of Sphere's repeated and willful breaches of the Master Services Agreement (the "MSA") without waiver of its objection that such request is premature in light of the facts of the case, including that Sphere (not Gryphon) has access to information that is relevant to Gryphon's damages claims, including, for example, profits from any crypto-related business that Sphere operated in violation of the MSA.* (Letter at 2).

Please confirm that Gryphon will provide its damages calculations. Indeed, in connection with seeking a pre-judgment attachment on Sphere's assets, Gryphon represented to the Court that its damages were in excess of $30 million. Accordingly, Gryphon plainly has a damages calculation in mind. It must disclose it. Moreover, Gryphon has asserted various breaches of the MSA and is surely able to disclose its calculation of damages for some, if not all, of those breaches. If Gryphon remains unwilling to disclose its damages calculations, Sphere intends to raise the issue with the Court.

**Sphere's RFP Nos. 5, 8, 16, 18, 20, 22, and 24**

**Gryphon's Summary:** *Gryphon's counsel reiterated its position that Sphere's conclusory allegations concerning Gryphon's purported prioritization of its own business interests does not entitle Sphere to far-ranging discovery into Gryphon's business operations and structures. Gryphon's counsel made clear that it objects to these discovery requests insofar as they are disproportional to the needs of the case and impose an undue burden on Gryphon. Gryphon's counsel requested that Sphere's counsel more clearly articulate its claims and propose options for limiting discovery into documents reflecting what are clearly Gryphon's confidential business operations. In response, Sphere's counsel agreed to consult with its client as to any proposals for limiting the scope of these requests.* (Letter at 3).

Sphere disagrees with Gryphon's summary. As Gryphon could not dispute, Sphere's fiduciary duty allegations are sufficiently stated; Sphere is entitled to explore all matters related to them. Moreover, the requests seek discovery on issues beyond the fiduciary duty claims, as they relate to Gryphon's treatment of its own business and are relevant to assessing industry standard. Gryphon's purported claim that the discovery sought is disproportionate to the needs of the case rings hollow in light of its own requests propounded on Sphere, which seek equally intrusive discovery.[1] Concerns around burden can be addressed through search terms. And any concerns around confidentiality have been addressed by the protective order and present no reason to withhold documents.

After consulting with our client and reviewing the record, we believe that the requests are sufficiently clear to provide guidance on what is sought. If Gryphon has specific categories of

---

[1] *See e.g.,* Gryphon RFP No. 1 ("All communications concerning or discussing any actual or potential hosting services for Sphere's Mining Equipment provided by any third-party); Gryphon RFP No. 6 ("All communications between Sphere and Gryphon, or between Sphere and any third-party, other than Gryphon, which discuss Gryphon, either directly or indirectly, and any topic relevant to the MSA, including, but limited to, the Exclusivity or the Management Fee Clauses of the MSA."); Gryphon RFP No. 11 ("All communications and documents concerning or discussing the anticipated or actual receipt of any proceeds in any form, by Sphere, or any third-party acting on its behalf, which may or did result from any cryptocurrency mining activities undertaken by Sphere, or on its behalf); Gryphon RFP No. 25 ("Any and all communications or documents relevant to the [sic] Your assertion that Gryphon has or had a fiduciary relationship with respect to Sphere").

3

documents that it wants to exclude from the search universe, it can send them to Sphere for consideration, as is its burden to raise any objections.

If Gryphon intends to maintain its objection, Sphere will raise the issue with the Court.

**Gryphon's Response to Sphere's RFP Nos. 10, 17, 27, 29, and 32**

**Gryphon's Summary:**  On Sphere's RFP Nos. 29 and 32, Gryphon stated: *Gryphon's counsel reiterated its position that it thinks these requests are duplicative of other requests made by Sphere. In response, Sphere's counsel expressed confidence that Gryphon's objections to these requests can be resolved through a proposal of search terms by the parties.* (Letter at 4).

The Letter did not address Gryphon's duplicity objections to Sphere's RFP Nos. 10, 17, and 27.

Sphere disagrees with Gryphon's duplicity objections.  However, Gryphon represented that it would not withhold documents based on these objections.  Gryphon agreed with Sphere's statement that Gryphon's objections to these requests can be resolved through search terms and Sphere will proceed on that point.

***

Sphere reserves all rights.  We are of course available to discuss any of these matters.  If we do not hear satisfactory responses on the issues we have requested a response on by May 27, 2024, we reserve the right to seek relief from the Court without further notice.

Sincerely,

*/s/ Gregory N. Wolfe*