**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- X
:
SPHERE 3D CORP., :
:  Case No. 1:23-cv-02954- PKC-VF
*Plaintiff and* :
*Counterclaim-* :
*Defendant*, :
:
vs. :
:
GRYPHON DIGITAL MINING, INC., :
:
*Defendant and* :
*Counterclaim-Plaintiff.* :
------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION**
**FOR ISSUANCE OF HAGUE CONVENTION REQUEST**
**FOR INTERNATIONAL JUDICIAL ASSISTANCE TO**
**OBTAIN EVIDENCE IN THE UNITED KINGDOM**

Pursuant to Federal Rule of Civil Procedure 28(b)(2) and 28 U.S.C. § 1781(b)(2), Plaintiff Sphere 3D Corp. ("Sphere") respectfully moves the Court to issue a Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Letter of Request") to take testimony overseas of Daniel Tolhurst, Defendant Gryphon Digital Mining, Inc.'s ("Gryphon") former employee residing in the United Kingdom, pursuant to the Federal Rules of Civil Procedure. Gryphon does not oppose this motion.

Mr. Tolhurst currently resides in the United Kingdom and was the co-founder and president of Gryphon. During the relevant period, Mr. Tolhurst negotiated the Master Services Agreement (the "MSA") between Sphere and Gryphon (the contract at the heart of this matter), interfaced directly with Sphere regarding hosting its miners, and calculated the fees Gryphon was due under

1

the MSA. These activities are all highly relevant to Plaintiff's claims, and testimony by Mr. Tolhurst is necessary for a fair determination of these proceedings.

Because Mr. Tolhurst resides in the United Kingdom, and is outside the Court's subpoena power, Sphere will be able to secure his testimony only through a Letter of Request. The English courts will not, however, order testimony to be taken in England for use in foreign proceedings merely to locate relevant evidence; rather, the testimony itself must be relevant to the issue in dispute to be decided by this Court. Accordingly, the Court should issue the Letter of Request, which is attached as Exhibit A to the Declaration of Gregory N. Wolfe in Support of Plaintiff's Motion for Issuance of a Hague Convention Request for International Judicial Assistance to Take Testimony Overseas ("Wolfe Declaration"), filed concurrently herewith.

## ARGUMENT

### I. REQUESTS TO PERMIT PARTIES TO TAKE EVIDENCE IN FOREIGN COUNTRIES ARE ISSUED ROUTINELY

Rule 28(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. §1781(b)(2) grant this Court authority to issue a letter of request seeking the assistance of a foreign court in securing the testimony of a non-party witness located overseas. *See Elliot Assocs. v. Republic of Peru*, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997). "A court will not ordinarily weigh the evidence to be elicited by deposition." *Id*. (citing *DBMS Consultants v. Computer Assoc's Intern.*, 131 F.R.D. 367, 369 (D. Mass. 1990)); *see also* 8 Wright & Miller, *Federal Practice and Procedure* § 2083 (3d ed.) ("[T]here must be some good reason to deny a party the particular type of judicial assistance it seeks."). Instead, "[c]ourts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material." *See Netherby Ltd. v. Jones Apparel Grp., Inc.*, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005); *Elliot Assocs.*, 1997 WL 436493, at *2 (granting plaintiff's request for letters rogatory to take testimony in the United Kingdom).

The United States and the United Kingdom are both signatories to the Hague Evidence Convention.[1] Recourse to the Hague Evidence Convention is "available whenever [it] will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541 (1987).

## II.   THE EVIDENCE SOUGHT BY SPHERE IS RELEVANT

In Section 10 of the Letter of Request, Sphere identifies the core topics for the deposition of Mr. Tolhurst. His testimony concerning each of these topics is relevant to Plaintiff's claims that Gryphon breached both the MSA and its fiduciary duties to Sphere. *See* Wolfe Decl., Ex. A (Letter of Request) § 10. Mr. Tolhurst's testimony regarding his knowledge about the relationship between Sphere and Gryphon and the parties' performance under the MSA is also relevant to Gryphon's counterclaims. *Id.* Further, on April 15, 2024, Gryphon served its responses and objections to Sphere's First Set of Interrogatories, and listed Mr. Tolhurst as someone with knowledge "of topics, including but not limited to, Gryphon's relationship with Sphere." Wolfe Decl., Ex. B at 5.

Sphere has attached representative documents involving Mr. Tolhurst as Exhibits to the Wolfe Declaration. *See* Wolfe Decl., Exs. C–M. As they demonstrate, during the relevant period, Mr. Tolhurst:

- was involved in negotiating the MSA;
- was aware of the parties' performance, or lack thereof, under the MSA;

---

[1] *See* U.S. Dep't of State, Office of the Legal Advisor, Treaties in Force: A List of Treaties and Other International Agreements of the United States in Force on January 1, 2020, 537, https://www.state.gov/wp-content/uploads/2020/08/TIF-2020-Full-website-view.pdf; U.S. Dep't of State, Bureaus of Consular Affairs, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/UnitedKingdom.html.

- was aware of the efforts to secure the release of Sphere's miners from the U.S. Customs and Border Protection Agency;

- was involved in the Spoofing Incident; and

- was involved in paying Sphere's third-party hosts and calculating the amounts due to Gryphon under the MSA.

These documents represent examples of Mr. Tolhurst's involvement in this litigation and confirm that Mr. Tolhurst has information relevant to the claims in this action.

This information is relevant to Plaintiff's claims because it tends to support Plaintiff's contentions that, *inter alia*, (i) Gryphon breached its obligations under the MSA; (ii) Gryphon breached its fiduciary duties to Sphere by prioritizing its own miners over those of Sphere; (iii) Gryphon was paid the agreed-upon fee under the MSA and thus suffered no damage from any of Sphere's alleged breaches of the MSA; and (iv) Sphere properly terminated the MSA.

## **CONCLUSION**

For the foregoing reasons, the Court should grant this unopposed motion and issue the Letter of Request attached as Exhibit A to the Wolfe Declaration.

Dated: August 21, 2024
New York, NY

**DNF LLP**

*/s/ Gregory N. Wolfe*
Tibor L. Nagy, Jr.
Gregory N. Wolfe
Rahul Srinivas (pro hac vice forthcoming)
David Moosmann (pro hac vice forthcoming)
31 E 62nd Street
New York, NY 10065
Tel: (212) 717-2900
tibor@dnfllp.com
greg@dnfllp.com
rsrinivas@dnfllp.com
dmoosmann@dnfllp.com

*Counsel for Sphere 3D Corp.*

5