# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
SPHERE 3D CORP.,                                             :
                                                             :
           *Plaintiff and*                                   :
           *Counter-Defendant,*                              :
                                                             :
           v.                                                :   Case No. 1:23-cv-02954-PKC
                                                             :
                                                             :
GRYPHON DIGITAL MINING, INC.,                                :
                                                             :
           *Defendant and*                                   :
           *Counter-Plaintiff*                               :
-------------------------------------------------------------x

## GRYPHON DIGITAL MINING, INC.'S RESPONSES AND OBJECTIONS TO SPHERE 3D CORP.'S FIRST AMENDED SET OF INTERROGATORIES

Defendant and Counterclaim-Plaintiff Gryphon Digital Mining, Inc. ("Gryphon"), by and through its undersigned counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of this Court (the "Local Rules"), hereby submits these responses and objections to the First Amended Set of Interrogatories ("the "Interrogatories" and each, an "Interrogatory") served by Plaintiff and Counterclaim-Defendant Sphere 3D Corp. ("Sphere") in connection with the above-captioned action (the "Action").

## GENERAL OBJECTIONS

1. Gryphon objects to each and every Instruction, Definition, and Interrogatory to the extent that they purport to impose obligations on Gryphon that exceed or vary from the requirements of, or call for Gryphon to do more than is required under, the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law, or orders.

2. Gryphon objects to each and every Instruction, Definition, and Interrogatory insofar as they seek, or can be construed to seek, the production or disclosure of any information that is

1

protected from disclosure by the attorney-client privilege, the joint defense or common interest privileges, the work product doctrine or any other applicable privilege or immunity from disclosure.

3. Gryphon objects to each and every Instruction, Definition, and Interrogatory to the extent they seek information that is publicly available, already within Sphere's knowledge, possession, custody, or control, otherwise equally accessible to Sphere, and/or already being obtained from other sources.

4. Gryphon objects to each and every Instruction, Definition, and Interrogatory as overly broad and unduly burdensome to the extent they seek information that is not relevant to any claim or defense asserted in the Action, and/or not proportional to the needs of the Action.

5. Gryphon objects to each and every Instruction, Definition, and Interrogatory that purports to require Gryphon to identify information or provide discovery with respect to "each," "every," "all," "any," or similar all-encompassing wording, when doing so would be unduly burdensome and not proportional to the needs of the Action.

6. To the extent that Gryphon agrees to produce information in response to the Interrogatories, Gryphon will only produce information that are relevant to claims and defenses that are then-pending in this Action.

7. Gryphon makes no admission of any nature herein, and no admission may be implied by, or inferred from, these Responses and Objections. In particular, and without limitation, Gryphon objects to each and every Interrogatory insofar as they assume facts or legal conclusions.

8. Gryphon reserves the right to supplement, clarify, and revise these Responses and Objections to the extent additional information becomes available in accordance with the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law, or orders.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. Gryphon objects to Instruction No. 3 as overbroad, unduly burdensome, not proportionate to the needs of the Action, and not reasonably calculated to lead to the discovery of admissible evidence. Gryphon further objects to this Instruction insofar as they seek, or can be construed to seek, the production or disclosure of any information that is protected from disclosure by the attorney-client privilege, the joint defense or common interest privileges, the work product doctrine or any other applicable privilege or immunity from disclosure. Privileged information will not be produced. Gryphon will only produce responsive, non-privileged information for its employees and officers. Gryphon further objects to the Instruction to the extent it purports to include information that is not readily accessible or otherwise seeks to impose obligations on Gryphon greater than, or inconsistent with, the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law, or orders.

2. Gryphon objects to Instruction No. 5 to the extent it purports to include information that is not readily accessible or otherwise seeks to impose obligations on Gryphon greater than, or inconsistent with, the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law, or orders. Gryphon objects to this Instruction insofar as they seek, or can be construed to seek, the production or disclosure of any information that is protected from disclosure by the attorney-client privilege, the joint defense or common interest privileges, the work product doctrine or any other applicable privilege or immunity from disclosure. Privileged information will not be produced.

3. Gryphon objects to the definition of "the Counterclaim" (No. 9(b)) as vague and ambiguous. Gryphon will interpret the term to mean the Amended Answer and Fourth Amended Counterclaims filed by Gryphon on February 1, 2024 in the Action. ECF No. 65.

4.       Gryphon objects to the definition of "Gryphon" (No. 9(c)) as overbroad, unduly burdensome, not proportionate to the needs of the Action, and not reasonably calculated to lead to the discovery of admissible evidence.  Gryphon will interpret the term to mean Gryphon and its employees and officers.

5.       Gryphon objects to the definition of "Sphere" (No. 9(e)) as overbroad, unduly burdensome, not proportionate to the needs of the Action, and not reasonably calculated to lead to the discovery of admissible evidence.  Gryphon will interpret the term Sphere to mean Sphere and its employees and officers.

