UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPHERE 3D CORP.,<br>    *Plaintiff and Counterclaim-Defendant*,<br><br>v.<br><br>GRYPHON DIGITAL MINING, INC.,<br>    *Defendant and Counterclaim-Plaintiff* | Civil Action No. 1:23-cv-02954-PKC |

## DECLARATION OF ROB CHANG

I, Rob Chang, hereby declare the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Chief Executive Officer and President of Gryphon Digital Mining Inc. ("Gryphon). Gryphon is the defendant and counterclaim-plaintiff in the above-captioned action.

2. Gryphon is a corporation duly incorporated under the laws of the state of Delaware with its principal place of business in Las Vegas, Nevada. Gryphon is an industry-leading, net carbon neutral bitcoin mining company with a commitment to the environmentally responsible and sustainable mining of digital assets.

3. I respectfully submit this declaration in support of Gryphon's unopposed motion (the "Motion") for the issuance of letters rogatory to obtain evidence from Peter Tassiopoulos and Mark Edward Valentine.

4. Mr. Tassiopoulos served as the Chief Executive Officer ("CEO") of Sphere 3D Corp. ("Sphere") during the relevant time period. Sphere is the counterparty in the above-captioned action.

1

2

5.     On August 19, 2021, the parties entered into the Master Services Agreement ("MSA"). Under the MSA, the parties agreed that Gryphon would serve as the exclusive provider of all management services related to Sphere's blockchain and cryptocurrency operations.

6.     Mr. Tassiopoulos negotiated the terms of and signed the MSA on Sphere's behalf.

7.     On December 29, 2021, the parties amended the MSA ("Amendment No. 1"). Mr. Tassiopoulos participated in negotiating the terms of and signed Amendment No. 1 on Sphere's behalf.

8.     The MSA and Amendment No. 1 are the governing documents at the center of this litigation.

9.     Upon information and belief, Mr. Tassiopoulos maintains direct knowledge of material factual issues relevant to this action, including both Gryphon and Sphere's performance under the MSA.

10.    Upon information and belief, Mr. Tassiopoulos' testimony regarding his knowledge of the parties' relationship is relevant to both Gryphon's counterclaims and defenses in this action and is not otherwise available.

11.    In addition to Mr. Tassiopoulos, Mr. Valentine also participated in negotiating the terms of the MSA on Sphere's behalf.

12.    During the relevant time period, Mr. Valentine participated in daily calls between Gryphon and Sphere's personnel, including calls related to the MSA and the parties' performance under the MSA.

13.    Mr. Valentine was central in facilitating a transaction on Sphere's behalf with third-party Hertford Advisors, Ltd. ("Hertford") (the "Hertford Agreement") whereby Sphere purportedly obtained a six-month exclusive right to obtain tens of thousands of bitcoin mining

machines. The bitcoin mining machines that Sphere was supposed to obtain through the Hertford Agreement were going to be used in connection with Sphere's performance under the MSA. However, Sphere never obtained the miners from the Hertford Agreement.

14. Upon information and belief, Mr. Valentine maintains direct knowledge of material factual issues relevant to this action, including both Gryphon and Sphere's performance under the MSA.

15. Upon information and belief, Mr. Valentine's testimony regarding his knowledge of the parties' relationship is relevant to both Gryphon's counterclaims and defenses in this action and is not otherwise available.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: August 28, 2021
Toronto, Ontario

By: *Robby Chang* (DocuSigned, D577A860A12F40D...)
Rob Chang

\\4157-4138-0691 v1