# EXHIBIT F

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

---------------------------------------------------- X
: 
SPHERE 3D CORP., :
        *Plaintiff*, : Case No. 1:23-cv-02954- PKC
    vs. :
GRYPHON DIGITAL MINING, INC., :
        *Defendant*. :
:
:
:
:
---------------------------------------------------- X

**SPHERE 3D CORP.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Sphere 3D Corp. ("Sphere") hereby serves the following objections and responses (the "Responses") to Defendant Gryphon Digital Mining, Inc.'s ("Gryphon") Second Set of Requests for Production of Documents (the "Requests").

Sphere incorporates its General Objections and its objections to Gryphon's definitions and instructions as previously provided in Sphere's Responses and Objections to Gryphon's First Set of Requests for Production of Documents, which were served on April 15, 2024, as though fully set forth herein.

**SPECIFIC RESPONSES AND OBJECTIONS**

**Request No. 28**
Produce any and all Communications or Documents related to any digital assets or other revenues generated for Sphere's benefit.

**RESPONSE TO REQUEST NO. 28**

The General Objections are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications and documents.

Subject to and without waiving any of the foregoing objections, Sphere points to its public filings, which contain fulsome records of the digital assets and revenue Sphere has generated. Sphere is willing to meet and confer with Gryphon about the necessity of the discovery sought and to negotiate the parameters of a reasonable search.

**Request No. 29**
Produce any and all Communications or Documents related to any treasury management strategy employed on behalf of or for the benefit of Sphere.

**RESPONSE TO REQUEST NO. 29**

The General Objections are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" communications and documents.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 30**
Produce any and all Documents and Communications related to the calculation of any payment or consideration due to Gryphon under the MSA.

**RESPONSE TO REQUEST NO. 30**

The General Objections are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" documents and communications.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 31**
Produce any and all Documents and Communications related to any instruction by Sphere to Gryphon to sell digital assets.

**RESPONSE TO REQUEST NO. 31**

The General Objections are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" documents and communications.

Subject to and without waiving any of the foregoing objections, Sphere will conduct a reasonable, good faith search and produce non-privileged documents responsive to this request to the extent that any such documents exist in its possession, custody, or control.

**Request No. 32**
Produce any and all Documents and Communications between Mark Valentine and Sphere's personnel, including, but not limited to, Patricia Trompeter, Kurt Kalbfleish, and Peter Tassiopoulos concerning (i) Sphere's performance and obligations pursuant to the MSA; (ii) Sphere's decision to enter into hosting agreements with any third-party hosting providers; (iii) the Spoofing Attacks; and (iv) Mr. Valentine's role, position, and areas of responsibility with Sphere.

**RESPONSE TO REQUEST NO. 32**

The General Objections are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production of "all" documents and communications. Sphere further objects to this Request as impermissibly duplicative of Gryphon's other Requests, including, but not limited to, Gryphon's Request Nos. 1, 2. 3, 5, 6, 12, 13, 14, 17, 18, and 24. Sphere further objects to this Request as premised on the false assumption that Mr. Valentine was an employee or agent of Sphere.

**Request No. 33**
Produce any and all Documents and Communications between Mark Valentine and Sphere's personnel, including, but not limited to, Patricia Trompeter, Kurt Kalbfleish, and Peter Tassiopoulos relevant to any allegation or claim You make or assert in the Second Amended Complaint or that Gryphon makes in its Answer and Counterclaims.

**RESPONSE TO REQUEST NO. 33**

The General Objections are incorporated herein. Sphere further objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for production

of "all" documents and communications for each and every allegation in its pleading. Sphere further objects to this request as impermissibly duplicative of nearly all other preceding Requests. Sphere will not undertake such a non-particularized search.

Dated:      June 6, 2024
            New York, NY

**DONTZIN NAGY & FLEISSIG**

*/s/ Gregory N. Wolfe*

Tibor L. Nagy, Jr.
Gregory N. Wolfe
Rahul Srinivas (pro hac vice forthcoming)
David Moosmann (pro hac vice forthcoming)
31 East 62nd Street
New York, NY 10065
Tel: 212-717-2900
tibor@dnfllp.com
greg@dnfllp.com
rsrinivas@dnfllp.com
dmoosmann@dnfllp.com

*Counsel for Sphere 3D Corp.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2024, the foregoing Plaintiff Sphere 3D Corp.'s Responses to Defendant's Second Set of Requests for Production of Documents was served by email on the following counsel for Defendant Gryphon Digital Mining, Inc. in the action Sphere 3D Corp. v. Gryphon Digital Mining, Inc., Case No. 1:23-cv- 02954 in the U.S. District Court for the Southern District of New York:

Dennis H. Tracey, III
Elizabeth C. Carter
William Winter

Hogan Lovells
390 Madison Avenue
New York, NY 10017
(212) 918-3000
Dennis.tracey@hoganlovells.com
Elizabeth.Carter@hoganlovells.com
William.Winter@hoganlovells.com

_____
Gregory N. Wolfe