UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPHERE 3D CORP., <br><br> *Plaintiff,* <br><br> -against- <br><br> GRYPHON DIGITAL MINING, INC. <br><br> *Defendant.* | Case No. 1:23-cv-02954-PKC-VF |

# **AMENDMENT TO STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS Sphere 3D Corp. ("Sphere") and Gryphon Digital Mining, Inc. ("Gryphon," or collectively the "Parties") entered into a Stipulated Confidentiality Agreement and Protective Order (the "Stipulation") effective as of June 13, 2023 (Docket No. 19);

WHEREAS Core Scientific Inc. ("Core"), previously produced documents and other materials in *In re Core Scientific., et al.*, Case No. 22-90341 (DRJ) (the "Core Case"), which were designated as confidential and highly confidential under the protective order in place in the aforementioned case; and

WHEREAS, Sphere has subpoenaed Core for the documents and communications it produced in the Core Case and Core has indicated to Sphere that it will produce those documents and communications in this case but wishes that the documents and communications receives the same confidentiality protections as in the Core Case;

NOW THEREFORE, the Parties through their respective counsel agree that the Stipulation is amended as follows:

1. **Addition of Paragraphs 29, 30, and 31.** Paragraphs 29, 30, and 31 are hereby added to the Stipulation to read in their entirety as follows:

   29. Core may designate documents, communications, or other materials as Confidential or Highly Confidential in the following manner:

       (a) As used by Core, Confidential shall mean: (i) any discovery material which (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) any discovery material for which

      Core (A) is under a preexisting obligation to a third-party to treat such material as confidential or (B) has in good faith been reasonably requested by another party or non-party to so designate any such discovery material confidential on the grounds that such other party or non-party considers any such discovery material to contain information that is confidential or proprietary to such party or non-party.

  (b) As used by Core, Highly Confidential shall mean: any discovery material which is of such a nature that a risk of competitive injury would be created if any such discovery material were disclosed to persons other than those identified in paragraph 30(b) of this Stipulation, such as trade secrets, sensitive financial or business information, or material prepared by industry advisors, financial advisors, accounting advisors, experts, or consultants (and their respective staff) retained by Core in connection with *In re Core Scientific., et al.*, Case No. 22-90341 (DRJ).

30. As designated by Core:

  (a) Discovery material designated as Confidential shall be given, shown, made available to or communicated only to the following:

     i. Core;

     ii. Any party to this Stipulation, including their respective members, managers, partners, directors, officers, employees, and agents who are assisting with or making decisions with respect to any dispute; and

     iii. Any other persons specified in paragraph 30(b) of this Stipulation.

  (b) Discovery material designated as Highly Confidential shall be given, shown, made available to or communicated only to the following:

     i. Outside counsel and staff working under the express direction of such counsel for Core or any party to this Stipulation;

     ii. Industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Stipulation in connection with this Lawsuit;

     iii. Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

     iv. Any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith

        believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm;

   v. Outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with this Lawsuit;

   vi. Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Lawsuit;

   vii. The Court, its officers and clerical staff in any judicial proceeding that may result from this Lawsuit;

   viii. Any mediators and their staff retained in connection with this Lawsuit; and

   ix. Any other person or entity with respect to whom Core may consent in writing or on the record at a deposition.

31. If any Party objects to the designation of any discovery material produced by Core, the Party shall first raise the objection with Core in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Stipulation. The Party may seek relief from the Court if the Party and Core cannot resolve their dispute. Until the Court rules on such an issue, the discovery material shall continue to be treated according to its designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any discovery material so designated that is subject to the provisions of this Stipulation.

**DONTZIN NAGY & FLEISSIG LLP**

*/s/ Gregory N. Wolfe*
_____
Tibor L. Nagy, Jr.
Gregory N. Wolfe
Rahul Srinivas (pro hac vice forthcoming)
David Moosmann
31 E. 62nd St
New York, NY 10065
Tel: 212-717-2900
tibor@dnfllp.com
greg@dnfllp.com
rsrinivas@dnfllp.com
dmoosmann@dnflp.com

*Counsel for Sphere 3D Corp.*


**HOGAN LOVELLS US LLP**

_____
Dennis H. Tracey
Elizabeth Carter
William Winter
390 Madison Avenue
New York, NY 10017
Tel: 212-918-3000
Dennis.tracey@hoganlovells.com
Elizabeth.Carter@hoganlovells.com
William.Winter@hoganlovells.com

*Counsel for Gryphon Digital Mining Inc.*


**SO ORDERED:**

Dated: __September 12____, 2024

By: _____
Hon. Valerie Figueredo, U.S.M.J