# DONTZIN NAGY & FLEISSIG

31 E 62nd Street | New York, New York 10065 | (212) 717 - 2900

Gregory N. Wolfe
greg@dnfllp.com

**VIA ECF AND FEDEX**                                                                 November 19, 2024

Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1660
New York, NY 10007

        Re:    *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:23-cv-02954-PKC

Dear Judge Figueredo:

      We represent Sphere 3D Corp. ("Sphere"). We respectfully seek a discovery conference to compel Gryphon Digital Mining, Inc. ("Gryphon") to produce documents concerning:

(1) the September 19, 2024 for Cause termination of one of Gryphon's key witness, former CEO Rob Chang, as the reasons for the termination appear to be linked to this lawsuit—Mr. Chang is now refusing to cooperate with Gryphon's counsel due to a "conflict" that is plausibly related to this litigation—and in any event the documents are discoverable because they speak to witness credibility; and

(2) the related withdrawn resignation of another potentially important witness, CFO Sim Salzman, who had stated his intent to resign from Gryphon on August 2, 2024 but changed his tune on September 27, 2024 after Mr. Chang was terminated for Cause.[1]

      As the Court is aware, Sphere has brought claims against Gryphon for breach of contract and fiduciary duty in connection with a Management Services Agreement (the "MSA") pursuant to which Gryphon served as the "exclusive provider of any and all management services for" Sphere's "blockchain and cryptocurrency-related operations." *See* Dkt. 36 ("SAC"), ¶ 1. Gryphon, in turn, alleges breach of contract against Sphere based in large part on the allegation that Sphere improperly terminated the MSA. *See* Dkt. 65 ("Counterclaim") at 45–46.

      A key witness in this case for Gryphon is Mr. Chang. Among other things, he served as CEO throughout the relevant period, negotiated the MSA, oversaw Gryphon's performance under the MSA, and was directly involved in the acts Sphere claims justified the MSA's termination and gave rise to damages. Up until recently, Mr. Chang was to serve as Gryphon's 30(b)(6) witness. Meanwhile, Mr. Salzman also participated in the acts that Sphere claims justified the MSA's termination and has apparent knowledge of Gryphon's claimed damages against Sphere.

---

[1] No conference is currently set before the Court. Sphere, represented by David Moosmann and Rahul Srinivas, met-and-conferred with Gryphon, represented by William Winter, for approximately 45 minutes at noon on October 31. The parties met-and-conferred again on November 15 at 4:00 p.m. for approximately 20 minutes. Sphere was represented by the undersigned and Mr. Moosmann, while Gryphon was represented by Dennis Tracey and Mr. Winter. The positions articulated in this letter largely mirrored those discussed on the meet-and-confers. During the second meet-and-confer, which followed extensive correspondence, the parties agreed they were at an impasse.

On September 19, 2024, Gryphon announced that Mr. Chang had been terminated as CEO for Cause (Mr. Chang remains a director of Gryphon). Gryphon had previously disclosed on August 2 that Mr. Salzman would be resigning from Gryphon but disclosed on September 27 that he had rescinded his resignation—plausibly because Gryphon had terminated Mr. Chang.

Sphere promptly served its Second Set of RFPs seeking (through RFP Nos. 35, 39, and 40) documents to understand the factual basis for the termination and withdrawn resignation. Gryphon initially refused to produce anything on grounds of relevance and burden (Gryphon's R&Os are attached as Exhibit 1) but then agreed to produce (1) its agreements with Mr. Salzman and Mr. Chang; (2) "formal communications" with Mr. Chang concerning the termination; and (3) "board-level" documents concerning the termination and withdrawn resignation. Gryphon represented to Sphere that these documents would be sufficient to provide the "factual background" Sphere sought concerning Mr. Chang's termination and Mr. Salzman's rescinded resignation and that Sphere could explore these topics during depositions. The carefully curated set of documents, however, does not explain the factual basis for the for Cause termination or withdrawn resignation.

Gryphon's relevance objections to RFP Nos. 35, 39 and 40 are without merit for two independent reasons. *First*, "the circumstances" under which Mr. Chang left Gryphon's employ and Mr. Salzman decided to stay "are relevant, at minimum, to the 'potential bias or prejudice' of [] key witness[es]," which itself justifies discovery. *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, 2022 WL 621957, at *3 (S.D.N.Y. Mar. 3, 2022); *see also Bolia v. Mercury Print Prods., Inc.*, 2004 WL 2526407, at *2 (W.D.N.Y. Oct. 28, 2004) (collecting cases for proposition that discovery going to credibility and impeachment is discoverable, including because it may be used at trial under FRE 608 even if "considered to be collateral"); *Brown v. City of New York*, 2011 WL 4594276, at *2 (E.D.N.Y. Sept. 30, 2011) (similar; permitting discovery of documents that "contain[] allegations of dishonesty"). That ends the matter.

