# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                          :

SPHERE 3D CORP.,                            :

          *Plaintiff and*             :
          *Counter-Defendant,*    :

         v.                           :    Case No. 1:23-cv-02954-PKC

GRYPHON DIGITAL MINING, INC.,   :

          *Defendant and*          :
          *Counter-Plaintiff*      :
-------------------------------------------------------------------x

## GRYPHON DIGITAL MINING, INC.'S RESPONSES AND OBJECTIONS TO SPHERE 3D CORP.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of this Court (the "Local Rules"), Defendant and Counterclaim-Plaintiff Gryphon Digital Mining, Inc. ("Gryphon"), by and through its undersigned counsel, hereby submits these responses and objections to Plaintiff and Counterclaim-Defendant Sphere 3D Corp.'s ("Sphere") Second Set of Requests for Production of Documents ("the "Requests" and each, a "Request"), dated September 27, 2024, in the above-captioned action (the "Action").

### GENERAL OBJECTIONS

The following responses and objections ("General Objections") are incorporated into each response to the Requests and to each instruction included in the Requests whether or not expressly incorporated by reference in each individual response ("Specific Objections"), and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each Request and instruction.

1

1.	Gryphon objects to each and every Instruction, Definition, and Request to the extent that they purport to impose obligations on Gryphon that exceed or vary from the requirements of, or call for Gryphon to do more than is required under, the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law, or orders.

2.	Gryphon objects to each and every Instruction, Definition, and Request insofar as they seek, or can be construed to seek, the production or disclosure of any information, communication, and/or document that is protected from disclosure by the attorney-client privilege, the joint defense or common interest privileges, the work product doctrine or any other applicable privilege or immunity from disclosure.

3.	Gryphon objects to each and every Instruction, Definition, and Request to the extent they seek information and/or documents that are publicly available, already within Sphere's knowledge, possession, custody, or control, otherwise equally accessible to Sphere, and/or already being obtained from other sources.

4.	Gryphon objects to each and every Instruction, Definition, and Request to the extent they would require Gryphon to search for and produce documents, including e-mails, stored on backup tapes or similar electronic media that is not reasonably accessible and/or subject to undue burden or cost.   Gryphon will only produce documents that may be collected and produced after a reasonable search without undue burden or cost.   Gryphon objects to each and every Instruction, Definition, and Request as overly broad and unduly burdensome to the extent they seek information or documents that are not relevant to any claim or defense asserted in the Action, and/or not proportional to the needs of the Action.

5.	Gryphon objects to each and every Instruction, Definition, and Request that purports to require Gryphon to identify information or provide discovery with respect to "each,"

"every," "all," "any," or similar all-encompassing wording, when doing so would be unduly burdensome and not proportional to the needs of the Action. Gryphon will conduct a reasonable and good faith search for responsive documents that is proportional to the needs of the Action from custodians who are reasonably identified as potentially having responsive, non-privileged documents to the Requests.

6. To the extent that Gryphon agrees to produce documents in response to the Requests, Gryphon will only produce documents that are relevant to claims and defenses that are then-pending in this Action.

7. Gryphon makes no admission of any nature herein, and no admission may be implied by, or inferred from, these Responses and Objections. In particular, and without limitation, Gryphon objects to the Requests insofar as they assume facts or legal conclusions in defining the documents requested. Any response, including any statement made of an intent to produce documents, any production of documents or any document itself, is not, and shall not be deemed to be, an admission of any factual or legal contention or that documents being produced are relevant to the claims or defenses of any party to the Action or admissible as evidence. Any statement made herein of an intent to produce responsive documents is not, and shall not be deemed, an admission that any such documents in fact exist, and merely indicates that, if any such non-privileged documents exist, have not otherwise been objected to and are within Gryphon's possession, custody, or control, Gryphon will produce them.

8. Gryphon reserves the right to supplement, clarify, and revise these Responses and Objections to the extent additional information becomes available in accordance with the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law, or orders.

9. Gryphon reserves the right to seek court relief or a protective order in connection with the discovery sought herein. Gryphon further reserves the right to appeal any ruling related

3

to these Requests.

**OBJECTIONS TO DEFINITIONS**

1. Gryphon objects to the definition of "the Complaint" to the extent that it purports to include an earlier complaint or pleading filed by Sphere that it not the operative complaint in the Action. Gryphon will interpret the term "the Complaint" to mean the Second Amended Complaint filed by Sphere on September 20, 2023 in the Action. *See* ECF No. 36.

