# Exhibit 2

# David Moosmann

| | |
|---|---|
| **From:** | Greg Wolfe |
| **Sent:** | Tuesday, November 19, 2024 9:19 AM |
| **To:** | Winter, William; David Moosmann |
| **Cc:** | Tracey, Dennis H.; Galt, Gwendolyn |
| **Subject:** | Re: Chang Deposition |

Will -

Under the protective order, Mr. Chang's personal counsel is not one of the enumerated people allowed to review confidential information, so no, he is not allowed to attend the deposition. Mr. Chang's personal counsel also indicated to me that, if he were to attend, he intended to interpose objections on Mr. Chang's behalf, which he has no standing to do and would be disruptive, so we do not consent to his attendance. If you have case law to suggest that a party witness may bring his own counsel to a deposition (including notwithstanding the protective order) and interpose objections, please share it; I am aware of none and have never had it happen. We have agreed to give Mr. Chang time to prepare with his personal counsel and he now has it. He is not a defendant and he does not get to have his own counsel disrupt the deposition schedule or deposition itself, let alone attend the deposition at all. Gryphon is not going to gain a tactical advantage here more than it already has.

Please also confirm that no Sphere confidential information (including Sphere confidential documents embedded in Gryphon's documents) has been shared or will be shared with Mr. Chang's personal counsel. Given Gryphon's recent claim that it lacks "control" over Mr. Chang, we are not inclined to assent to Mr. Chang's personal agents reviewing our confidential information. I doubt third-parties have assented or will assent to Mr. Chang's personal counsel receiving their confidential information either.

In any event, we still have a gating issue: even if we were inclined to move the deposition of Mr. Chang to mid-December to account for the schedule of Mr. Chang's personal counsel, Gryphon still has not provided any sort of guarantee Mr. Chang will still be within company control come mid-December or sit for a deposition if he isn't. In fact, Gryphon still has not even proposed a date certain for Mr. Chang in mid-December.

We have been reasonable: we moved Mr. Chang's deposition twice at your request, disrupting the case schedule entirely. In exchange, we have given some seven options for his deposition and repeatedly asked for assurance Mr. Chang will attend his deposition. Gryphon has declined to provide any assurance he will be showing up for his deposition. Accordingly, we see no choice but to insist on attendance on November 26.

We can confirm Mr. Ensey on December 19.


**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

---

**From:** Winter, William <william.winter@hoganlovells.com>
**Sent:** Tuesday, November 19, 2024 7:41:48 AM
**To:** Greg Wolfe <greg@dnfllp.com>; David Moosmann <dmoosmann@dnfllp.com>

**Cc:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Galt, Gwendolyn <gwendolyn.galt@hoganlovells.com>
**Subject:** RE: Chang Deposition

Greg,

Mr. Chang's attorney of choice is of course entitled to appear at his deposition. In fact, Mr. Chase's personal attorney is planning to appear at his deposition, which you have acknowledged. We've tried to be reasonable and find a logistical solution that makes progress on these fact depositions. Our proposal below would allow all of these depositions to go forward in December and ensures that certain of our witnesses – who reside in foreign countries – can appear in person on a date that they are available and which doesn't impose an undue hardship. Your proposal would allow none of these depositions to go forward because you insist on a date that Mr. Chang's personal attorney is unavailable. We've offered a date that would ensure Mr. Chang's deposition goes first in the line-up – a date that you appear to be available because it was not one of the "black out" dates you previously shared.

We hope to work this out in a cooperative fashion – a courtesy that Gryphon has extended to all of Sphere's witnesses.  However, if you are adamant in manufacturing yet another discovery dispute, we think the record is clear.

Regards,
Will

---

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Monday, November 18, 2024 9:27 PM
**To:** Winter, William <william.winter@hoganlovells.com>; David Moosmann <dmoosmann@dnfllp.com>
**Cc:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Galt, Gwendolyn <gwendolyn.galt@hoganlovells.com>
**Subject:** Re: Chang Deposition

**[EXTERNAL]**
Thanks will. I'm not aware of any rule that allows for Mr. Chang's personal counsel to appear at his deposition, so his schedule is irrelevant. Unless Mr. Chang agrees to appear at any of the six alternative dates we have proposed, we will stick with November 26 and move for terminating sanctions if he doesn't appear.  You can explain to the court how we have held the schedule "hostage" if you think the record supports that claim.


