

November 22, 2024

**VIA ECF**

Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1660
New York, NY 10007-1312

      Re:    *Sphere 3D Corp. v. Gryphon Digital Mining, Inc.*, 1:23-cv-02954

Dear Judge Figueredo:

      On behalf of Gryphon,[1] we write in response to Sphere's letter of November 19, 2024 (the "Letter"). Sphere's Letter seeks a discovery conference for leave to file a motion seeking an order compelling Gryphon to produce "all documents and communications" concerning:

(1) Mr. Chang's termination, including, without limitation, documents and communications related to the reason(s) why Chang was terminated "for cause."

(2) Mr. Salzman's previously announced departure from Gryphon, including, without limitation, documents and communications related to the reason(s) why Mr. Salzman was to leave Gryphon.

(3) Mr. Salzman's decision to remain at Gryphon notwithstanding his previously announced departure, including, without limitation, documents and communications related to the reason(s) why it was decided that Mr. Salzman would remain at Gryphon.

ECF. 109-1 at RFP Nos. 35, 39, and 40. The discovery should be denied for the following reasons. As a threshold matter, Gryphon has never taken the position that Sphere cannot take reasonable and targeted discovery relating to the employment status of Messrs. Chang and Salzman. However, as discussed below, Sphere's argument that the employment actions relate to Sphere or the Management Services Agreement (the "MSA") are pure conjecture and not a valid basis for wide ranging discovery. In its Letter, Sphere acknowledges that this is a collateral issue involving personnel matters, and any discovery should be limited and proportionate. As Sphere also concedes, Gryphon has already produced the communications between Sphere and Messrs. Chang

---

[1]     Capitalized terms have the meaning ascribed in the Letter unless otherwise noted. No conference is presently set before the Court.

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Berlin Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Shanghai FTZ. Business Service Centers: Johannesburg Louisville. For more information see www.hoganlovells.com
\\4154-5729-5445  v1

and Salzman, and all formal documentation of their relationships with the company. What Gryphon disputes is Sphere's effort to require Gryphon to undertake a whole new round of forensic document collection and production for this limited issue after the parties have already spent six months and expended significant expense on substantial completion of document discovery. Gryphon submits that the appropriate and proportional approach to this issue is for Sphere to ask Mr. Chang (and any other witness) under oath for any information related to their employment status. If the testimony discloses any relationship between their employment status and any Sphere issue, further document discovery can be requested.

However, based on the current record, Sphere's discovery requests should be denied. *First*, the demands are "based on pure speculation that amount to nothing more than a fishing expedition." *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004); *see also Walsh v. Top Notch Home Designs Corp.*, 2022 WL 3300190, at *6 (E.D.N.Y. Aug. 11, 2022) ("[F]ishing expeditions are not allowed when premised on mere speculation of what may come up in the production."). Indulging in rank speculation, Sphere sets out three reasons for why it thinks it is entitled to Gryphon's personnel files: first, that "it is plausible" Mr. Chang's termination also related to the MSA; second, that Mr. Chang has "spoliated relevant evidence" (*Id*. at 2-3); finally, that the "circumstances" of Gryphon's personnel decisions are relevant to the "potential bias or prejudice" of its witnesses. *Id*. at 2.

Sphere's claim that "it is plausible" that Mr. Chang's termination related to the MSA is the exact kind of speculative gloss that weighs against granting additional discovery, particularly at this late-stage in fact discovery. *In re Vitamin C Antitrust Litig*., 2013 WL 504257 (E.D.N.Y. Feb. 8, 2013) (denying plaintiff's motion to compel document production because parties were in a "late stage of the litigation" and the documents had "marginal relevance to the matters at the core of this litigation."). Further, Sphere's accusations that Mr. Chang has "spoliated relevant evidence" are false and irresponsible.[2] To date, Sphere has not come forward with a shred of evidence suggesting that Mr. Chang has spoliated any evidence.[3] Sphere's claim that the "potential bias or prejudice" of Gryphon's witnesses justifies discovery into the company's personnel files should also not be credited. Notably, Mr. Salzman only became Gryphon's CFO in June 2023 – months after Sphere filed its lawsuit – and Sphere has never even sought to depose him.