## SPECIFIC RESPONSES AND OBJECTIONS

## INTERROGATORY NO. 1

Identify each Person (including, for the avoidance of doubt, third-parties) with knowledge of information relevant to the Complaint or Your Counterclaim and the topic(s) of such individual's knowledge.

## RESPONSE TO INTERROGATORY NO. 1

Gryphon objects to Interrogatory No. 1 to the extent it purports to include third-parties because Gryphon does not know the knowledge that third-parties do or do not possess.   Subject to and without waiving the foregoing General Objections, Objections to the Instructions and Definitions, and specific objections, Gryphon identifies the following individuals with potential knowledge of the relevant to the Complaint and Gryphon's Amended Answer and Fourth Amended Counterclaims.

- **Rob Chang:** Mr. Chang has knowledge of topics, including but not limited to, the MSA, Gryphon's provision of services to Sphere under the MSA, Gryphon's

4

relationship with Sphere, and the events described by Sphere in paragraphs 5, 7-13, and 48-62 of Sphere's Complaint.

- **Brian Chase:** Mr. Chase has knowledge of topics, including but not limited to, Gryphon's relationship with Sphere.

- **Adam Levin:** Mr. Levin has knowledge of topics, including, but not limited to, Gryphon's relationship with Sphere.

- **Eric Lazer:** Mr. Lazer has knowledge of topics, including, but not limited to, Gryphon's relationship with Sphere.

- **Dean Lazer:** Mr. Lazer has knowledge of topics, including, but not limited to, Gryphon's relationship with Sphere.

- **Dan Tolhurst:** Mr. Tolhurst has knowledge of topics, including, but not limited to, Gryphon's relationship with Sphere.

- **Patricia Trompeter:** Ms. Trompeter has knowledge of topics, including, but not limited to, the MSA, Sphere's hosting agreements entered by Sphere with third-party providers, Sphere's relationships with other hosting providers, and the events described by Sphere in paragraphs 5, 7-13, and 48-62 of Sphere's Complaint.

- **Kurt Kalbfleisch:** Mr. Kalbfleisch has knowledge of topics including, but not limited to, the MSA, Sphere's hosting agreements entered by Sphere with third-party providers, Sphere's relationships with other hosting providers, and the events described by Sphere in paragraphs 5, 7-13, and 48-62 of Sphere's Complaint.

- **Mark Valentine:** Mr. Valentine has knowledge of topics including, but not limited to, Gryphon's relationship with Sphere.

- **Jordan Spring:** Mr. Spring has knowledge of topics including, but not limited to, Sphere's hosting agreements, Gryphon's relationship with Sphere, and Gryphon's relationship with other hosting providers.
- **Peter Tassiopoulos:** Mr. Tassiopoulos has knowledge of topics including, but not limited to, Gryphon's relationship with Sphere, Sphere's hosting agreements, and Sphere's relationship with other hosting providers.

## INTERROGATORY NO. 2

Identify all relevant repositories of Documents and Communications, including without limitation custodians, electronic repositories (such as servers, desktops, laptops, mobile devices, local drives, and share drives) and the locations of hard copy Documents.

## RESPONSE TO INTERROGATORY NO. 2

Gryphon objects to Interrogatory No. 2 to the extent it purports to include third-parties because Gryphon does not have knowledge as to the electronic repositories that may or may not have been maintained by third-parties. Subject to and without waiving the foregoing General Objections, Objections to the Instructions and Definitions, and specific objections, Gryphon identifies the following repositories of Documents and Communications:

- Rob Chang
- Brian Chase
- Adam Levin
- Eric Lazer
- Dean Lazer
- Dan Tolhurst
- Patricia Trompeter
- Kurt Kalbfleisch
- Mark Valentine
- Jordan Spring
- Peter Tassiopoulos

Gryphon further identifies the following electronic depositories for Documents and

6

Communications:

- Google Web Client
- Microsoft Exchange
- Whatsapp
- Local hard drive

**INTERROGATORY NO. 3**

State Your damages for each claim listed in Your Counterclaim.

**RESPONSE TO INTERROGATORY NO. 3**

Gryphon will disclose the full extent of the damages it has suffered as a result of Sphere's repeated breaches of the MSA at the appropriate stage in the proceedings and in accordance with the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law, or orders.

Dated: April 15, 2024

Respectfully submitted,

HOGAN LOVELLS US LLP

*/s/ Dennis H. Tracey, III*
Dennis H. Tracey, III
Elizabeth C. Carter
William C. Winter
390 Madison Avenue
New York, New York 10017
dennis.tracey@hoganlovells.com
elizabeth.carter@hoganlovells.com
william.winter@hoganlovells.com

*Attorneys for*
*Gryphon Digital Mining, Inc.*

7