*Second*, independently, it is plausible that Mr. Chang was terminated for Cause due to his misconduct with respect to Sphere—misconduct at the heart of this litigation. The termination clause in the MSA provided that Sphere could terminate the MSA if Gryphon engaged in gross negligence, fraud or willful misconduct or failed to perform its obligations in accordance with industry standard. The termination clause in Mr. Chang's employment agreement with Gryphon is similar, as it provides that Gryphon could terminate Mr. Chang's employment for Cause if, among other reasons, he engaged in intentional or reckless misconduct or materially breached his employment obligations, including by failing to use his best efforts in favor of Gryphon. Given the similarity between the two clauses, misconduct that would justify termination of the MSA by Sphere would almost certainly justify for Cause termination of Mr. Chang by Gryphon.

Documentary discovery produced by Gryphon has confirmed that Mr. Chang engaged in misconduct—including fraud, intentional misconduct, and gross negligence, and material breaches of the MSA—that would justify termination of the MSA by Sphere and of Mr. Chang for Cause by Gryphon.[2] The timing of document discovery reinforces the connection. It was in the midst of Gryphon's document review that Mr. Chang received notice that he was at risk of being terminated for Cause on July 19, 2024 and was in fact terminated for Cause on September 17, 2024. The final

---

[2] Due to Individual Rule II.c's instruction to keep "attachments . . . to a minimum," Sphere is not attaching the underlying documents, but will provide them if beneficial to the Court or as part of formal briefing should it be so-ordered.

decision to terminate Mr. Chang also coincided with the revelation that Mr. Chang has spoliated relevant evidence, a topic that will likely be the subject of a future motion and that likewise also plausibly provided a basis for termination.

Following his termination, Mr. Chang is no longer serving as Gryphon's 30(b)(6) witness. And even though he remains a director of Gryphon, he is refusing to cooperate with Gryphon's counsel in connection with his forthcoming 30(b)(1) deposition due to a "conflict" and has insisted on retaining separate, personal counsel. It is no longer clear that Mr. Chang will even sit for his properly noticed deposition, with Gryphon going so far as to claim it lacks "control" over him.[3] Ex. 2 at 1. It is plausible that the conflict—and Mr. Chang's evident unwillingness to testify in this matter—stems from the fact that Mr. Chang was terminated for Cause due to his dealings with Sphere. Indeed, Mr. Chang remains a director of Gryphon and should not have any conflict with respect to his deposition if indeed his termination was unrelated to Sphere and this litigation.

Gryphon has tacitly conceded relevance by expressly conceding that it would be proper to inquire on this matter during depositions and agreeing to produce some documents (albeit none that actually explain why Mr. Chang was terminated for Cause or Mr. Salzman tendered but then rescinded his resignation). Although Gryphon has claimed in meet-and-confers that Mr. Chang's termination had nothing to do with this case, Sphere is entitled to the documentary record and need not rely on witness say-so. Regardless, the reasons for the termination and withdrawn resignation are in all events relevant to credibility, as discussed *supra*. Accordingly, relevance is established.

Gryphon's other objections are easily disposed of. Gryphon's undue burden and overbreadth objections are impermissible boilerplate and should be disregarded. *See Fritz v. LVNV Funding, LLC*, 587 F. Supp. 3d 1, 4–5 (E.D.N.Y. 2022). Gryphon's complaint that Sphere's RFPs are untimely because they were not served until after the parties' agreed-upon substantial completion date of September 1 is without merit. Mr. Chang's termination and Mr. Salzman's withdrawn resignation, respectively, did not occur until September 19 and September 27, weeks after the agreed upon substantial completion date. Sphere served its RFPs within days of learning of those events. Sphere obviously cannot be expected to seek discovery before substantial completion on matters that had not occurred before substantial completion.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Gregory N. Wolfe*

---

[3] Mr. Chang's deposition was originally noticed for November 11, which Sphere agreed to move after Gryphon informed Sphere on November 5—months after his termination—that Mr. Chang would not sit unless he had the opportunity to prepare with his own personal counsel, who as it turned out Mr. Chang had not even yet retained. Sphere is attempting, without Court intervention and in good faith, to resolve the deposition issue, which, among other things, implicates the timing of the deposition (the parties long ago agreed Mr. Chang would be the first party deposition), whether Mr. Chang's personal counsel can attend the deposition and assert objections (which Sphere has not agreed to), and the fact that Gryphon still has not committed to producing Mr. Chang for his deposition notwithstanding the fact that, the longer this goes, the chances grow that Mr. Chang will leave Gryphon's board before he sits for a party deposition.