2. Gryphon objects to the definition of "the Counterclaim" as vague and ambiguous. Gryphon will interpret the term to mean the Amended Answer and Fourth Amended Counterclaims filed by Gryphon on February 1, 2024 in the Action. *See* ECF No. 65.

3. Gryphon objects to the definition of "Gryphon" as overbroad, unduly burdensome, not proportionate to the needs of the Action, and not reasonably calculated to the lead to the discovery of admissible evidence. Gryphon will interpret the term to mean Gryphon and its employees and officers.

4. Gryphon objects to the definition of "Sphere" as overbroad, unduly burdensome, not proportionate to the needs of the Action, and not reasonably calculated to lead to the discovery of admissible evidence. Gryphon will interpret the term Sphere to mean Sphere and its employees and officers.

5. Gryphon objects to the definition of "Core" as overbroad, unduly burdensome, not proportionate to the needs of the Action, and not reasonably calculated to lead to the discovery of admissible evidence. Gryphon will interpret the term Core to mean Core and its employees and officers.

6. Gryphon objects to the definition of "Chang" as overbroad, unduly burdensome, and not proportionate to the needs of the Action, and not reasonably calculated to lead to the discovery

of admissible evidence. Gryphon will interpret the term to mean the person Rob Chang.

7. Gryphon objects to the definition of "Salzman" as overbroad, unduly burdensome, and not proportionate to the needs of the Action, and not reasonably calculated to lead to the discovery of admissible evidence. Gryphon will interpret the term to mean the person Sim Salzman.

## OBJECTIONS TO INSTRUCTIONS

1. Gryphon objects to Instruction No. 1 to the extent it purports to require Gryphon to search for or produce documents from files other than its own as overbroad, burdensome, and not proportional to the needs of the Action. Gryphon will conduct a reasonable and good faith search for responsive documents from its own files that is proportional to the needs of the Action.

2. Gryphon objects to Instruction No. 6 as overbroad, unduly burdensome, not proportionate to the needs of the Action, and not reasonably calculated to lead to the discovery of admissible evidence. Gryphon further objects to the Instruction to the extent it purports to include information that is not readily accessible or otherwise seeks to impose obligations on Gryphon greater than, or inconsistent with, the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law, or orders. Notwithstanding the foregoing objections, if there are particular documents or communications that Sphere believes have been deleted, lost, discarded, otherwise disposed of, or are otherwise unavailable, Gryphon is available to meet and confer with Sphere on that topic.

3. Gryphon objects to Instruction No. 7 to the extent that it purports to impose obligations on Gryphon greater than, or inconsistent with, the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law or orders.

4. Gryphon objects to Instruction No. 10 to the extent that it is impermissibly duplicative of, *inter alia*, Instruction Nos. 8 and 9.

5

5.  Gryphon objects to Instruction No. 13 to the extent that it purports to impose obligations on Gryphon greater than, or inconsistent with, the Federal Rules, the Local Rules, and/or any other applicable rules, statutes, case law or orders.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 35

Produce all Documents and Communications related to Chang's termination, including, without limitation, Documents and Communications related to the reason(s) why Chang was terminated "for cause."

### RESPONSE TO REQUEST NO. 35

Gryphon objects to Request No. 35 on the grounds that it is not relevant to either the claims or defenses asserted by Sphere in the Action. Gryphon further objects to this request on the grounds that it is overly broad and unduly burdensome because it purports to seek "all Documents and Communications" related to Mr. Chang's separation from employment with Gryphon. Subject to the foregoing General and Specific Objections, Gryphon will not be producing any Documents or Communications in response to this Request.

### REQUEST NO. 36

Produce all Documents and Communications related to any internal, regulatory, or criminal investigation or inquiry (including, without limitation, by the U.S. Securities & exchange Commission, U.S. Department of Justice, or the Financial Crimes Enforcement Network) related to Chang.

### RESPONSE TO REQUEST NO. 36

Gryphon objects to Request No. 36 on the grounds that it is not relevant to either the claims or defenses asserted by Sphere in this Action. Gryphon further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks information and documents

that are not reasonably calculated to obtain matter material and necessary in the prosecution or defense of the Action, and purports to seek "all Documents and Communications." Gryphon further objects to this Request to the extent that it assumes the occurrence of events that have not taken place.