**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

---

**From:** Winter, William <william.winter@hoganlovells.com>
**Sent:** Monday, November 18, 2024 9:16:09 PM
**To:** Greg Wolfe <greg@dnfllp.com>; David Moosmann <dmoosmann@dnfllp.com>
**Cc:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Galt, Gwendolyn <gwendolyn.galt@hoganlovells.com>
**Subject:** RE: Chang Deposition

Greg,

We've shared your proposed dates for deposition, but they do not work because Mr. Chang's counsel has a trial during that time. The logistical challenge continues to be that Sphere insists that Mr. Chang's deposition be the first party deposition in the line-up, which is holding hostage the other depositions in this case. If we can move Mr. Kalbfleisch's deposition to another date, I think we can slot Mr. Chang into Dec. 13 (subject to his attorney confirming that date) and

make a great deal of progress on these depositions. This would also ensure that Mr. Tolhurst's deposition can proceed on December 18 – he has already cleared his schedule and plans to travel to New York from London to sit on that date.

Please also let me know if proceeding with Chris Ensey's deposition on December 19 works as well.

| Witness | Date |
| --- | --- |
| Mark Valentine | December 3 |
| Rob Chang | December 13 (subject to Mr. Chang's attorney's availability) |
| Patricia Trompeter | December 17 |
| Dan Tolhurst | December 18 |
| Chris Ensey | December 19 |

Regards,
Will

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Sunday, November 17, 2024 2:48 PM
**To:** Winter, William <william.winter@hoganlovells.com>; David Moosmann <dmoosmann@dnfllp.com>
**Cc:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Galt, Gwendolyn <gwendolyn.galt@hoganlovells.com>
**Subject:** Re: Chang Deposition

**[EXTERNAL]**
Great thanks. We'll confirm the Chris date.


**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Winter, William <william.winter@hoganlovells.com>
**Sent:** Sunday, November 17, 2024 2:45:55 PM
**To:** Greg Wolfe <greg@dnfllp.com>; David Moosmann <dmoosmann@dnfllp.com>
**Cc:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Galt, Gwendolyn <gwendolyn.galt@hoganlovells.com>
**Subject:** RE: Chang Deposition

Mr. Tolhurst can do the 18th. Yes, Mr. Levin will also be in January.

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Sunday, November 17, 2024 2:44 PM
**To:** Winter, William <william.winter@hoganlovells.com>; David Moosmann <dmoosmann@dnfllp.com>
**Cc:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Galt, Gwendolyn <gwendolyn.galt@hoganlovells.com>
**Subject:** Re: Chang Deposition

**[EXTERNAL]**
I can't do the 20th for Dan—I sent my blackout dates previously and I know I'm taking him. Can he do 18th or 13th?

I also can't do Rob on Dec 11, another one I know I'm taking.

Also I assume Adam would be January.


**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

---

**From:** Winter, William <william.winter@hoganlovells.com>
**Sent:** Sunday, November 17, 2024 2:30:53 PM
**To:** Greg Wolfe <greg@dnfllp.com>; David Moosmann <dmoosmann@dnfllp.com>
**Cc:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Galt, Gwendolyn <gwendolyn.galt@hoganlovells.com>
**Subject:** RE: Chang Deposition

Greg,

In light of our call on Friday, please find a chart below for the depositions we think we can get done in December. Please note, Mr. Tolhurst lives in the U.K. Given Sphere's insistence that he now sit for a deposition in-person, he's worked hard to re-arrange his schedule to come to New York to sit for his deposition on December 20. Please let us know if you can make December 20 work.

| Witness | Date |
|---|---|
| Mark Valentine | December 3 |
| Rob Chang | December 9, 10, or 11 (confirming with Mr. Chang's attorney) |
| Kurt Kalbfleisch | December 12 |
| Patricia Trompeter | December 17 |
| Chris Ensey | December 19 |
| Dan Tolhurst | December 20 |

I should not that this chart does not include the depositions of Brian Chase or Kroll. I am guessing we can complete those in January.