Likewise, the cases that Sphere claims support its entitlement to the personnel files of Gryphon's officers are factually distinguishable on their face. For example, in *Trireme Energy*

---

[2] During the parties' meet-and-confer on November 15, 2024, the undersigned updated Sphere's counsel on Gryphon's additional efforts to collect messaging chats from Mr. Chang's old phone, which was inadvertently left out of Gryphon's initial data collection. The undersigned shared that Gryphon had imaged Mr. Chang's old phone and was in the process of identifying and collecting any additional messaging chats that had not been reviewed and produced. The undersigned also shared that an update on this new collection was expected during the week of November 24 and that Gryphon would provide an update on this collection once it had more information. Rather than wait for that update, Sphere decided to hurl accusations of spoliation.

[3] Sphere also accuses Mr. Chang of committing "fraud." *See* Ltr. at 2 n. 2. Given that Sphere provides no evidentiary support for this allegation, Gryphon will not respond but fully reserves its rights to respond in the future.

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Berlin Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Munich New York Northern Virginia Paris Philadelphia Riyadh Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington, D.C. Associated Offices: Budapest Jakarta Shanghai FTZ. Business Service Centers: Johannesburg Louisville. For more information see www.hoganlovells.com

*Holdings, Inc.*, the Court granted discovery into the circumstances of the departure of the defendant's president only after the defendant had placed the president's "departure 'at issue'" in a deposition. *Innogy Renewables US LLC*, 2022 WL 621957, at *1 (S.D.N.Y. Mar. 3, 2022).  In *Bolia,* the Court allowed the use of personnel files "containing documents referencing complaints of sexual harassment" in an employment discrimination case to impeach the defendant's current president after the president testified that he had never been involved in a workplace harassment complaint. *Mercury Print Prods., Inc.*, 2004 WL 2526407, at *1 (W.D.N.Y. Oct. 28, 2004).  Sphere's reliance on *Brown v. City of New York* fares no better. 2011 WL 4594276, at *2 (E.D.N.Y. Sept. 30, 2011).  *Brown* involved a federal civil action under § 1983 alleging excessive force and planting of evidence.  There, the Court granted the plaintiff's motion to compel the production of an internal investigation file that contained identical allegations that certain of the defendant officers had previously used excessive force and lied about finding drugs on the complainant's person.  In short, the reasons that the Court granted discovery into the personnel files of a party in those cases is not implicated here.

*Second,* Sphere's latest discovery demands fail on proportionality and burden grounds.  Importantly, Gryphon already agreed to produce documents responsive to Sphere's latest demands that were centrally located and, therefore, readily identifiable.  During multiple meet-and-confers and subsequent correspondence between the parties – tellingly omitted from the Letter – Gryphon sought to reach compromise by agreeing to produce consulting and employment agreements, formal communications, and board-level documents relating to Mr. Chang's employment termination and Mr. Salzman's decision to remain with the company. ECF No. 111-1 at 2-3.  Not satisfied, Sphere rejected this compromise.

To date, Gryphon has produced approximately 36,000 and reviewed over 72,000 of its own documents through discovery in this action – nearly double the volume of documents that Sphere's counsel has suggested is an appropriate number of documents to review in this action.[4]  Now, after Gryphon has engaged in extensive discovery collections, reviews, and productions, Sphere's latest demands would require the parties to negotiate new search terms, identify custodians, and engage in another electronic collection.  It would be disproportionate to force Gryphon to embark on yet another round of electronic collection at this late stage that will pile on more costs for issues of, at best, marginal relevance.

We thank the Court for its attention to this matter.

Respectfully Submitted,

*/s/ Dennis H. Tracey, III*

---

[4]   ECF No. 111-2 at 40:10-13 (Mr. Wolfe: Our expectation is that Gryphon will review around the same number of documents that we will, ultimately, where we're hoping to land somewhere around 40,000.).

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante  Amsterdam  Baltimore  Berlin  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices: Budapest  Jakarta  Shanghai FTZ.  Business Service Centers:  Johannesburg  Louisville.  For more information see www.hoganlovells.com