Upon investigation, Gryphon confirms that there are no Documents or Communications related to any internal, regulatory, or criminal investigations or inquiries involving Chang that are relevant to any claims or defenses asserted in this Action.

**REQUEST NO. 37**

Produce all Documents and Communications related to any internal, regulatory, or criminal investigation or inquiry (including, without limitation, by the U.S. Securities & Exchange Commission, U.S. Department of Justice, or the Financial Crimes Enforcement Network) related to Gryphon that also relates to the allegations set forth in the Complaint.

**RESPONSE TO REQUEST NO. 37**

Gryphon objects to Request No. 37 on the grounds that it is overly broad and unduly burdensome because it seeks information and documents that are not reasonably calculated to obtain matter material and necessary in the prosecution or defense of the Action, and purports to seek "all Documents and Communications." Gryphon further objects to this request on the grounds that it assumes the occurrence of events that have not taken place. Upon investigation, Gryphon confirms that there are no Documents or Communications related to any internal, regulatory, or criminal investigations or inquiries involving Gryphon that are relevant to any claims or defenses asserted in this Action.

**REQUEST NO. 38**

Produce all agreements with Chang or any entity owned or controlled by Chang (including Chang Advisory, Inc.), including, without limitation, agreements related to his termination.

7

**RESPONSE TO REQUEST NO. 38**

Gryphon objects to Request No. 38 on the grounds that it is not relevant to either the claims or defenses asserted by Sphere in the Action. Gryphon further objects to this Request to the extent that it is overly broad and unduly burdensome insofar as it purports to require Gryphon to produce "all agreements with Chang or any entity owned or controlled by Chang." Gryphon further objects on the grounds that the phrase "agreements" is vague and ambiguous. Subject to the foregoing General and Specific Objections, Gryphon will not be producing Documents or Communications in response to this Request.

**REQUEST NO. 39**

Produce all Documents and Communications related to Salzman's previously announced departure from Gryphon, including, without limitation, Documents and Communications related to the reason(s) why Salzman was to leave Gryphon.

**RESPONSE TO REQUEST NO. 39**

Gryphon objects to Request No. 39 on the grounds that it is not relevant to either the claims or defenses asserted by Sphere in this Action. Gryphon further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks information and documents that are not reasonably calculated to obtain matter material and necessary in the prosecution or defense of the Action, and purports to seek "all Documents and Communications." Subject to the foregoing General and Specific Objections, Gryphon will not be producing Documents or Communications in response to this Request.

**REQUEST NO. 40**

Produce all Documents and Communications related to the decision that Salzman would remain at Gryphon notwithstanding his previously announced departure, including, without limitation, Documents and Communications related to the reason(s) why it was decided that

8

Salzman would remain at Gryphon.

**RESPONSE TO REQUEST NO. 40**

Gryphon objects to Request No. 40 on the grounds that it is not relevant to either the claims or defenses asserted by Sphere in this Action. Gryphon further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks information and documents that are not reasonably calculated to obtain matter material and necessary in the prosecution or defense of the Action, and purports to seek "all Documents and Communications." Subject to the foregoing General and Specific Objections, Gryphon will not be producing any Documents or Communications in response to this Request.

**REQUEST NO. 41**

Produce all agreements with Salzman or any entity owned or controlled by Salzman, including, without limitation, any agreements related to his contemplated departure and the decision that he would remain at Gryphon.

**RESPONSE TO REQUEST NO. 41**

Gryphon objects to Request No. 41 on the grounds that it is not relevant to either the claims or defenses asserted by Sphere in the Action. Gryphon further objects to this Request to the extent that it is overly broad and unduly burdensome insofar as it purports to require Gryphon to produce "all agreements with Salzman or any entity owned or controlled by Salzman." Gryphon further objects on the grounds that the phrase "agreements" is vague and ambiguous. Subject to the foregoing General and Specific Objections, Gryphon will not be producing Documents or Communications in response to this Request.

Dated: October 28, 2024                                  Respectfully submitted,

                                                         HOGAN LOVELLS US LLP

                                                         */s/ Dennis H. Tracey, III*
                                                         Dennis H. Tracey, III
                                                         Elizabeth C. Carter
                                                         William C. Winter
                                                         390 Madison Avenue
                                                         New York, New York 10017
                                                         dennis.tracey@hoganlovells.com
                                                         elizabeth.carter@hoganlovells.com
                                                         william.winter@hoganlovells.com

                                                         *Attorneys for*
                                                         *Gryphon Digital Mining, Inc.*