Regards,
Will

---

**From:** Winter, William <william.winter@hoganlovells.com>
**Sent:** Friday, November 15, 2024 12:51 PM
**To:** Greg Wolfe <greg@dnfllp.com>
**Cc:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; David Moosmann <dmoosmann@dnfllp.com>; Galt, Gwendolyn <gwendolyn.galt@hoganlovells.com>
**Subject:** Re: Chang Deposition

Dennis will be joining the meet and confer at 4.

Regards,

Will

Sent from my iPhone

William C. Winter
Associate
Hogan Lovells US LLP
Mobile: (332) 867-4554

On Nov 15, 2024, at 12:49 PM, Greg Wolfe <greg@dnfllp.com> wrote:

**[EXTERNAL]**
Are you joining the meet-and-confer or are you calling separately?

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Sent:** Friday, November 15, 2024 12:45 PM
**To:** Greg Wolfe <greg@dnfllp.com>; Winter, William <william.winter@hoganlovells.com>; David Moosmann <dmoosmann@dnfllp.com>
**Cc:** Galt, Gwendolyn <gwendolyn.galt@hoganlovells.com>
**Subject:** RE: Chang Deposition

Greg:  I'll call you this afternoon.

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Friday, November 15, 2024 11:37 AM
**To:** Winter, William <william.winter@hoganlovells.com>; David Moosmann <dmoosmann@dnfllp.com>
**Cc:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Galt, Gwendolyn <gwendolyn.galt@hoganlovells.com>
**Subject:** RE: Chang Deposition

**[EXTERNAL]**
Will –

I anticipate that depositions will be spilling into January, as it does not work for my schedule to have every deposition be taken in December or the schedule of Mr. Chase and potentially other witnesses.  If Gryphon wanted depositions to be wrapped up, then it would have produced Mr. Chang as noticed.  Instead, it asked me for an accommodation that he not sit for his deposition on November 11, which I gave.  I have given prior accommodations to the schedule when you asked for them.  I thus find it surprising that Gryphon would now not want to accommodate my own schedule given that its failure to produce Mr. Chang when agreed upon is the author of this situation.

What caused the schedule to be jumbled is that you asked me to move Mr. Chang's deposition less than a week before I was to take it. I am not insisting Mr. Chang go first; rather, I am holding the parties to their agreement that he be the first party witness. I am not going to let you use Mr. Chang's impermissible unwillingness to sit for a deposition and Dennis's own schedule (which you have no trouble asking accommodations for) to gain an advantage, sandbag me or make it inconvenient other witnesses.

I just got off the phone with Mr. Chang's "counsel," who informed me he has *only* been retained to interface with Hogan Lovells and has not yet otherwise been retained to represent Mr. Chang in this matter. According to "counsel," he has done no work to prepare Mr. Chang as of yet even though Mr. Chang was terminated months ago. I received no assurance that, if Mr. Chang left the Board, he would appear for a deposition. Mr. Chang does not appear to be serious about preparing with independent counsel. It is apparent Gryphon is using this situation tactically.

As it stands, I expect Mr. Chang to show up for his deposition on the date noticed.

You or Dennis can feel free to call me.

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Winter, William <william.winter@hoganlovells.com>
**Sent:** Friday, November 15, 2024 11:00 AM
**To:** Greg Wolfe <greg@dnfllp.com>; David Moosmann <dmoosmann@dnfllp.com>
**Cc:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Galt, Gwendolyn <gwendolyn.galt@hoganlovells.com>
**Subject:** RE: Chang Deposition

Greg,

We plan to propose dates for a majority of the witnesses by EOD. We do not want depositions spilling into January. Our goal is to get all of these depositions completed in December. Further, as we've already shared, Dennis has a scheduled arbitration during the week of Dec. 2 thru 6. We think it will make sense for Rob to sit for his deposition during the week of Dec. 9 thru 13, but want to make sure that works for Mr. Chang's counsel.

Again, to be clear, we have offered to proceed with the depositions of Gryphon's witnesses other than Rob Chang, but you have rejected that offer and continue to insist that Mr. Chang's deposition go first in the line-up. That is what is holding this up.

Regards,
Will

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Friday, November 15, 2024 9:50 AM
**To:** Winter, William <william.winter@hoganlovells.com>; David Moosmann <dmoosmann@dnfllp.com>
**Cc:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Galt, Gwendolyn

<gwendolyn.galt@hoganlovells.com>
**Subject:** RE: Chang Deposition

[EXTERNAL]
Will –

I have reached out to David twice now, but it ultimately remains the Company's responsibility to produce him on the date noticed or one of the many alternative dates I offered. In addition to the dates I previously offered, I can also offer December 4.

As requested, please send us dates for your witnesses. Given witness schedules (including Mr. Chase's) and our own schedules, it looks like this will wind up stretching into January but we would at least like to take Mr. Tolhurst's deposition before Christmas, so please let us know his availability.

Thanks,

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Winter, William <william.winter@hoganlovells.com>
**Sent:** Thursday, November 14, 2024 11:25 AM
**To:** Greg Wolfe <greg@dnfllp.com>; David Moosmann <dmoosmann@dnfllp.com>
**Cc:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Galt, Gwendolyn <gwendolyn.galt@hoganlovells.com>
**Subject:** RE: Chang Deposition

Greg,

Please see the contact details below for Mr. Chang's legal counsel. Given that Mr. Chang just secured new counsel, we don't believe we can confirm a date for his deposition. If you're willing, we're happy to discuss locking down dates for the other witnesses. I think we can realistically proceed with those other depositions between December 9 and 20.

Regards,
Will

David I. Greenberger, Esq.
**BAILEY DUQUETTE P.C.**
104 Charlton Street
Suite 1W
New York, NY 10014
O: (212) 658-1946 ext. 204
M: (646) 633-2987
F: (866) 233-5869
david@baileyduquette.com
www.baileyduquette.com

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Wednesday, November 13, 2024 8:38 AM
**To:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Winter, William <william.winter@hoganlovells.com>
**Cc:** David Moosmann <dmoosmann@dnfllp.com>
**Subject:** Re: Chang Deposition

[EXTERNAL]
Thanks. Please send dates on your end.


**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Sent:** Wednesday, November 13, 2024 7:38:25 AM
**To:** Greg Wolfe <greg@dnfllp.com>; Winter, William <william.winter@hoganlovells.com>
**Cc:** David Moosmann <dmoosmann@dnfllp.com>
**Subject:** RE: Chang Deposition

Greg:  Those dates work for us.

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Tuesday, November 12, 2024 6:07 PM
**To:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Winter, William <william.winter@hoganlovells.com>
**Cc:** David Moosmann <dmoosmann@dnfllp.com>
**Subject:** RE: Chang Deposition

[EXTERNAL]
Kurt can do December 12 and Patti December 17.  Let me know if that works.

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Sent:** Monday, November 11, 2024 8:10 PM
**To:** Greg Wolfe <greg@dnfllp.com>; Winter, William <william.winter@hoganlovells.com>
**Cc:** David Moosmann <dmoosmann@dnfllp.com>
**Subject:** RE: Chang Deposition

Greg: I will be in an arbitration hearing from Dec 2 – 6 but can be flexible after that.   Dennis

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Monday, November 11, 2024 6:37 PM
**To:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>; Winter, William <william.winter@hoganlovells.com>
**Cc:** David Moosmann <dmoosmann@dnfllp.com>
**Subject:** RE: Chang Deposition

[EXTERNAL]
Dennis –

In light of what has transpired, I am attaching an amended notice designating Rob's in-person deposition for November 26. I am willing to move his deposition to November 25 or the first week of December (i.e., Dec. 3, 5, or 6). I am not willing to make further accommodations, as we have a longstanding agreement that Rob would be the first party deposition and I do not see how we will finish depositions by Christmas unless he sits within this timetable.

I view Rob's unwillingness to sit for a deposition as a delay tactic. Rob has had since September 17 to retain separate counsel, yet he has not for two months even though he knew he would be deposed in mid-November. Rob is a director of the company and it is the company's responsibility to produce him. I am not aware of any authority that he is entitled to prepare for a deposition with separate counsel or that his own counsel will even have a right to object at the deposition. You asked in your email "what do you expect me to do." I expect you to produce a company witness for a properly noticed deposition.

This is not something I relish: I am all for accommodating parties, witnesses, and attorneys and I have been very accommodating in this instance. Indeed, I already agreed on short notice to move Rob's deposition from November 12 to November 11 and then agreed to delay Rob's deposition from November 11 to give him time to hire and prepare with his own counsel. You informed me on November 5 that Rob was seeking to prepare with alternate counsel. By any measure, Rob will have had ample time to secure and prepare with new counsel.

If Rob cannot be produced within this time table, I question whether Gryphon is serious about moving forward with and defending this case. And if Rob refuses to sit, he and Gryphon can deal with the consequences.

I am working on getting new deposition dates from my side based on this time table. Please provide new dates from your side too. If we proceed with December 3 for Rob, we will have to move Mr. Valentine's deposition.

Best,

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Sent:** Monday, November 11, 2024 12:20 PM

**To:** Greg Wolfe <greg@dnfllp.com>; Winter, William <william.winter@hoganlovells.com>
**Subject:** RE: Chang Deposition

Greg:   I don't know what you would like us to do.  Rob has concluded that he needs separate counsel in this case due to his dispute with the company.   He is currently in the process of hiring counsel, which as you know takes time.   We cannot force him to appear for a deposition without counsel if he believes (as he does) that there is a conflict.  We have requested that he proceed promptly and to keep us informed.  This has caused a delay in his deposition date which is unavoidable, unfortunately.   Your comment that it is holding the entire case hostage is not strictly true:  we have offered to proceed with the other depositions in the meantime, but you have rejected that offer.    With respect to your request for an agreement that Rob will appear for a deposition in the event he separates from the company, we are happy to have that conversation with him but cannot do so without the input of his personal lawyer.   We will continue to stay in touch with Rob and request that he move expeditiously.   I don't know what else we can do.   Please let me know if it would be helpful to discuss this in a call.   Dennis

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Monday, November 11, 2024 12:07 PM
**To:** Winter, William <william.winter@hoganlovells.com>; Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Subject:** RE: Chang Deposition

**[EXTERNAL]**
Will/Dennis –

I cannot accept that as an answer.  It allows a single party witness to hold hostage the entire case.  Rob is a party witness.  He does not get to dictate the schedule or have an entitlement to his own counsel.  Also, I do not have a commitment from you that he will appear even if he separates from the Company.  Please go back to him today and let me know a date certain and secure the commitment I asked for.

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Winter, William <william.winter@hoganlovells.com>
**Sent:** Monday, November 11, 2024 11:04 AM
**To:** Greg Wolfe <greg@dnfllp.com>; Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Subject:** RE: Chang Deposition

Greg,

We've had a brief discussion with Rob. He's in the process of securing new counsel. Once we know the identity of Rob's new counsel, we will provide that information to you. We currently don't have that information. We've emphasized to Rob the importance of proceeding quickly.

Regards,
Will

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Monday, November 11, 2024 10:10 AM
**To:** Winter, William <william.winter@hoganlovells.com>; Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Subject:** RE: Chang Deposition

[EXTERNAL]
We have December schedules rapidly filling me up.  Please update me ASAP.

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Winter, William <william.winter@hoganlovells.com>
**Sent:** Thursday, November 7, 2024 7:16 PM
**To:** Greg Wolfe <greg@dnfllp.com>; Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Subject:** RE: Chang Deposition

Greg,

We have a call with Rob tomorrow morning with new management. We will share an update with you as soon as we have one. Thank you.

Best,
Will

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Thursday, November 7, 2024 10:08 AM
**To:** Winter, William <william.winter@hoganlovells.com>; Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Subject:** RE: Chang Deposition

[EXTERNAL]
Any update?  As discussed, I am always inclined to work out depositions that are convenient for the parties.  Rob stating the deposition cannot go forward because he needs to prepare with his own counsel a week before he was scheduled to be deposed stretches that—it costs money to prepare and re-prepare—but I'd rather work out something consensually.

That said, Rob can't indefinitely stonewall here.  Rob was terminated back in September and knew he would be deposed in November, so it is outrageous that he is holding up the case like this.  At a certain point, which you can convey to him, if he refuses to cooperate, I will insist he appear on a date for a deposition—ready or not—and he can deal with the consequences of not appearing.

As far as other depositions, I spoke to my client and our view is Rob still needs to go first.  We can keep Mark on for Dec. 3rd but, unfortunately, I think we need to scrap the rest of the schedule.  This makes it imperative that Rob cooperate in scheduling here and also provide assurance that, no matter what, he will appear for a deposition even if he resigns or leaves the Board before the deposition date.  I really do not want this to bleed into Christmas.

Can the Company please also provide assurance that, if it somehow compels Rob leaving the Board or reaches a settlement with Rob that involves him leaving the Board, it will ensure his availability for a deposition?  I explained this yesterday, and I'm sure you understand the issue, but I want to reiterate it.  If Rob leaves the Board, and while I reserve all rights, I fear I will not have a clean means of deposing him.  I need to know the Company is not going to expel him before the deposition (thus potentially putting him beyond the reach of a party deposition) or negotiate a settlement with him that involves him leaving the Board without also appearing.

Thanks,

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Winter, William <william.winter@hoganlovells.com>
**Sent:** Wednesday, November 6, 2024 11:30 AM
**To:** Greg Wolfe <greg@dnfllp.com>; Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Subject:** RE: Chang Deposition

Just followed up again. I'll let you know as soon as we know.

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Wednesday, November 6, 2024 11:11 AM
**To:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Cc:** Winter, William <william.winter@hoganlovells.com>
**Subject:** RE: Chang Deposition

[EXTERNAL]
Have you heard?

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Sent:** Tuesday, November 5, 2024 5:37 PM
**To:** Greg Wolfe <greg@dnfllp.com>
**Cc:** Winter, William <william.winter@hoganlovells.com>
**Subject:** RE: Chang Deposition

Greg:  We've asked for the contact details and will provide them to you when we receive them.    Let's both have a call with his counsel to iron out the details.

**From:** Greg Wolfe <greg@dnfllp.com>
**Sent:** Tuesday, November 5, 2024 5:29 PM
**To:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Cc:** Winter, William <william.winter@hoganlovells.com>
**Subject:** RE: Chang Deposition

**[EXTERNAL]**
Unfortunate.  Let me discuss with my client and I'll get back to you tomorrow.  Yes, we will go forward with joe regardless.

Who is new counsel?  I need a commitment that, even if Rob drops from the Board, he will still show up for a U.S. deposition.  I'm sure you can understand but I don't think you can bind him on this.

**Greg Wolfe**
Partner
Dontzin Nagy & Fleissig LLP
31 East 62nd Street
New York, NY 10065
O: (212) 717-2900 | M: (917) 282-9481
greg@dnfllp.com

**From:** Tracey, Dennis H. <dennis.tracey@hoganlovells.com>
**Sent:** Tuesday, November 5, 2024 5:26 PM
**To:** Greg Wolfe <greg@dnfllp.com>
**Cc:** Winter, William <william.winter@hoganlovells.com>
**Subject:** Chang Deposition


Greg:  As you are aware, Rob Chang has engaged separate counsel to represent him in his deposition.    It is our understanding that his new counsel is not available on the currently scheduled date of November 11, so we will need to reschedule.  I also expect that Rob's new counsel will need a reasonable time to get up to speed, so that will impact the date of the deposition.

Given these developments, please let us know how you would like to proceed.  In the past, you have insisted that Rob's deposition take place before other party depositions.  If that is your position, I expect we will need to push all party depositions to December.   Alternatively, we can proceed with the other depositions and schedule Rob's when his counsel is available.    We assume we will go forward with Wall's deposition regardless.    Happy to discuss live if easier.

**Dennis H. Tracey, III**
One Americas Operations Partner

—
**Hogan Lovells US LLP**
390 Madison Avenue
New York, NY 10017

Direct:    +1 212 918 3524
Mobile:   +1 917 628 3438
Email:    dennis.tracey@hoganlovells.com

—

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

PRIVACY. Hogan Lovells processes personal data, including data relating to email communications, in accordance with the terms of its privacy policy which is available at www.hoganlovells.com/en/privacy.